UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
─────────────────────────────────────────── x
TIMOTHY MORGAN, Individually and On Behalf of  )
All Others Similarly Situated,                 )
                                               )  Civil Docket for Case No.:
               Plaintiff,                      )  1:03-CV-12529-JLT
                                               )
       v.                                      )
                                               )
NETWORK ENGINES, INC., JOHN CURTIS,            )  Hon. Joseph L. Tauro
DOUGLAS G. BRYANT and LAWRENCE A.              )
GENOVESI,                                      )
                                               )
               Defendants.                     )
─────────────────────────────────────────── x
```
*(Additional captions on following page)*

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE O'NEIL GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF PROPOSED LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

| | |
|---|---|
| ─────────────────────────────────────── x<br>GORDON A. PRICE, On Behalf of Himself and )<br>All Others Similarly Situated, )<br>                                                )<br>               Plaintiff, )<br>                                                )<br>    v. )<br>                                                )<br>NETWORK ENGINES, INC., JOHN CURTIS, )<br>DOUGLAS G. BRYANT and LAWRENCE A. )<br>GENOVESI, )<br>                                                )<br>               Defendants. )<br>─────────────────────────────────────── x | Civil Docket for Case No.:<br>1:04-CV-10008-MLW<br><br>Hon. Mark L. Wolf |
| EDWIN POWELL MILLER, Individually and On Behalf )<br>of All Others Similarly Situated, )<br>                                                )<br>               Plaintiff, )<br>                                                )<br>    v. )<br>                                                )<br>NETWORK ENGINES, INC., JOHN CURTIS, )<br>DOUGLAS G. BRYANT and LAWRENCE A. )<br>GENOVESI, )<br>                                                )<br>               Defendants. )<br>─────────────────────────────────────── x | Civil Docket for Case No.:<br>1:04-CV-10022-JLT<br><br>Hon. Joseph L. Tauro |
| DAVID DUBROW, Individually and On Behalf of )<br>All Others Similarly Situated, )<br>                                                )<br>               Plaintiff, )<br>                                                )<br>    v. )<br>                                                )<br>NETWORK ENGINES, INC., JOHN CURTIS, )<br>DOUGLAS G. BRYANT and LAWRENCE A. )<br>GENOVESI, )<br>                                                )<br>               Defendants. )<br>─────────────────────────────────────── x | Civil Docket for Case No.:<br>1:04-CV-10096-JLT<br><br>Hon. Joseph L. Tauro |

| | |
|---|---|
| ─────────────────────────── x<br>KEVIN DENHA, Individually and On Behalf of )<br>All Others Similarly Situated, )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　v. )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>NETWORK ENGINES, INC., JOHN CURTIS, )<br>DOUGLAS G. BRYANT and LAWRENCE A. )<br>GENOVESI, )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　Defendants. )<br>─────────────────────────── x | Civil Docket for Case No.:<br>1:04-CV-10228-JLT<br><br>Hon. Joseph L. Tauro |
| ─────────────────────────── x<br>WING KAM YU, On Behalf of Himself and )<br>All Others Similarly Situated, )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　v. )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>NETWORK ENGINES, INC., JOHN CURTIS, )<br>DOUGLAS G. BRYANT and LAWRENCE A. )<br>GENOVESI, )<br>　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　Defendants. )<br>─────────────────────────── x | Civil Docket for Case No.:<br>1:04-CV-10238-DPW<br><br>Hon. Douglas P. Woodlock |

**Preliminary Statement**

Movant, The O'Neil Group[1], ("Movant" or "O'Neil Group"), respectfully submits this memorandum in support of the motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an order (i) consolidating the related actions; (ii) appointing Movant as Lead Plaintiff of the class of purchasers of the securities of Network Engines, Inc. ("Network Engines" or the "Company") as defined below, and (iii) approving Movant's selection of Goodkind Labaton Rudoff & Sucharow LLP ("Goodkind Labaton") as lead counsel for the class.

**The Movant**

The O'Neil Group purchased Network Engines shares during the period November 6, 2003 through December 10, 2003, inclusive, (the "Class Period")[2], and has suffered a loss of $87,927 in the investment as a result of the securities law violations alleged in the actions. See Certifications annexed as Exhibit A to the Keller Declaration. Thus, Movant has a significant financial interest in the outcome of the actions and should be appointed lead plaintiff.

