UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY MORGAN, Individually and on behalf of all others similarly situated, | ) ) Civil Action 1:03 cv 12529 JLT ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NETWORK ENGINES, INC., JOHN CURTIS, DOUGLAS G. BRYANT and LAWRENCE A. GENOVESI, | ) ) ) ) |
| Defendants. | ) |
| EDWIN POWELL MILLER, Individually and On behalf of all others similarly situated, | ) ) Civil Action 1:04 cv 10022 JLT |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| NETWORK ENGINES, INC., JOHN CURTIS, DOUGLAS G. BRYANT and LAWRENCE A. GENOVESI, | ) ) ) ) |
| Defendants. | ) |

Additional Captions to Follow

**MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF THE GUERRERA GROUP TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD AND LIAISON COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS**

| | |
|---|---|
| DAVID DUBROW, Individually and on behalf of all others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NETWORK ENGINES, INC., JOHN CURTIS, DOUGLAS G. BRYANT and LAWRENCE A. GENOVESI, )<br>)<br>)<br>Defendants. ) | Civil Action 1:04 cv 10096 JLT |
| KEVIN DENHA, Individually and On behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NETWORK ENGINES, INC., JOHN CURTIS, DOUGLAS G. BRYANT and LAWRENCE A. GENOVESI, )<br>)<br>)<br>Defendants. ) | Civil Action 1:04 cv 10228 JLT |
| WING KAM YU, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NETWORK ENGINES, JOHN CURTIS and DOUGLAS G. BRYANT, )<br>)<br>Defendants. ) | Civil Action 1:04 cv 10238 JLT |

| | |
|---|---|
| HERBERT A. REITZEL, on behalf of himself and others similarly situated,  )  <br> ) Civil Action 1:04 cv 10288 JLT <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> NETWORK ENGINES, INC., JOHN CURTIS, DOUGLAS G. BRYANT and LAWRENCE A. GENOVESI,  ) <br> ) <br> ) <br> ) <br> Defendants.  ) | |

Lead Plaintiff movants Sergio and Ricardo Guerrera, Donald Drew and Thomas W. Jackson (the "Guerrera Group") respectfully submit this memorandum of law in further support of their motion for consolidation, appointment as lead plaintiffs and for approval of their selection of Lead and Liaison counsel and in opposition to the competing motions.

## PRELIMINARY STATEMENT

Presently pending before this Court are three competing motions, which were filed on or about February 17, 2004.  Each motion consists of groups of investors seeking consolidation of the above-referenced actions, appointment of each group of movants as Lead Plaintiff and approval of each group's respective selection of Lead and Liaison counsel.   The three groups are as follows:  (1) the Guerrera Group; (2) Wing Kam Yu, Blake Kunkel and Thomas Cunningham (the "Yu Group"); and (3) John O'Neil and Keith McPherson (the "O'Neil Group").

The motion of the Guerrera Group should be granted as it has sustained the largest loss of any movant group and is otherwise adequate and typical under Rule 23 for the purposes of this motion.  Moreover, the losses of Ricardo and Sergio Guerrera of the Guerrera Group exceed the losses of any individual member of either the Yu Group or the O'Neil Group (with the losses of Ricardo and Sergio Guerrera <u>alone</u> being greater than the <u>collective</u> losses of either competing groups).  Accordingly, the Court should deny the motions of the Yu Group and the O'Neil Group.

For the reasons set forth herein, it is respectfully submitted that the motion of the Guerrera Group be granted in all respects and that the Court appoint it as lead plaintiff and approve its selection of Cauley Geller Bowman & Rudman, LLP as Lead Counsel and Shapiro, Haber & Urmy as Liaison Counsel.

# POINT I

## THE GUERRERA GROUP HAS THE LARGEST FINANCIAL INTEREST IN THIS LITIGATION AND IS OTHERWISE ADEQUATE AND TYPICAL AND SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D of the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that in securities class actions, "courts shall appoint as lead plaintiff(s) the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  In determining which class member is "the most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the <u>person or group of persons</u> that
>
>> (aa) has either filed the complaint or made a motion in response to a notice...
>>
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C.  § 78u-4(a)(3)(B)(iii)(I).

