UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY MORGAN, Individually and On Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>   v.<br><br>NETWORK ENGINES, INC., JOHN CURTIS, DOUGLAS G. BRYANT and LAWRENCE A. GENOVESI,<br><br>             Defendants. | Civil Docket for Case No.:<br>1:03-CV-12529-JLT<br><br>Hon. Joseph L. Tauro |

*(Additional captions on following page)*

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF THE O'NEIL GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL AND IN RESPONSE TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF BY THE KUNKEL GROUP AND THE GUERRERA GROUP**

———————————————————————— x
GORDON A. PRICE, On Behalf of Himself and                )
All Others Similarly Situated,                           )
                                                         )   Civil Docket for Case No.:
                         Plaintiff,                      )   1:04-CV-10008-MLW
                                                         )
        v.                                               )
                                                         )
NETWORK ENGINES, INC., JOHN CURTIS,                      )   Hon. Mark L. Wolf
DOUGLAS G. BRYANT and LAWRENCE A.                        )
GENOVESI,                                                )
                                                         )
                         Defendants.                     )
                                                         )
———————————————————————— x
EDWIN POWELL MILLER, Individually and On Behalf          )
of All Others Similarly Situated,                        )
                                                         )   Civil Docket for Case No.:
                         Plaintiff,                      )   1:04-CV-10022-JLT
                                                         )
        v.                                               )
                                                         )
NETWORK ENGINES, INC., JOHN CURTIS,                      )   Hon. Joseph L. Tauro
DOUGLAS G. BRYANT and LAWRENCE A.                        )
GENOVESI,                                                )
                                                         )
                         Defendants.                     )
                                                         )
———————————————————————— x
DAVID DUBROW, Individually and On Behalf of              )
All Others Similarly Situated,                           )
                                                         )   Civil Docket for Case No.:
                         Plaintiff,                      )   1:04-CV-10096-JLT
                                                         )
        v.                                               )
                                                         )
NETWORK ENGINES, INC., JOHN CURTIS,                      )   Hon. Joseph L. Tauro
DOUGLAS G. BRYANT and LAWRENCE A.                        )
GENOVESI,                                                )
                                                         )
                         Defendants.                     )
                                                         )
———————————————————————— x

| | |
|---|---|
| ──────────────────────────────── x | |
| KEVIN DENHA, Individually and On Behalf of All Others Similarly Situated, ) ) | |
| Plaintiff, ) ) ) | Civil Docket for Case No.: 1:04-CV-10228-JLT |
| v. ) ) | |
| NETWORK ENGINES, INC., JOHN CURTIS, DOUGLAS G. BRYANT and LAWRENCE A. GENOVESI, ) ) ) ) | Hon. Joseph L. Tauro |
| Defendants. ) ) | |
| ──────────────────────────────── x | |
| WING KAM YU, On Behalf of Himself and All Others Similarly Situated, ) ) | |
| Plaintiff, ) ) ) | Civil Docket for Case No.: 1:04-CV-10238-DPW |
| v. ) ) | |
| NETWORK ENGINES, INC., JOHN CURTIS, DOUGLAS G. BRYANT and LAWRENCE A. GENOVESI, ) ) ) ) | Hon. Douglas P. Woodlock |
| Defendants. ) ) | |
| ──────────────────────────────── x | |

The O'Neil Group respectfully submits this memorandum in further support of its motion for appointment as Lead Plaintiff and approval of their selection of lead counsel.

## PRELIMINARY STATEMENT

Presently pending before this Court are three competing motions for appointment of lead plaintiff and lead counsel from the following movant groups: (i) Wing Kam Yu, Blake Kunkel and Thomas Cunningham (the "Kunkel Group"); (ii) Sergio and Ricardo Guerrera, Donald Drew and Thomas W. Jackson (the "Guerrera Group"); and (iii) the O'Neil Group.

The O'Neil Group has suffered losses of $75,231.04. While these losses far exceed the $17,931.20 claimed losses of the Kunkel Group, the Guerrera Group has claimed losses of $152,899.28. Accordingly, to the extent that the Court does not appoint as lead plaintiff the Guerrera Group, the O'Neil Group has the next greatest financial interest in this case and would, therefore, be the presumptive lead plaintiff. The O'Neil Group also satisfies the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure. See Securities Exchange Act of 1934 § 21D(a)(3)(B), 15 U.S.C. § 78u-4(a)(3)(B).

