UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NETWORK ENGINES, INC.<br>SECURITIES LITIGATION | Civil Action No. 03-12529-JLT |

## DEFENDANTS' ANSWER TO AMENDED CONSOLIDATED COMPLAINT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendants John Curtis, Douglas G. Bryant, and Lawrence A. Genovesi (collectively, the "Individual Defendants") and Network Engines, Inc. ("Network Engines" or the "Company"), by and through their undersigned counsel, hereby respond to the numbered allegations contained in the Plaintiffs' Amended Consolidated Complaint (the "Amended Complaint"), based upon the information currently available to them. Defendants deny all factual allegations in the Complaint except as otherwise stated below.

## FIRST DEFENSE

1.   Paragraph 1 contains characterizations of Plaintiffs' claims for which no answer is required.

2.   Paragraph 2 consists of conclusions of law regarding Plaintiffs' legal claims for which no answer is required.

3.   Paragraph 3 consists of conclusions of law regarding the Court's legal jurisdiction for which no answer is required.

1

4. Paragraph 4 consists of conclusions of law regarding legal venue for which no answer is required.

5. Paragraph 5 consists of conclusions of law regarding Defendants' alleged use of the means of interstate commerce for which no answer is required.

6. Defendants admit that the Plaintiffs named in paragraph 6 have purported to purchase Network Engines securities during the putative Class Period. Defendants deny the remaining allegations in paragraph 6.

7. Defendants admit the allegations in the first sentence of paragraph 7 and admit that the remaining allegations of paragraph 7 are a partial description of the Company's business during the putative class period.

8. Defendants admit the allegations in paragraph 8 as they relate to the putative Class Period.

9. Defendants admit that the Individual Defendants held various positions with the Company during the putative Class Period. Defendants admit that the Individual Defendants had access to certain Company information during the putative Class Period. Defendants deny the remaining allegations in paragraph 9.

10. The allegation in the first sentence of paragraph 10 consists of conclusions of law regarding group pleading for which no answer is required. Defendants admit that the Individual Defendants held various positions with the Company and had access to certain Company information during the putative Class Period. Defendants admit that Individual Defendants Curtis and Bryant participated in the Company's public communications

US1DOCS 4823130v4

        during the putative Class Period. Defendants deny the remaining allegations in paragraph 10.

11.     Defendants admit that during the putative Class Period Network Engines was a publicly held company, that the Individual Defendants held various positions with the Company, and that the Company's common stock was registered with the SEC and traded on the NASDAQ National Market. The allegations in paragraph 11 include conclusions of law regarding legal duties for which no answer is required. Defendants deny the remaining allegations in paragraph 11.

12.     Defendants admit that the Individual Defendants held various positions with the Company during the putative Class Period. Defendants admit that the Individual Defendants had access to certain Company information during the putative Class Period. Defendants admit that Individual Defendants Curtis and Bryant participated in the Company's public communications during the putative Class Period. Defendants deny the remaining allegations in paragraph 12.

13.     Defendants admit that the Individual Defendants held various positions with the Company during the putative Class Period. Defendants admit that the Individual Defendants had access to certain Company information during the putative Class Period. Defendants admit that Individual Defendants Curtis and Bryant participated in the Company's public communications during the putative Class Period. Defendants deny the remaining allegations in paragraph 13.

14.     Defendants deny the allegations in paragraph 14.

15. Paragraph 15 contains characterizations of Plaintiffs' claims for which no answer is required. To the extent a response is required, Defendants deny the allegations in paragraph 15.

16. The allegations in paragraph 16 include conclusions of law regarding legal joinder for which no answer is required. Defendants admit that the common stock of Network Engines was traded on NASDAQ during the period of November 6, 2003 to December 10, 2003. Defendants deny that purchasers during such period may be identified from records maintained by Network Engines. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17. The allegations in paragraph 17 include conclusions of law for which no answer is required. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17. To the extent a response is required, Defendants deny the allegations in paragraph 17.

18. The allegations in paragraph 18 include conclusions of law for which no answer is required. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Paragraph 19 consists of conclusions of law regarding legal class certification for which no answer is required.

20. The allegations in paragraph 20 include conclusions of law for which no answer is required. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, except that Defendants deny that

"damages [were] suffered by individual Class members" and that "wrongs [were] done to them."

21. Defendants admit the allegations in paragraph 21 as a partial description of the Company's business during the putative class period.

22. Defendants admit that the Company's revenue decreased in the second half of 2000 through the first quarter of 2001. No answer is required to the allegations regarding Network Engines' relationship with EMC Corporation ("EMC") because that relationship is subject to contractual provisions that speak for themselves. Defendants deny the remaining allegations in paragraph 22.

23. Defendants admit the allegations in paragraph 23.

24. Defendants admit that Network Engines acquired TidalWire in December 2002. Defendants admit that during the putative Class Period, TidalWire distributed EMC-approved HBAs, that HBAs, among other things, are cards that connect data storage systems to computer networks, and that EMC generated reference sales for EMC. Defendants deny the remaining allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants lack knowledge or information sufficient to form a belief as to whether the former employees allegedly quoted or paraphrased in paragraph 26 were in a position "to have knowledge about the EMC negotiations" or whether the former employees' conversations, alleged statements, or relationships with others in the Company are accurately described. Defendants deny the remaining allegations in paragraph 26.

