UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

IN RE: NETWORK ENGINES, INC.            )    Civ. Act. No. 03-12529-JLT
SECURITIES LITIGATION                   )
                                        )
_____)

### JOINT MOTION FOR AN ORDER REGARDING THE CONFIDENTIALITY OF DOCUMENTS AND THE INADVERTENT PRODUCTION OF DOCUMENTS

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel to the parties as follows:

1. This Joint Motion for an Order Regarding the Confidentiality of Documents and the Inadvertent Production of Documents (the "Order") governs the handling of all documents, answers to interrogatories, responses to requests for admission, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure or otherwise, testimony and all other information, including all copies, excerpts and summaries thereof (collectively, the "Material") produced, obtained or filed during the course of the above-captioned action.

2. The term "Designating Party" as used herein shall mean the person who produces the Material. The Designating Party shall have the right to designate any Material as "Confidential" to the extent that it believes in good faith that such Material constitutes, contains or would disclose proprietary business information, a trade secret or other commercial or financial information that is otherwise not publicly available ("Confidential Material") to the extent consistent with the Federal Rules of Civil Procedure and any applicable case law.

3. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "Confidential" on each page of such documents prior to production. Documents that are made available for inspection in response to a request for production need not be marked with the confidentiality legend. The Designating Party shall, however, mark with the confidentiality legend those documents that are confidential and/or contain confidential information that are identified for copying and then copied.

(b) In the case of depositions, designation of the transcript or the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition, or by a statement in writing sent to all counsel of record within ten (10) business days after the receipt of the transcript of the deposition. If the designation is made during the course of the deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential material and the Confidential Material, and the reporter shall place the appropriate legend on the cover of each separately bound portion of the transcript. (The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further court order.)

4. All portions of briefs, pleadings or other filings with the Court that contain or refer to Confidential Material shall be filed under seal, along with a motion to seal such Confidential Material until further order of the Court. At the time of filing, such material shall be placed in a sealed envelope, which shall be marked with the title of the action and a description of the contents (e.g., Deposition of John Doe). The envelope shall also bear the following legend:

**<u>CONFIDENTIAL</u>**
**This envelope contains documents that are subject to an order governing discovery and the use of confidential discovery material entered by the Court in this action. The envelope shall not be opened nor the contents thereof displayed or revealed except by order of the Court.**

5. If any party objects to the designation of any Material as Confidential Material, such party shall state the nature of the objections in a letter to counsel for the Designating Party within sixty (60) days from when the designation or the production is first made, whichever is later. The Parties shall attempt in good faith to resolve all objections by agreement. If any objections cannot be resolved by agreement within thirty (30) days from when they are first made, the parties shall cooperate in jointly submitting the dispute to the Court. Until an objection has been resolved by agreement of counsel or by order of the Court, the Material shall be treated as Confidential Material and subject to this Order.

6. Confidential Material shall be used only in this action (including any appeals or proceedings to enforce discovery), and shall not be used for any business purpose, or in any other litigation or proceeding, or for any other purpose whatsoever, and Confidential Material shall not be given, shown, made available or communicated in any way to anyone except:

    (i) counsel of record in this action, and attorneys, paralegals and other support staff employed by such counsel who are assisting in the conduct of this action;

    (ii) the parties in this action, including their present and former officers, directors and employees deemed necessary to aid counsel in the prosecution or defense of this action;

    (iii) witnesses (and their counsel) at any deposition or trial in this action or in preparation of such deposition or trial;

    (iv) the Court, court personnel and the jury in this action;

    (v) court reporters (including stenographers and video technicians), interpreters, translators, copy services, document imaging services, and database coding services, employed in connection with this action;

    (vi) experts or consultants (and employees of such experts or consultants) retained or consulted by the parties in connection with this action;

    (vii) persons not covered above who are authors, recipients, or individuals copied on any Confidential Material;

    (viii) any mediator agreed upon by the parties; and

    (ix) other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Designating Party.

  7. Each person identified in Paragraphs 6(vi), 6(vii) and 6(viii) above, prior to being given access to Confidential Material pursuant to paragraph 6, shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof, and (ii) that the violation of the terms of the Order (by use of the Confidential Material for purposes other than conducting this action) may constitute contempt of a court order. Each such person must expressly acknowledge in writing that he or she is familiar with the terms of the Order and agrees to be bound by its terms prior to being granted access to the Confidential Material.

