UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

In Re: NETWORK ENGINES INC., ) CASE NO. 03-12529-JLT
SECURITIES LITIGATION )

### AFFIDAVIT OF LEAD PLAINTIFF PURSUANT TO LOCAL RULE 26.1(B)

STATE OF __IL__ )
) SS.:
COUNTY OF __DuPage__ )

Sergio Guerra, being first duly sworn, deposes and says:

1. I am a Named/Lead Plaintiff in the above-entitled action.

2. I have reviewed the Lead Plaintiffs' Initial Disclosure Statement Pursuant to Federal Rule of Civil Procedure 26(a)(1) ("Lead Plaintiffs' Initial Disclosure Statement").

3. The statements in Lead Plaintiffs' Initial Disclosure Statement are based upon the investigation of counsel, and I have no further information to add.

4. As a Named Plaintiff/Lead Plaintiff for the putative class, I am relying upon the preliminary damages estimate referenced in Section III of Lead Plaintiffs' Initial Disclosure Statement. Attached hereto as Exhibit 1 a signed certification evidencing my transactions in Network Engines securities during the Class Period.

_/s/ Sergio Guerra_

Sworn to before me this 27th
day of June 2005

_Amanda Murillo_
Notary Public

"OFFICIAL SEAL"
AMANDA MURILLO
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 11/26/2005

# EXHIBIT 1

Cauley Geller Bowman & Rudman, LLP
P.O. Box 25438, Little Rock, AR 72221-5438
(501) 312-8500; (501) 312-8505 Facsimile
info@cauleygeller.com

## CERTIFICATION OF PLAINTIFF PURSUANT TO FEDERAL SECURITIES LAWS

Sergio Guerrera ("Plaintiff"), declares as to the claims asserted, or to be asserted, under the federal securities laws, that:

1. Plaintiff has reviewed the __neng__ [company/stock name] complaint.

2. Plaintiff did not purchase any common stock/securities that are the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary. I understand that this is not a claim form, and that my ability to share in any recovery as a member of the class is not dependent upon execution of this Plaintiff Certification.

4. BEFORE the start of the Class Period, Plaintiff held __1500__ shares __neng__ [company/stock name] common stock/securities.

5. The following includes all of Plaintiff's transactions DURING the Class Period specified in the complaint for the common stock/securities that are the subject of this action:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | QUANTITY | TRADE DATE | PRICE PER SHARE/SECURITY |
|---|---|---|---|---|
| neng | Sale | 40200 | Dec 16/03 | $4.50 – $4.52 |
| neng | Purchase | 20000 | Dec 10/03 | $6.28 |
| neng | Purchase | 10000 | Dec 04/03 | $10.25 – 10.89 |
| neng | Purchase | 200 | Nov 21/03 | $7.20 |
| neng | Purchase | 8000 | Nov 21/03 | $5.20 |

Please list additional transactions on a separate sheet if necessary.

6. Plaintiff's shares were acquired (check all that apply):
   ☐ IRA    ☐ Employer-sponsored plan (401K, 403B, etc.)
   ☒ Non-retirement account    ☐ Merger/acquisition    ☐ Other (describe): _____

7. Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws within the past three years, unless otherwise stated in the space below:

8. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this __22__ day of __Dec__, 2003.

_Sergio Guerrera_
SIGNATURE