**The Defendants**

Network Engines is a provider of server appliance hardware and custom integration services. The Company is focused on partnering with independent software vendors (ISVs) and original equipment manufacturers (OEMs) to provide these strategic partners with server

---

[1] The individuals comprising this group are John O'Neil and Keith McPherson. See, Certification of John O'Neil and Certification of Keith McPherson, annexed as Exhibit A to the Declaration of Christopher J. Keller ("Keller Decl.") filed herewith.

appliance hardware, integration services and appliance development, deployment and support to allow these strategic partners to deliver turnkey solutions to their end user customers.

Defendant John Curtis was, at all relevant times, Network Engines' President and Chief Executive Officer. Defendant Douglas G. Bryant was, at all relevant times, Network Engines' Chief Financial Officer ("CFO") and Vice President, Finance and Administration. Defendant Lawrence A. Genovesi was, at all relevant times, a founder of Network Engines and the Chairman of its Board of Directors. He also previously served as the Company's President, Chief Executive Officer and Chief Technology Officer.

**The Claims Asserted**

The complaints allege that Defendants violated Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934, and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission.

The complaints allege that Defendants' favorable Class Period representations regarding their business were materially false and misleading because they failed to disclose that the Company's agreement with its largest customer, EMC Corporation ("EMC"), accounting for over 47% of its total 2003 revenues, was being renegotiated and that EMC was demanding terms that would materially and negatively impact Network Engines' profitability. Instead of disclosing the highly material fact that a key customer was pushing for concessions that would be harmful to the Company, and difficult to effectively resist given EMC's tremendous clout in the negotiations, Defendants falsely represented that its strong growth in 2003 marked a "dramatic turnaround for Network Engines," and that such growth was sustainable and expected to continue in 2004.

2

On December 10, 2003, the Company announced, along with other items, that it had renegotiated its distribution contract with EMC. The amendment to the contract would negatively impact the Company's results. In reaction to this belated disclosure, the price of Network Engines common stock plummeted, falling $3.92 per share to close at $6.10 per share, a one day drop of 39%, on unusually heavy trading volume that was more than a dozen times its average daily trading volume for the preceding three months.

As discussed below, Movant satisfies each of the requirements set forth in the PSLRA and is qualified for appointment as lead plaintiff for the class in the actions. Movant also seeks approval by this Court of its selection of lead counsel for the class.

## ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA, which applies to this case, requires the Court to consider any motion to consolidate prior to deciding a motion for appointment of lead plaintiff. See Exchange Act § 21D(a)(3)(B)(ii). Rule 42 of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation," Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir.), cert. denied, 498 U.S. 920 (1990), and in deciding whether to consolidate actions, "a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." Takeda v. Turbodyne Techs., Inc., 67 F. Supp. 2d 1129, 1133 (N.D. Cal. 1999). "In securities actions where the complaints are based on the same public

3

statements and reports, consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced." Werner v. Satterlee, Stephens, Burke & Burke, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (internal quotation marks omitted).

Presently pending in this District are the following six related securities class actions:

| Abbreviated Case Name | Civil Action Number | Date Filed |
| --- | --- | --- |
| *Morgan v. Network Engines Inc., et al.* | 1:03-CV-12529-JLT | 12/17/03 |
| *Price v. Network Engines Inc., et al.* | 1:04-CV-10008-MLW | 1/05/04 |
| *Miller v. Network Engines Inc., et al.* | 1:04-CV-10022-JLT | 1/06/04 |
| *Dubrow v. Network Engines Inc., et al.* | 1:04-CV-10096-JLT | 1/15/04 |
| *Denha v. Network Engines Inc., et al.* | 1:04-CV-10228-JLT | 2/03/04 |
| *Yu v. Network Engines Inc., et al.* | 1:04-CV-10238-DPW | 2/03/04 |

These actions appear to involve common questions of law and fact and present similar claims for relief against essentially the same defendants, based upon a single course of conduct on behalf of persons or entities who purchased or otherwise acquired Network Engines securities during the class period. See In re PRI Automation, Inc., Secs. Litig., 145 F. Supp. 2d 138, 140 (D. Mass. 2001); Osher v. Guess?, Inc., No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *8-9 (C.D. Cal. Apr. 26, 2001). The actions should therefore be consolidated.

### B. MOVANT SHOULD BE APPOINTED AS LEAD PLAINTIFF FOR THE CLASS IN THE CONSOLIDATED ACTION

#### 1. The Procedure Mandated by the PSLRA For Appointment Of Lead Plaintiff

The PSLRA amended the Exchange Act by adding new Section 21D to the Exchange Act, codified as 15 U.S.C. § 78u-4. This section establishes a procedure for the appointment of a "lead plaintiff" in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Exchange Act § 21D(a)(1).