Here, the Guerrera Group has suffered the largest loss of any movant – collectively, in excess of $152,000.  Indeed, Ricardo and Sergio Guerrera of the Guerrera Group (losses in excess of $113,000), who are relatives, have losses that  exceed the reported losses of any individual member of either the Yu Group or the O'Neil Group. Furthermore, the losses of Ricardo and Sergio Guerrera, alone, are greater than the collective losses of the Yu Group (collectively, in excess of $17,000) and the O'Neil Group (collectively, in excess of $75,000). The following chart sets forth the losses of the movants:

| MOVANT | REPORTED LOSSES |
|---|---|
| Guerrera Group | $152,899.28<br><br>Sergio and Ricardo Guerrera = $113,341.68<br>Donald Drew = $11,636.00<br>Thomas W. Jackson = $27, 291.60 |
| Yu Group | $17,931.20 |
| O'Neil Group | $75,403.84 (the O'Neil Group incorrectly calculated its damages at $87,927) |

Accordingly, by any measure, the Guerrera Group has the largest financial interest of any movant.

Under the PSLRA, once a court finds that a movant has the largest financial interest in the litigation and is otherwise adequate and typical, as is the case with the Guerrera Group here, the court must appoint that plaintiff as lead plaintiff unless the court finds that the movant has not made a *prima facie* showing of adequacy and typicality. *See In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). In this regard, the court in *Cavanaugh* stated:

> [A] straightforward application of the statutory scheme, as outlined above, provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and [should] be limited to determining whether he satisfies the other statutory requirements.

306 F.3d at 732. *See also In re Cendant Corp. Litig.,* 264 F.3d 201, (3d Cir. 2001); *Weltz v. Lee*, 199 F.R.D. 129 (S.D.N.Y. 2001) (appointing group with largest financial losses as lead plaintiff); *In re Am. Banknote Holographics, Inc. Sec. Litig.*, 93 F. Supp. 2d 424, 436 (S.D.N.Y. 2000) (same).

Here, the Guerrera Group also satisfies the typicality and adequacy requirements of Rule 23. The claims of the members of the Guerrera Group are typical of the claims of the rest of the class because, just like all other class members, they: (1) purchased Network Engines shares during the Class Period; (2) purchased Network Engines shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Guerrera Group's claim is typical of those of other class members since its claim and the claims of other class members arise out of the same course of events.

The Guerrera Group is also an adequate representative of the class. As evidenced by the injuries suffered by the members of the Guerrera Group, who purchased Network Engines shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of the Guerrera Group are clearly aligned with the interests of the members of the class, and there is no evidence of any antagonism between the Guerrera Group's interests and those of the other members of the class. Further, the members of the Guerrera Group have taken significant steps which demonstrate that they will protect the interests of the class: they have retained highly qualified and experienced counsel to prosecute these claims. Thus, the Guerrera Group <u>prima facie</u> satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

Accordingly, the Guerrera Group should be appointed lead plaintiff because its losses are larger than any other lead plaintiff movant, and it is adequate and typical for the purposes of this motion.

## POINT II

### THE O'NEIL GROUP HAS NOT SUBMITTED COMPLETE OR CORRECT FINANCIAL INFORMATION AND THEREFORE IS UNFIT TO BE APPOINTED LEAD PLAINTIFF

The O'Neil Group has failed to properly document their financial interest in this litigation. Although the O'Neil Group claims to have losses of $87,927, a review of their certifications raises serious questions as to the validity of those figures. Indeed, certain trades made by the O'Neil Group could not have taken place when they said they did because Network Engines stock did not trade at the prices that the O'Neil Group claims it did on those days. In particular, Mr. McPherson's purchases on 12/9/03 and 12/10/03 cannot be correct. Mr. McPherson claims that he purchased 1000 shares on 12/9/03 at $11.10; however, Network Engines stock traded at a low of $9.81 to a high of $10.45 on that date. Mr. McPherson also claims that he purchased 2000 shares on 12/10/03 at $9.80; however, Network Engines stock traded at a low of $6.00 to a high of $8.69 on that date.

Accordingly, it appears that the O'Neil Group has not submitted correct financial information and its motion should be denied for that additional reason as well.

## CONCLUSION

For all the foregoing reasons, the Guerrera Group respectfully requests that the Court: (i) appoint the members of the Guerrera Group as Lead Plaintiffs in the Actions; (ii) approve their selection of Lead and Liaison Counsel as set forth herein; and (iii) grant such other such relief as the court may deem just and proper.

DATED:     March 2, 2004

                                      Respectfully submitted,

                                      **SHAPIRO, HABER & URMY**

                                      /s/Theodore M. Hess-Mahan
Thomas G. Shapiro BBO #454680
Theodore M. Hess-Mahan BBO #557109
75 State Street
Boston, MA 02109
Telephone:     (617) 439-3939

**Proposed Liaison Counsel**

**CAULEY GELLER BOWMAN
 & RUDMAN, LLP**
Samuel H. Rudman
David A. Rosenfeld
Mario Alba Jr.
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone:     (631) 367-7100
Facsimile:     (631) 367-1173

**Proposed Lead Counsel**