The O'Neil Group's choice of counsel, Goodkind Labaton Rudoff & Sucharow LLP ("Goodkind Labaton"), has submitted its firm resume establishing its nationwide standing and decades of experience in successfully litigating class action securities fraud such as this one. Accordingly, if the Court appoints the O'Neil Group as Lead Plaintiff, it should approve the O'Neil Group's choice of Goodkind Labaton as Lead Counsel.

## ARGUMENT

Previously, the O'Neil Group stated that its PSLRA losses were $87,927.00. After further review of its loss calculation, it appears that a mathematical error was made. The

corrected loss calculation for the O'Neil Group is $75,231.04.  See The O'Neil Group's Corrected Loss Calculation attached hereto as Exhibit A.

The Kunkel Group additionally attacks the O'Neil Group by stating that it has included "at least two fictitious trades" in its loss certification.  See Kunkel Group Brief at p.4. The Kunkel Group argues that Mr. Keith McPherson's certification listed trades in the common stock of Network Engines at prices outside the range at which Network Engines traded on those dates.  As demonstrated in the O'Neil Group's Corrected Loss Calculation, although there is an inconsistency between the actual trading prices of Network Engines stock on December 9 and 10, 2003 and the prices on Mr. McPherson's certification, these trades were not fictitious and Mr. McPherson resents these inflammatory allegations.  Mr. McPherson's Certification dated January 9, 2004 appears to reflect the *settlement* dates, not the trading dates of Network Engines common stock.  Indeed, on December 4, 2003, Network Engines stock traded at a high of $11.60 and at a low of $10.20.  Therefore, the December 4, 2003 date, not December 9, 2003, appears to be the correct date that Mr. McPherson purchased 1,000 shares of Network Engines for $11.100. The same is true for the December 10, 2003 purchase of 2,000 shares at $9.980.

With this correction, the Kunkel Group's reliance on *In re Williams Sec. Litig.,* 2002 WL 32153476 at *10 (N.D. Ok. Jul. 8, 2002) is mooted since the court in that case found that "the corrected errors in Mr. Meruelo's certification and loss calculation do not provide a sufficient basis for denying his motion to be appointed lead plaintiff."  *Id.* At *3, fn. 8 (emphasis added). The Court is in the same position here with respect to the O'Neil Group.  Mr. McPherson's corrected loss calculation cures the discrepancies in the trading data submitted in his Certification and provides the Court with the proper information to determine who has the greatest financial interest.

The further challenge by the Kunkel Group and Guerrera Group's relating to the O'Neil Group's method of loss calculation is meritless.  The method used to calculate the O'Neil Group's losses was FIFO and shares not sold at the end of the Class Period were valued at $4.9322, pursuant to the retention method.  Under the retention method, which is used to calculate the greatest financial interest in the vast majority of courts, shares held as of the end of the class period are assigned a value equal to the mean trading price for the subject security in the 90 days following the corrective disclosure and this figure is then set-off (as if they were sales) against the purchases.  That is the accepted standard for determining one's PSLRA losses. *See e.g. In re Microstrategy Inc. Sec. Litig.,* 110 F. Supp. 2d. 427 (E.D. Va. 2000) (using a 90-day period after the date of the corrective disclosure to determine the largest financial interest); *Steiner v. Nat'l Auto Credit*, 1998 U.S. Dist. LEXIS 21804 at *12 (N.D. Ohio July 16, 1998) ("mean trading price…during the 90 day period" to calculate the largest financial interest in the case").  *See also* 15 U.S.C. §78u-4(e)(I).  Accordingly, the O'Neil Group's loss calculations are entirely appropriate.

## **CONCLUSION**

Should the Court decline to grant the Guerrera Group's motion, the O'Neil Group respectfully requests that its motion be granted as it is the only other motion that fully complies with the requirements of the Private Securities Litigation Reform Act ("PSLRA").

Dated: March 16, 2004

Respectfully submitted,

**SHAPIRO HABER & URMY LLP**

/s/Theodore M. Hess-Mahan
Theodore Hess-Mahan (BBO#557109)
75 State Street
Boston, MA 02109
Tel: (617) 439-3939
Fax: (617) 439-0134

**GOODKIND LABATON RUDOFF
& SUCHAROW LLP**
Jonathan M. Plasse
Christopher J. Keller
100 Park Avenue
New York, New York 10017
Tel: (212) 907-0700
Fax: (212) 818-0477

*Attorneys for the O'Neil Group
And Proposed Lead Counsel for the Class*