27. Defendants admit that Plaintiffs allege that the Class Period begins on November 6, 2003 and that Network Engines issued a press release on November 6, 2003 (the "Nov. 6 Press Release"). No answer is required to the remaining allegations in paragraph 27 because the contents of the Nov. 6 Press Release speak for themselves. Defendants deny the allegations to the extent they characterize the terms or substance of the Nov. 6 Press Release in a manner inconsistent with its actual terms or substance, taken as a whole and in the proper context.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. No answer is required to the allegations in paragraph 30 because the contents of the Company's November 6, 2003 conference call (the "Nov. 6 Conference Call") speak for themselves. Defendants deny the allegations to the extent they characterize the terms or substance of the Nov. 6 Conference Call in a manner inconsistent with its actual terms or substance, taken as a whole and in the proper context.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. No answer is required to the allegations in paragraph 33 because the contents of the Nov. 6 Conference Call speak for themselves. Defendants deny the allegations to the extent they characterize the terms or substance of the Nov. 6 Conference Call in a manner inconsistent with its actual terms or substance, taken as a whole and in the proper context.

US1DOCS 4823130v4

34. Defendants deny the allegations in paragraph 34.

35. No answer is required to the allegations in paragraph 35 because the contents of the Nov. 6 Conference Call speak for themselves. Defendants deny the allegations to the extent they characterize the terms or substance of the Nov. 6 Conference Call in a manner inconsistent with its actual terms or substance, taken as a whole and in the proper context.

36. The first sentence of paragraph 36 consists of conclusions of law regarding Defendants' alleged legal duties for which no answer is required. No answer is required to the remaining allegations in paragraph 36 because the contents of the Nov. 6 Conference Call speak for themselves. Defendants deny the allegations to the extent they characterize the terms or substance of the Nov. 6 Conference Call in a manner inconsistent with its actual terms or substance, taken as a whole and in the proper context.

37. No answer is required to the allegations in paragraph 37 because the contents of the Company's December 10, 2003 announcement (the "Dec. 10 Announcement") speak for themselves. Defendants deny the allegations to the extent they characterize the terms or substance of the Dec. 10 Announcement in a manner inconsistent with its actual terms or substance, taken as a whole and in the proper context.

38. Paragraph 38 contains characterizations of publicly available stock information for which no answer is required.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the Plaintiffs' allegation that

"Plaintiff and other members of the Class purchased or otherwise acquired Network Engines's securities relying upon the integrity of the market price of Network Engines's securities and market information relating to Network Engines." Defendants admit that the price of Network Engines common stock declined following the Dec. 10 Announcement. Defendants deny the remaining allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants admit that during the putative Class Period EMC-related business represented the majority of the Company's total revenue and was important to the Company. Defendants deny the remaining allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants admit that during the period of November 6 through December 10, 2003, Network Engines stock was listed and traded on NASDAQ, Network Engines filed periodic reports with the SEC and NASDAQ, Network Engines communicated with investors through periodic public disclosures, and Network Engines was generally followed by several securities analysts. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45.

US1DOCS 4823130v4

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the Plaintiffs allegations regarding the efficiency of the market for Network Engines securities. Defendants deny the remaining allegations in paragraph 46.

47. Paragraph 47 consists of conclusions of law regarding legal safe harbor requirements for which no answer is required. To the extent a response is required, Defendants deny the allegations.

### PLAINTIFFS' FIRST CLAIM

48. Defendants repeat and incorporate their responses to the allegations in paragraphs 1 through 47 as if fully set forth herein.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in the first sentence of paragraph 50. The allegations in the second sentence are conclusions of law for which no answer is required. To the extent a response is required, Defendants deny the allegations.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the Plaintiffs' allegations regarding alleged Company misrepresentations and omissions during the putative Class Period. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

## PLAINTIFFS' SECOND CLAIM

59. Defendants repeat and incorporate their responses to the allegations in paragraphs 1 through 58 as if fully set forth herein.

60. The first sentence of paragraph 60 concerning controlling persons consists of conclusions of law for which no answer is required. Defendants admit that the Individual Defendants held various positions with the Company during the putative Class Period. Defendants admit that the Individual Defendants had access to certain Company information during the putative Class Period. Defendants admit that Individual Defendants Curtis and Bryant participated in the Company's public communications during the putative Class Period. Defendants deny the remaining allegations in paragraph 60.

61. Defendants admit that the Individual Defendants held various positions with the Company during the putative Class Period. Defendants deny the remaining allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

## SECOND DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The Amended Complaint fails to allege or plead fraud with particularity.

## FOURTH DEFENSE

The Defendants exercised reasonable due diligence and acted in good faith at all relevant and material times, and did not directly or indirectly induce any act(s) constituting a violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") or Rule 10b-5 thereunder, or of Section 20(a) of the Exchange Act.

The Defendants reserve the right to assert any additional affirmative defenses that discovery may reveal to be appropriate.

Wherefore, the Defendants respectfully request that the Court:

1. Dismiss the Amended Consolidated Complaint with prejudice;

2. Award the Defendants their costs and reasonable attorneys' fees; and

3. Provide such further relief as the Court deems fair and just.

NETWORK ENGINES, INC., JOHN CURTIS, DOUGLAS G. BRYANT, and LAWRENCE A. GENOVESI,

By their attorneys,

/s/     John A. Litwinski
Jeffrey B. Rudman (BBO #433380)
Daniel W. Halston (BBO #548692)
John A. Litwinski (BBO #650603)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Robin L. Alperstein (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

Dated:  December 23, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 12/23/04

US1DOCS 4823130v4