8. The inadvertent or unintentional production of discovery materials without a "Confidential" designation shall not be deemed a waiver in whole or in part of a party's claim of confidential treatment under the terms of this Order. Any document that initially is produced without bearing a "Confidential" designation may later be so designated, with respect to future disclosure by the producing party, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such document disclosed to persons other than those authorized in Sections 6 hereof and to prevent further use or disclosure of confidential information contained therein by such persons.

9. In the event that any person not named in paragraph 6 requests the disclosure of Confidential Material through subpoena or other compulsory process, the person receiving such subpoena or compulsory process (the "Receiving Party") shall give notice in writing to counsel for the Designating Party, identifying the information sought and enclosing a copy of the subpoena or compulsory process. Such notice shall be delivered by fax at least 14 days prior to the proposed disclosure; if the request is received less than 14 days prior to the proposed disclosure, notice shall be given immediately. It shall be the obligation of the Designating Party to obtain a court order to preclude or restrict production of any Confidential Material requested pursuant to a subpoena or other compulsory process. In the event that the Designating Party moves for such an order, the Receiving Party shall not produce or divulge the contents of any Confidential Material until such motion is resolved.

10. This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this action, including any appeals. Within 90 days after final termination of this action,

upon the request of the Designating Party, the parties shall promptly destroy all Confidential Material, copies thereof and documents reflecting same, and shall provide a sworn certification evidencing such destruction to the Designating Party, provided, however, that each party may retain, subject to the terms and conditions of this Order, one copy of deposition transcripts and exhibits, court transcripts and exhibits, and all papers filed or submitted to the Court. Nothing herein shall require the return or destruction of attorney work product.

11. If Confidential Material is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, and without prejudice to the rights and remedies of the Designating Party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material. This Order is without prejudice to application to the Court by a party to make any further disclosure.

12. Nothing in this Protective Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

13. Inadvertent disclosure or production of materials subject to the attorney client privilege, work product doctrine, or other protection from disclosure shall not constitute a waiver of, or an estoppel as to, such privilege or protection. If a party has inadvertently or mistakenly produced documents or information subject to a claim of privilege or immunity, upon written request made by the producing party, the documents or information for which a claim of inadvertent production is made, including all copies,

shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the producing party's assertion of inadvertence, privilege or immunity. All copies of inadvertently or mistakenly produced documents or information shall be destroyed and not used thereafter for any purpose, and any document or material reflecting the contents of the inadvertently produced documents or information shall be expunged. If a receiving party objects to the return of such documents or information within the seven (7) business day period described above, the receiving party must move the Court for an order allowing it to retain such documents or information. Pending the Court's ruling, a receiving party shall not make any use of such documents or information. All documents or information found by the Court to be privileged or protected from disclosure shall be destroyed and not used thereafter for any purpose, and any document or material reflecting the contents of the inadvertently produced documents or information shall be expunged.

14. Nothing in this Order shall prevent any Designating Party from using or disclosing his, her or its own documents or information.

15. Nothing in this Order, and no designation pursuant to this Order, shall be construed to be an admission of relevance or affect in any way the admissibility of any document, testimony or other evidence in this action.

Dated: May 27, 2005

                                              FOR THE PLAINTIFFS,

                                              /s/   Rachel S. Fleishman
                                              Rachel S. Fleishman *(pro hac vice)*
                                              One Pennsylvania Plaza
                                              New York, NY 10119
                                              Telephone: (212) 594-5300
                                              Facsimile: (212) 868-1229

NETWORK ENGINES, INC., JOHN CURTIS, DOUGLAS G. BRYANT, and LAWRENCE A. GENOVESI,

By their attorneys,

/s/     John A. Litwinski
Jeffrey B. Rudman (BBO #433380)
Daniel W. Halston (BBO #548692)
John A. Litwinski (BBO #650603)
Lynne Campbell Soutter (BBO #
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
(617) 526-6000

Robin L. Alperstein (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

SO ORDERED:

_____
U.S.D.J.

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on  5/27/2005
            /s/ John A. Litwinski