4

*First*, the plaintiff who files the first action shall publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  Exchange Act § 21D(a)(3)(A)(i).  The first such notice was published on December 16, 2003.  See Keller Decl. Ex. B.

*Second*, within 90 days after the publication of the notice of pendency, or as soon as practicable after the consolidation of multiple related cases if consolidation occurs after the expiration of the 90-day period, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  Exchange Act § 21D(a)(3)(B)(i).

The PSLRA provides the following standard for determining who is the "most adequate plaintiff":

> [T]he court shall adopt a … presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice [within 60 days of publication of the notice];
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Exchange Act § 21D(a)(3)(B)(iii)(I); see Weltz v. Lee, 1999 F.R.D. 129, 132 (S.D.N.Y. 2001); In re Cavanaugh, 306 F.3d 726, 729-30 (9th Cir. 2002).  As set forth below, Movant is the "most adequate plaintiff" here.

5

### 2. Movant Satisfies The Lead Plaintiff Requirements Of The PSLRA

(a) Movant Has Complied With the Procedural Requirements of the PSLRA

The 60-day period under the PSLRA in which motions for appointment as lead plaintiff must be filed expires on February 17, 2004. With this motion, Movant has moved within the statutory 60-day period.

As required by the PSLRA, Movant has provided a Certification that sets forth the transactions in Network Engines securities during the Class Period. This Certification also indicates that Movant has reviewed a complaint filed in the actions, understands the responsibilities of serving as lead plaintiff and is willing to serve as a representative party on behalf of the class. See Certifications, Keller Decl. Ex. A. In addition, Movant has retained competent and experienced counsel. See Firm Resume, Keller Decl. Ex. C. As noted in their firm resume, Goodkind Labaton is experienced and enjoys an excellent reputation for successfully prosecuting class claims under the federal securities laws. Additional information about Goodkind Labaton is available on the firm's website, www.glrslaw.com.

(b) Movant Has The Largest Financial Interest In The Relief Sought By the Class

Movant is presumptively the most adequate plaintiff because it appears to have the largest financial interest in the relief sought of any class member that has come forward or will come forward as a proposed lead plaintiff. Courts, in applying the PSLRA, have noted that the "largest financial interest" standard should be viewed broadly in terms of (1) the number of shares purchased during the class period, (2) the number of net shares purchased during the class period, (3) the net funds expended during the class period, and (4) the approximate losses suffered by the plaintiff from the alleged fraud. See Schulman v. Lumenis, Ltd., 02 Civ. 1989

6

(DAB), 2003 U.S. Dist. LEXIS 10348, at *18 (S.D.N.Y., June 17, 2003); <u>In re Critical Path, Inc. Secs. Litig.</u>, 156 F. Supp. 2d 1102, 1107 (N.D. Cal. 2001); <u>In re McKesson HBOC, Inc. Secs. Litig.</u>, 97 F. Supp. 2d 993, 995 (N.D. Cal. 1999); <u>see also</u> <u>Gluck v. CellStar Corp.</u>, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

During the proposed Class Period, Movant purchased Network Engines shares as reflected in the certifications, and Movant's losses, as limited by the PSLRA, are $87,927. <u>See</u> Certifications, Keller Decl. Ex. A. Movant has consulted with counsel, understands the responsibilities of serving as lead plaintiff, and is prepared to participate in the litigation and effectively monitor counsel throughout the litigation. As of the date hereof, neither Movant nor counsel have received any motion or other notice by a plaintiff or putative class member who claims to have suffered greater losses during the Class Period than those claimed here. Accordingly, Movant satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act.

      (c)  Movant Otherwise Satisfies
            the Requirements of Rule 23

In addition to satisfying the requirements set forth above, a lead plaintiff must fulfill the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) provides that a party may serve as a class representative only if the following four prerequisites are met:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only Rule 23 prerequisites that are relevant in appointing the lead plaintiff. <u>See</u> <u>In re Oxford Health Plans, Inc. Secs. Litig.</u>, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); <u>Armour v. Network Assocs., Inc.</u>, 171 F.

7

Supp. 2d 1044, 1051-52 (N.D. Cal. 2001); <u>Takeda v. Turbodyne Techs., Inc.</u>, 67 F. Supp. 2d 1129, 1131-35 (C.D. Cal. 1999).  This interpretation is supported by the PSLRA, which provides that the most adequate plaintiff presumption may be rebutted only by proof that a plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Movant purchased Network Engines shares during the Class Period: (a) at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants, and (b) were damaged by Defendants' alleged violations of the federal securities laws.  Thus, Movant's claims meet the typicality requirement, since questions of liability are common to all proposed class members.  <u>See</u> <u>Mullen v. Treasure Chest Casino, LLC</u>, 186 F.3d 620, 625 (5th Cir. 1999) (typicality requirement "is not demanding" and "[i]t focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent"), <u>cert. denied</u>, 528 U.S. 1159 (2000).

Movant is also an adequate representative of the class.  The "adequacy" requirement of Rule 23 is measured by a two-pronged test.  The moving party must show that the plaintiff's attorneys are qualified and experienced, and that the plaintiff does not have interests antagonistic to that of the class.  See <u>Mullen</u>, 186 F.3d at 625-26.  The O'Neil Group has indicated that it will protect the interests of the class, as reflected in the certifications affirming its interest in participating as lead plaintiff over these actions.  <u>See</u> Certifications, Keller Decl. Ex. A.  Movant has also retained counsel with considerable experience in the prosecution of class actions and federal securities law claims.  <u>See</u> Firm Resume, Keller Decl. Ex. C.

8

### C. THE COURT SHOULD APPROVE MOVANT'S CHOICE OF LEAD COUNSEL

Pursuant to Section 21D(a)(3)(B)(v) of the Exchange Act, a movant shall, subject to the approval of the Court, select and retain lead counsel to represent the class. The Movant has selected and retained Goodkind Labaton as lead counsel. Goodkind Labaton is among the preeminent plaintiffs' class action law firms, having taken leading roles in numerous important actions on behalf of defrauded investors. In particular, Goodkind Labaton served as lead counsel for the Connecticut Retirement Plans and Trust Funds in the Waste Management securities litigation, which has resulted in a $457 million cash settlement, the fourth-largest common-fund securities class action settlement ever achieved.

Goodkind Labaton has been appointed as lead counsel in numerous cases brought after the enactment of the PSLRA, including appointments in the following cases:

- In re Transaction Systems Architects, Inc. Securities Litigation, No. 02-cv-00553 (D. Neb.) (representing the Genesee County Employees' Retirement System);

- In re JDS Uniphase Corporation Securities Litigation, Master File No. C 02-1486 CW (N.D. Cal.) (representing the Connecticut Retirement Plans and Trust Funds);

- Goldfarb v. El Paso Corporation, No. H-01-3717 (S.D. Tex.) (representing Oscar S. Wyatt, Jr., an individual with a $190 million loss);

- In re Luxottica Group S.p.A. Securities Litigation, No. CV 01-3285 (E.D.N.Y.) (representing a major New York investment partnership asserting claims under the Williams Act);

- In re Bristol-Myers-Squibb Securities Litigation, No. 00-1990 (D.N.J.) (representing Amalgamated Bank of New York);

- St. Denis J. Villere & Co. v. Caprock Communications Corp., No. 00-CV-1613-R (N.D. Tex.) (representing a New Orleans money manager with more than $1 billion in assets under management);

- In re Orbital Sciences Corporation Securities Litigation, No. 99-197-A (E.D. Va.) (representing certain New York City pension funds); and

9

- In re Vesta Insurance Group Inc. Securities Litigation, No. CV 98-AR-1407 (N.D. Ala.) (representing the Florida State Board of Administration).

See Firm Resume, Keller Decl. Ex. C; see also In re Waste Mgmt., Inc. Sec. Litig., 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Goodkind Labaton "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"). The Court should therefore approve Movant's selection of lead counsel.

### Conclusion

For the foregoing reasons, Movant respectfully requests that this Court (i) consolidate all related actions; (ii) appoint the O'Neil Group as lead plaintiff in the consolidated action and (iii) approve Movant's selection of Goodkind Labaton to serve as lead counsel for the class.

Dated: February 17, 2004

Respectfully submitted,

**SHAPIRO HABER & URMY LLP**

/s/Theodore Hess-Mahan
Theodore Hess-Mahan (BBO#557109)
75 State Street
Boston, MA 02109
Tel: (617) 439-3939
Fax: (617) 439-0134

**GOODKIND LABATON RUDOFF & SUCHAROW LLP**
Jonathan M. Plasse
Christopher J. Keller
100 Park Avenue
New York, New York 10017
Tel: (212) 907-0700
Fax: (212) 818-0477

*Attorneys for O'Neil Group*
*And Proposed Lead Counsel for the Class*

502509v1
02/13/04 14:28