## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: NETWORK ENGINES INC.<br>SECURITIES LITIGATION | )<br>)<br>)  **CA NO. 03-12529-JLT**<br>)<br>) |

## <u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>

This Stipulation and Agreement of Settlement (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into among Lead Plaintiffs Wing Kam Yu, Blake Kunkel, and Thomas Cunningham and plaintiffs Sergio Guerrera and Ricardo Guerrera on behalf of themselves (hereafter "Lead Plaintiffs"), all actions consolidated herewith, and the Class (as hereinafter defined) and Defendants Network Engines, Inc. ("Network Engines"), John Curtis, Douglas Bryant, and Lawrence Genovesi (the "Defendants"), by and through their respective counsel. The Stipulation is intended to fully, finally, and forever discharge and settle the Settled Claims (as defined herein).

WHEREAS:

A.    Beginning on or about December 17, 2003, eight class actions alleging violations of federal securities laws — <u>Timothy Morgan v. Network Engines, Inc., et al.</u>, Civil Action No. 03-12529-JLT, <u>Edwin Powell Miller v. Network Engines, Inc., et al.</u>, Civil Action No. 04-10022-JLT, <u>David Dubrow v. Network Engines, Inc., et al.</u>, Civil Action No. 04-10096-JLT, <u>Wing Kam Yu v. Network Engines, Inc., et al.</u>, Civil Action No. 04-10238-DPW, <u>Herbert A. Reitzel v. Network Engines, Inc., et al.</u>, Civil Action No. 04-10288-JLT, <u>Nitin Subandh v. Network Engines, Inc., et al.</u>, Civil Action No. 04-10332-JLT, <u>Gordon A. Price v. Network Engines, Inc.,</u>

et al., Civil Action No. 04-10008-JLT, and Kevin Denha v. Network Engines, Inc., et al., Civil Action No. 04-10228-JLT – were filed in this Court and were subsequently consolidated under the above-caption, and are hereinafter collectively referred to as the "Action";

B.    By Order dated March 17, 2004, the Court appointed Wing Kam Yu, Blake Kunkel, and Thomas Cunningham as Lead Plaintiffs. The Court also approved the law firms of Milberg Weiss Bershad Hynes & Lerach LLP (now known as Milberg Weiss Bershad & Schulman LLP) ("Milberg Weiss") as Lead Counsel for the Class and Moultan & Gans, P.C. ("Moultan & Gans") as Liaison Counsel for the Class;

C.    Lead Plaintiffs filed an Amended Consolidated Complaint (the "Complaint") on June 4, 2004. The Complaint generally alleges, among other things, that the Defendants issued materially false and misleading statements regarding Network Engines' then-current financial condition and future earnings during the Class Period (as defined below) in a scheme to artificially inflate the value of Network Engines' securities;

D.    The Complaint further alleges that Lead Plaintiffs and other Class Members purchased Network Engines' common stock during the Class Period at prices artificially inflated as a result of the Defendants' dissemination of materially false and misleading statements regarding Network Engines' then-current financial condition and future earnings in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder and were damaged as a result thereof;

E.    On August 13, 2004, Defendants moved to dismiss the Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. On October 12, 2004, Plaintiffs filed a memorandum of law in opposition to the Defendants' motion to dismiss. Defendants filed a reply memorandum in support of their motion on November 12, 2004;

F.      The Court denied Defendants' motion to dismiss by Order dated November 22, 2004.  On December 23, 2004, Defendants served their Answer to the Complaint in which they denied all substantive allegations of wrongdoing and asserted a number of affirmative defenses;

G.      The Defendants have denied and continue to deny any wrongdoing whatsoever and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted.  The parties to this Stipulation recognize, however, that the litigation has been filed by Plaintiffs and defended by the Defendants in good faith and with adequate basis in fact under Rule 11 of the Federal Rules of Civil Procedure, that the litigation is being voluntarily settled after advice of counsel, and that the terms of the settlement are fair, reasonable, and adequate.  This Stipulation shall not be construed or deemed to be a concession by any Plaintiff of any infirmity in the claims asserted in the Action;

H.      Lead Counsel have conducted an investigation relating to the claims and the underlying events and transactions alleged in the Complaint.  Lead Counsel have analyzed the evidence adduced from informal discovery, including reviewing tens of thousands of pages of documents and electronic data, and have researched the applicable law with respect to the claims of Lead Plaintiffs and the Class against the Defendants and the potential defenses thereto;

I.      With the assistance of retired United States District Judge Nicholas H. Politan acting as a special mediator, Lead Plaintiffs, by their counsel, have conducted discussions and arm's length negotiations with counsel for Defendants with respect to a compromise and settlement of the Action with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class;

3

J.    Based upon their investigation and informal discovery as set forth above, Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that Lead Plaintiffs and the members of the Class will receive from settlement of the Action, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation;

K.    The Defendants believe that the Action is without merit and is unsupported by the evidence, but the Defendants recognize the risks, expense and length of continued proceedings necessary to defend the Action through trial and any appeals, and the Defendants' desire to avoid continued litigation, and therefore the Defendants believe it is desirable that the Action and any future potential actions that relate in any way to the allegations raised by the Plaintiffs be settled upon the terms and conditions set forth herein in order to avoid the further expense and burden of protracted litigation; and

L.    The Parties have reached this Settlement to resolve the Settled Claims and the Settled Defendants' Claims and have agreed to certification of the Class defined herein solely for the purpose of effecting this Settlement, and Defendants specifically reserve all rights to challenge and oppose the certification of a class other than for the purpose of effecting this Settlement;

NOW THEREFORE, without any admission or concession on the part of Lead Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by the Defendants, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation, through

4

their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal

Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the

Settlement, that all Settled Claims (as defined below) and all Settled Defendants' Claims (as

defined below) shall be compromised, settled, released and dismissed with prejudice, upon and

subject to the following terms and conditions:

### CERTAIN DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the following

meanings:

(a)     "Authorized Claimant" means a Class Member who submits a timely and

valid Proof of Claim form to the Claims Administrator.

(b)     "Claims Administrator" means the firm of Rust Consulting, Inc.

designated by Plaintiffs' Lead Counsel and appointed by the Court to administer the Settlement.

(c)     "Class" and "Class Members" means, for the purposes of this Settlement

only, all Persons (as defined herein) who purchased or otherwise acquired the common stock of

Network Engines between November 6, 2003 and December 10, 2003, inclusive.  Excluded from

the Class are the Defendants, the officers and directors of Network Engines during the Class

Period, members of their immediate families (parents, siblings, spouses and children) and their

heirs, successors or assigns, and any entity in which Defendants have or had a controlling

interest at any time during the Class Period.  Also excluded from the Class are any putative Class

Members who exclude themselves by filing a request for exclusion in accordance with the

requirements set forth in the Notice.  "Class Member" means a member of the Class.

(d)     "Class Period" means, for the purposes of this Settlement only, the period

of time between November 6, 2003 and December 10, 2003, inclusive.

(e)     "Defendants" means Network Engines and the Individual Defendants.

(f)     "Defendants' Counsel" means the law firm of Wilmer Cutler Pickering Hale & Dorr LLP.

(g)     "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in paragraph 23 below.

(h)     "Escrow Account" means the escrow account referred to in paragraphs 4 and 5 hereof.

(i)     "Escrow Agent" means the firm of Milberg Weiss.

(j)     "Gross Settlement Fund" means the Settlement Amount plus any income or interest earned thereon.

(k)     "Individual Defendants" means John Curtis, Douglas Bryant, and Lawrence Genovesi.

(l)     "Insurer" means National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), and its past or present subsidiaries, parents, affiliates, successors and predecessors, reinsurers, officers, directors, agents, employees, attorneys, legal representatives, successors in interest or assigns.

(m)     "Lead Counsel" means the law firm of Milberg Weiss.

(n)     "Liaison Counsel" means Moultan & Gans.

(o)     "Net Settlement Fund" has the meaning defined in paragraph 5 hereof.

(p)     "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing, which, subject to the approval of the Court, is to be sent to members of the Class substantially in the form attached hereto as Exhibit 1 to Exhibit A.

6

(q)     "Order and Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit B.

(r)     "Order for Notice and Hearing" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit A.

(s)     "Person" or "Persons" shall mean any individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated organization or other type of legal entity, and their heirs, agents, executors, administrators, predecessors, successors or assigns, and their personal representatives, all in their capacities as such.

(t)     "Plaintiffs' Counsel" means Lead Counsel and all other counsel representing Class Member plaintiffs in the Action.

(u)     "Publication Notice" means the summary notice of proposed Settlement and hearing for publication substantially in the form attached as Exhibit 3 to Exhibit A.

(v)     "Released Parties" means any and all of the Defendants, their past, present or future subsidiaries, parents, affiliates, predecessors, successors, assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, agents, employees, attorneys, auditors, accountants, underwriters, advisers, insurers, co-insurers, and re-insurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, predecessors, successors in interest or assigns of the Defendants and/or any members of the immediate family of any Defendant.

(w)    "Settled Claims" means any and all direct, individual or class claims (including Unknown Claims, as defined below), debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for compensatory damages, punitive damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, liability or relief, monetary, injunctive, or otherwise), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and unknown, pleaded or unpleaded, suspected or unsuspected claims, (i) that have been asserted in this Action by the Lead Plaintiffs, Class Members or any of them against any of the Released Parties, (ii) that could have been, or could in the future be, asserted in any forum by the Lead Plaintiffs, Class Members or any of them against any of the Released Parties which arise out of or are based upon or relate in anyway to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, sale or acquisition of shares of the common stock of Network Engines by the Lead Plaintiffs, Class Members or any of them during the Class Period, or (iii) that arise out of or relate in any way to the defense or settlement of this Action (except for claims to enforce this Settlement).  Expressly excluded from this Settlement and any release contained herein are any and all claims that have been asserted or could be asserted under the Securities Act of 1933, the Securities Exchange Act of 1934, the Sherman Act, New York General Business Law § 340 (or any similar law of any other state), or any other laws, for any conduct complained of in (i) In re Network Engines, Inc. Initial Public Offering Securities Litigation, 01 Civ. 10894 (SAS), as coordinated for pretrial purposes in In re Initial Public Offering Securities Litigation, Master File No. 21 MC 92 (SAS),

pending in the United States District Court for the Southern District of New York, and (ii) In re Initial Public Offering Antitrust Litigation, 01 Civ. 2014 (WHP), on appeal to the United States Court of Appeals for the Second Circuit as Case No. 03-9284(L), 03-9288 (CON).

(x)     "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

(y)     "Settlement" means the settlement contemplated by this Stipulation.

(z)     "Settlement Amount" means the amount specified in paragraph 4 hereof.

(aa)     "Unknown Claims" means any and all Settled Claims which the Class, the Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the parties stipulate and agree that upon the Effective Date, the Lead Plaintiffs and Defendants shall expressly, and each Class Member and each of the Released Parties shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

9

A general release does not extend to claims which the
creditor does not know or suspect to exist in his or her favor at the
time of executing the release, which if known by him or her must
have materially affected his or her settlement with the debtor.

## SCOPE AND EFFECT OF SETTLEMENT

2.    The obligations incurred pursuant to this Stipulation shall be in full and final

disposition of the Action and any and all Settled Claims and any and all Settled Defendants'

Claims.

3.    (a)    Upon the Effective Date of this Settlement, Lead Plaintiffs and Class

Members, on behalf of themselves, their heirs, agents, executors, administrators, predecessors,

successors and assigns, and their personal representatives, shall release and forever discharge the

Settled Claims, and shall forever be enjoined from prosecuting the Settled Claims.  By entering

into this Stipulation, each of the Lead Plaintiffs represents and warrants that he or she has not

assigned, hypothecated, transferred, or otherwise granted any interest in the Settled Claims, or

any of them, to any other Person.

(b)    Upon the Effective Date of this Settlement, each of the Defendants, on

behalf of themselves and the Released Parties, shall release and forever discharge the Settled

Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants'

Claims against Lead Plaintiffs, all Class Members and their counsel.

## THE SETTLEMENT CONSIDERATION

4.    Within ten (10) days from the date hereof, Defendants shall pay or cause to be

paid $2,875,000 (the "Settlement Amount") into escrow for the benefit of Plaintiffs and the

Class.  The Settlement Amount and any income or interest earned thereon shall be the "Gross

Settlement Fund."

10

5.    (a)    The Gross Settlement Fund, net of any Taxes (as defined below) on the income thereof, shall be used to pay (i) the Notice and Administration Costs referred to in paragraph 7 hereof, (ii) the attorneys' fee and expense award referred to in paragraph 8 hereof, and (iii) the remaining administration expenses referred to in paragraph 9 hereof. The balance of the Gross Settlement Fund after the above payments shall be the "Net Settlement Fund." The Net Settlement Fund shall be distributed to the Authorized Claimants as provided in paragraphs 10-12 hereof. Any sums required to be held in escrow hereunder prior to the Effective Date shall be held by Milberg Weiss as Escrow Agent for the Gross Settlement Fund. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to the persons paying the same pursuant to this Stipulation and/or further order of the Court. Prior to the Effective Date, except for payments permitted by paragraphs 5(b), 7 or 8 hereof, no payment shall be made from the Gross Settlement Fund to anyone other than the Insurer without permission of the Court granted after notice to counsel for the Insurer and Defendants' Counsel. The Escrow Agent shall invest any funds in excess of $100,000 in short term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon. Any funds held in escrow in an amount of less than $100,000 may be held in a bank account insured by the FDIC. The parties hereto agree that the Gross Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Escrow Agent, as administrator of the Gross Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be responsible for filing tax returns for the Gross Settlement Fund and paying from the Gross Settlement Fund any Taxes owed with respect to the Gross Settlement Fund. The parties hereto

11

agree that the Gross Settlement Fund shall be treated as a Qualified Settlement Fund from the earliest date possible, and agree to any relation-back election required to treat the Gross Settlement Fund as a Qualified Settlement Fund from the earliest date possible. Counsel for Defendants agree to provide promptly to the Escrow Agent the statement described in Treasury Regulation § 1.468B-3(e).

(b)    All (i) taxes on the income of the Gross Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Gross Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

## ADMINISTRATION

6.    The Claims Administrator shall administer the Settlement subject to the jurisdiction of the Court. Except as stated in paragraph 14 hereof, Defendants shall have no responsibility for the administration of the Settlement and shall have no liability to the Class in connection with such administration. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including providing without charge all information from Network Engines' transfer records concerning the identity of Class Members and their transactions.

7.    Lead Counsel may pay from the Settlement Amount, without further approval from the Defendants, the reasonable costs and expenses associated with identifying members of the Class and effecting mail Notice and Publication Notice to the Class, and the administration of the Settlement in an amount not to exceed $150,000, including without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for

forwarding notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims. Except as provided in paragraph 25, in no event shall the Released Parties bear any responsibility or liability for such fees, costs and expenses.

## ATTORNEYS' FEES AND EXPENSES

8.    Lead Counsel will apply to the Court for an award from the Gross Settlement Fund of attorneys' fees and reimbursement of expenses. Such amounts as are awarded by the Court shall be payable from the Gross Settlement Fund to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Gross Settlement Fund plus accrued interest at the same net rate as is earned by the Gross Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed. Defendants and Insurer shall not be responsible for the payment (or return) of any attorneys' fees or expenses.

## ADMINISTRATION EXPENSES

9.    Plaintiffs' Counsel will apply to the Court, on notice to Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

10.     The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit 1 to Exhibit A, or in such other Plan of Allocation as the Court approves).  No distribution to Authorized Claimants shall be made prior to the Effective Date.

11.     The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved.

12.     Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his or her Recognized Claim compared to the total Recognized Claims of all accepted claimants.  This is not a claims-made settlement.  The Defendants shall not be entitled to get back any of the settlement monies once the Settlement becomes final.  The Defendants shall have no involvement in reviewing or challenging claims.

## ADMINISTRATION OF THE SETTLEMENT

13.     Any member of the Class who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Amount but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action concerning the Settled Claims.

14.     The Claims Administrator shall process the Proofs of Claim and, after entry of the Class Distribution Order, distribute the Net Settlement Fund to the Authorized Claimants. Except for their obligation to pay the Settlement Amount, and to cooperate in the production of

14

information with respect to the identification of Class Members from Network Engines' shareholder transfer records, as provided herein, Defendants and the Insurer shall have no liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund.  Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

15.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant", the following conditions shall apply:

(a)    Each Class Member shall be required to submit a Proof of Claim and Release (see attached Exhibit 2 to Exhibit A) ("Proof of Claim"), supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion may deem acceptable;

(b)    All Proofs of Claim must be submitted by the date specified in the Notice unless such period is extended by Order of the Court.  Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action concerning the Settled Claims.  Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail

15

and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the approved Plan of Allocation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)    Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to attempt to remedy the curable deficiencies in the Proofs of Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below;

(e)    If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

16

(f)     The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

16.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

17.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action concerning the Settled Claims.

18.     All proceedings with respect to the administration, processing and determination of claims described by paragraph 15 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

19.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all Proofs of Claims have been processed, and all Claimants whose Proofs of Claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection

17

or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration have been paid.

## TERMS OF ORDER FOR NOTICE AND HEARING

20.    Concurrently with their application for preliminary Court approval of the Settlement contemplated by this Stipulation, Plaintiffs' Counsel and Defendants' Counsel jointly shall apply to the Court for entry of an Order for Notice and Hearing, substantially in the form annexed hereto as Exhibit A.

## TERMS OF ORDER AND FINAL JUDGMENT

21.    If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the parties shall request that the Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

## SUPPLEMENTAL AGREEMENT

22.    Simultaneously herewith, Plaintiffs' Counsel and Defendants' Counsel are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be terminated by Defendants if potential Class Members who purchased in excess of a certain number of shares of Network Engines common stock traded during the Class Period exclude themselves from the Class. The Supplemental Agreement shall not be filed prior to the deadline for submitting requests for exclusion unless a dispute arises as to its terms. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect and the provisions of

18

paragraph 25 shall apply. Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of the election by the Defendants to exercise their option to withdraw from the Stipulation pursuant to the Supplemental Agreement until the conditions set forth in the Supplemental Agreement have been satisfied.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

23.    The "Effective Date" of Settlement shall be the date when all the following shall have occurred:

(a)    entry of the Order for Notice and Hearing substantially in the form of Exhibit A hereto;

(b)    approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(c)    entry by the Court of an Order and Final Judgment, substantially in the form set forth in Exhibit B annexed hereto, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review by any court.

24.    A Defendant or Lead Counsel shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to counsel for all other parties hereto within thirty (30) days written notice given to the Defendants and Lead Counsel of : (a) the Court's refusal to enter the Order for Notice and Hearing in

19

substantially the form of Exhibit A; (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Court's refusal to enter the Order and Final Judgment in any material respect; (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by any appellate court; or (e) the date upon which an Alternative Judgment is entered, or if any Alternative Judgment is accepted by the parties, the date upon which an Alternative Judgment is modified or reversed in any material respect. In the event any Termination Notice is validly given, this Stipulation shall be withdrawn and terminated and deemed null and void, and the provisions of paragraph 25 of this Stipulation shall apply.

     25.    Except as otherwise provided herein, in the event the Settlement is terminated, then the parties to this Stipulation shall be deemed to have reverted to their respective status in the Action as of the date and time immediately prior to the execution of this Stipulation and, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount previously paid or caused to be paid by Defendants, together with any interest earned thereon, less any taxes due with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Amount shall be returned to National Union.

### NO ADMISSION OF WRONGDOING

     26.    This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

          (a)    shall not be offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any other litigation or

28.    Each Defendant contributing to the Settlement Amount warrants as to himself, herself or itself that, as to the payments made by or on behalf of him, her or it, at the time of such payment that the Defendant made or caused to be made pursuant to paragraph 4 above, he, she or it was not insolvent nor did nor will the payment required to be made by or on behalf of him, her or it render such Defendant insolvent within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This warranty is made by each such Defendant and not by such Defendant's Counsel.

29.    If a case is commenced in respect of any Defendant contributing to the Settlement Amount (or any insurer contributing funds to the Settlement Amount on behalf of any Defendant) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Gross Settlement Fund or any portion thereof by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Gross Settlement Fund by others, then, at the election of Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and Judgment entered in favor of the Defendants pursuant to this Stipulation, which releases and Judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation as of the date a day prior to the date of this Stipulation and any cash amounts in the Gross Settlement Fund shall be returned as provided in paragraph 25 above.

30.    The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members with respect

22

to the Settled Claims. Accordingly, Lead Plaintiffs and Defendants agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action. The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

31. This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto or their successors-in-interest.

32. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

33. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation.

34. The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

35. This Stipulation, its exhibits and the letter agreement contemplated by paragraph 22, constitute the entire agreement among the parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

36.    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original and signed counterparts.

37.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

38.    The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the Commonwealth of Massachusetts without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

39.    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

40.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

41.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, the Order and Final Judgment and to agree promptly upon and execute all such other

documentation as may be reasonably required to obtain final approval by the District Court of

the Settlement.

DATED:   March._ _, 2006

MOULTON & GANS, PC

By: _____
     Nancy Freeman Gans  (BBO No. 184540)
55 Cleveland Road
Wellesley, MA 02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**Liaison Counsel for the Class**

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**


By: _____
     Rachel Fleishman
One Pennsylvania Plaza
New York, New York  10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

**Lead Counsel for the Class**


**WILMER CUTLER PICKERING
HALE & DORR LLP**


By: _____
     Jeffrey B. Rudman (BBO No. 433380)
     Daniel W. Halston (BBO No. 548692)
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

**Counsel for Defendants**

25

documentation as may be reasonably required to obtain final approval by the District Court of the Settlement.

DATED: March 29, 2006

**MOULTON & GANS, PC**

By: _____
    Nancy Freeman Gans  (BBO No. 184540)
55 Cleveland Road
Wellesley, MA 02481
Telephone: (781) 235-2246
Facsimile: (781) 239-0353

**Liaison Counsel for the Class**

**MILBERG WEISS BERSHAD**
  **& SCHULMAN LLP**

By: _____
    Rachel Fleishman
One Pennsylvania Plaza
New York, New York  10119-0165
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

**Lead Counsel for the Class**

**WILMER CUTLER PICKERING**
  **HALE & DORR LLP**

By: _____
    Jeffrey B. Rudman (BBO No. 433380)
    Daniel W. Halston (BBO No. 548692)
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

**Counsel for Defendants**

documentation as may be reasonably required to obtain final approval by the District Court of

the Settlement.

DATED:   March __, 2006

> **MOULTON & GANS, PC**
>
> By: _____
>           Nancy Freeman Gans   (BBO No. 184540)
> 55 Cleveland Road
> Wellesley, MA 02481
> Telephone:  (781) 235-2246
> Facsimile:  (781) 239-0353
>
> **Liaison Counsel for the Class**
>
> **MILBERG WEISS BERSHAD
> & SCHULMAN LLP**
>
> By: _____
>         Rachel Fleishman
> One Pennsylvania Plaza
> New York, New York  10119-0165
> Telephone:  (212) 594-5300
> Facsimile:  (212) 868-1229
>
> **Lead Counsel for the Class**
>
> **WILMER CUTLER PICKERING
> HALE & DORR LLP**
>
> By: _____
>         Jeffrey B. Rudman (BBO No. 433380)
>         Daniel W. Halston (BBO No. 548692)
> 60 State Street
> Boston, MA  02109
> Telephone:  (617) 526-6000
> Facsimile:  (617) 526-5000
>
> **Counsel for Defendants**

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| In Re: NETWORK ENGINES INC. SECURITIES LITIGATION | ) ) ) ) ) ) | CA NO. 03-12529-JLT |

**PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS**

WHEREAS, on March __, 2006, the parties to the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on the merits and with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2006 that:

1.     The Court hereby preliminarily approves the proposed Settlement.

2.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby conditionally certified as a class action on behalf of all persons who purchased or otherwise acquired the common stock of Network Engines, Inc. ("Network Engines") between November 6, 2003 and December 10, 2003, inclusive. Excluded from the Class are the Defendants, the officers and directors of

Network Engines during the Class Period, members of their immediate families (parents, siblings, spouses and children) and their heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest at any time during the Class Period.

3.    The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Wing Kam Yu, Blake Kunkel, and Thomas Cunningham are conditionally certified as Class Representatives.

5.    A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2006, at ___:_____ ___.m. for the following purposes:

(a)    to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

2

(b)    to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)    to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e)    to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

7.    The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), and the Proof of Claim and Release ("Proof of Claim") form, annexed hereto as Exhibits 1 and 2, respectively.

3

8.     The Court approves the appointment of Rust Consulting, Inc. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before _____, 2006, to all Class Members who can be identified with reasonable effort. The Defendants shall cause Network Engines' transfer records and shareholder information to be made available to the Claims Administrator at no cost to the Class for the purpose of identifying and giving notice to the Class Members. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased Network Engines common stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed within, seven (7) days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners. Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

9.    The Court approves the form of Publication Notice of the pendency of this class action and the proposed settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Lead Counsel shall cause the Publication Notice to be published in the national edition of Investor's Business Daily within ten days of the mailing of the Notice.  Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

10.    The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

11.    In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)    A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than _____, 2006.  Such deadline may be further extended by Court Order.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any

5

other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b)    The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

12.    Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than _____, 2006, to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion,

6

shall state that the sender requests to be excluded from the Class in the Network Engines

Securities Litigation, and must be signed by such person. Such persons requesting exclusion are

also directed to state: the date(s), price(s), and number(s) of shares of all purchases and sales of

Network Engines' common stock during the Class Period. To be effective, the written request

for exclusion must be signed by the beneficial owner of the stock, or his, her or its legal

representative. The request for exclusion shall not be effective unless it provides the required

information and is made within the time stated above, or the exclusion is otherwise accepted by

the Court.

13.    Class Members requesting exclusion from the Class shall not be entitled to

receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

14.    The Court will consider comments and/or objections to the Settlement, the Plan of

Allocation, or the award of attorneys' fees and reimbursement of expenses only if such

comments or objections and any supporting papers are filed in writing with the Clerk of the

Court, United States District Court for the District of Massachusetts, John Joseph Moakley

United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, and copies of all

such papers are served, on or before _____, 2006, upon each of the following:

Rachel S. Fleishman, Esq., Milberg Weiss Bershad & Schulman LLP, One Pennsylvania Plaza,

New York, New York 10119-0165, on behalf of the Lead Plaintiffs and the Class; and Daniel

W. Halston, Esq., Wilmer Cutler Pickering Hale & Dorr LLP, 60 State Street, Boston, MA

02109, on behalf of the Defendants. Attendance at the hearing is not necessary; however,

persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of

Allocation, and/or the request for attorneys' fees are required to indicate in their written

objection their intention to appear at the hearing. Persons who intend to object to the Settlement,

the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

15.    Pending final determination of whether the Settlement should be approved, the Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims.

16.    As provided in the Stipulation, Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Gross Settlement Fund without further order of the Court.

17.    If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Counsel or Counsel for the Defendants elects to terminate the Settlement as provided in paragraph 24 of the Stipulation, or Defendants elect to terminate the Stipulation pursuant to paragraph 22 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order certifying the Class and the Class Representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as of the date and time immediately prior to the execution of the Stipulation.

8

18.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:    Boston, Massachusetts
_____, 2006


_____
Honorable Joseph L. Tauro
UNITED STATES DISTRICT JUDGE

9

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: NETWORK ENGINES INC. SECURITIES LITIGATION | ) ) ) **CA NO. 03-12529-JLT** ) ) |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING

**If you purchased or otherwise acquired the common stock of Network Engines, Inc. ("Network Engines") between November 6, 2003 and December 10, 2003, inclusive, then you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement will provide a $2,875,000 settlement fund for the benefit of investors who bought shares of Network Engines common stock during the period between November 6, 2003 and December 10, 2003 (the "Class Period").

- The settlement resolves a lawsuit against Network Engines and certain of its officers and directors about statements made during the Class Period about its then-current financial condition and future net income.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment from, and not be bound by, the settlement. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

## SUMMARY NOTICE

Statement of Plaintiff Recovery

Pursuant to the settlement described herein, a Settlement Fund consisting of $2,875,000 in cash, plus interest, has been established. Plaintiffs estimate that there were approximately 8.7 million shares of Network Engines common stock traded during the Class Period which may have been damaged. Plaintiffs estimate that the average recovery per damaged share of Network Engines common stock under the settlement is 33.1¢ per damaged share before deduction of Court-awarded attorneys' fees and expenses. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims of all Class Members who submit acceptable Proofs of Claim. Depending on the number of claims submitted, when during the Class Period a Class Member purchased shares of Network Engines common stock, the purchase price paid, and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received, an individual Class Member may receive more or less than this average amount. *See* the Plan of Allocation on page [____] for more information on your Recognized Claim.

Statement of Potential Outcome of Case

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if plaintiffs were to have prevailed on each claim alleged. The issues on which the parties disagree include, among other things, the extent to which external factors, such as general market and industry conditions, influenced the trading price of Network Engines' common stock at various times during the Class Period and whether Defendants' public statements during the Class Period were actionable under the Federal Securities laws. The Defendants otherwise deny that they are liable to the plaintiffs or the Class and deny that plaintiffs or the Class have suffered any damages.

Statement of Attorneys' Fees and Costs Sought

Plaintiffs' Counsel are moving the Court to award attorneys' fees not to exceed one-third (33⅓%) of the Gross Settlement Fund, and for reimbursement of expenses incurred in connection with the prosecution of this Action in the approximate amount of $35,000. The requested fees and expenses would amount to an average of $11.4¢ per damaged share in total for fees and expenses. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

2

<u>Further Information</u>

Further information regarding the Action and this Notice may be obtained by contacting Lead Counsel: Rachel S. Fleishman, Esq., Milberg Weiss Bershad & Schulman LLP, One Pennsylvania Plaza, New York, New York 10119-0165, Telephone (212) 594-5300.

<u>Reasons for the Settlement</u>

The principal reason for the settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

**[END OF COVER PAGE]**

| WHAT THIS NOTICE CONTAINS |
|:---:|

### Table of Contents

Page

<u>SUMMARY NOTICE</u> ........................................................................................2

    Statement of Plaintiff Recovery ...............................................................2

    Statement of Potential Outcome of Case ...................................................2

    Statement of Attorneys' Fees and Costs Sought.........................................2

    Further Information....................................................................................3

    Reasons for the Settlement.........................................................................3

BASIC INFORMATION..................................................................................6

    1.    Why did I get this notice package?...........................................6

    2.    What is this lawsuit about? ........................................................6

    3.    Why is this a class action? ........................................................7

    4.    Why is there a settlement?.........................................................7

WHO IS IN THE SETTLEMENT......................................................................8

    5.    How do I know if I am part of the settlement?...........................8

    6.    Are there exceptions to being included?.....................................8

3

7.     What if I am still not sure if I am included? ................................................8

THE SETTLEMENT BENEFITS — WHAT YOU GET ................................................................9

8.     What does the settlement provide? ....................................................9

9.     How much will my payment be? .......................................................9

HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM ..................9

10.    How can I get a payment? ...................................................................9

11.    When would I get my payment? .........................................................9

12.    What am I giving up to get a payment or stay in the Class? ...............10

IF YOU DO NOTHING ...............................................................................................11

13.    What happens if I do nothing at all? ................................................11

THE LAWYERS REPRESENTING YOU ......................................................................11

14.    Do I have a lawyer in this case? .......................................................11

15.    How will the lawyers be paid? ..........................................................12

OBJECTING TO THE SETTLEMENT ..........................................................................12

16.    How do I tell the Court that I do not like the proposed settlement? ..........12

17.    What is the difference between objecting and excluding? ........................13

THE COURT'S SETTLEMENT FAIRNESS HEARING ...................................................13

18.    When and where will the Court decide whether to approve the
       proposed settlement? .......................................................................13

19.    Do I have to come to the hearing? ...................................................14

20.    May I speak at the hearing? .............................................................14

EXCLUDING YOURSELF FROM THE SETTLEMENT ....................................................14

21.    How do I get out of the proposed settlement? ..................................14

22.    If I do not exclude myself, can I sue Network Engines and the
       other Released Parties for the same thing later? .............................15

23.    If I exclude myself, can I get money from the proposed settlement? ..........15

4

GETTING MORE INFORMATION.................................................................15

    24.    Are there more details about the proposed settlement? ...........................15

    25.    How do I get more information?................................................15

PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS
MEMBERS .................................................................................16

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES........................18

## BASIC INFORMATION

| 1. | Why did I get this notice package? |
|---|---|

You or someone in your family may have purchased or otherwise acquired shares of Network Engines common stock during the period between November 6, 2003 and December 10, 2003, inclusive.

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Massachusetts, and the case is known as *In re Network Engines, Inc. Securities Litigation,* Civil Action No. 03-12529-JLT. This case was assigned to United States District Judge Joseph L. Tauro. The people who sued are called plaintiffs, and the company and the individuals they sued, Network Engines and John Curtis (President and Chief Executive Officer of Network Engines), Douglas Bryant (Chief Financial Officer and Vice President of Finance and Administration of Network Engines) and Lawrence Genovesi (Founder and Chairman of the Board of Directors of Network Engines), are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

Network Engines develops and manufactures server appliance solutions that deliver data storage and network security applications on server appliances. Server appliances are pre-configured network infrastructure devices designed to optimally deliver specific software application functionality while facilitating ease of deployment, improved manageability and increased security of that software application in a customer's network. A server appliance deployment is intended to reduce the total cost of ownership associated with the deployment and ongoing maintenance of mission critical software applications within a customer's IT infrastructure.

The lawsuit claimed that the Defendants misled investors by failing to disclose materially adverse facts regarding Network Engines' relationship with its key strategic partner, EMC Corporation ("EMC"), and the resulting negative impact on Network Engines distribution business. The Plaintiffs allege that the Defendants failed to disclose to the investing public that EMC was expected to renegotiate its distribution contract with Network Engines and demand price increases and other concessions that would impact Network Engines' gross profit and operating margins.

Plaintiffs further allege that investors purchased the common stock of Network Engines during the Class Period at prices artificially inflated as a result of the Defendant's failure to disclose material adverse facts regarding Network Engines in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder.

The Defendants deny that they did anything wrong, but desire to terminate the litigation in order to avoid the costs and uncertainty of litigation.

| 3. | Why is this a class action? |
|----|-----------------------------|

In a class action, one or more people called Class Representatives (in this case Wing Kam Yu, Blake Kunkel, and Thomas Cunningham), sue on behalf of people who have similar claims. All these people are a Class or Class Members. Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| 4. | Why is there a settlement? |
|----|----------------------------|

The litigation was commenced on December 17, 2003 with filing of the first complaint in the United States District Court for the District of Massachusetts. A number of other complaints were filed thereafter on behalf of different plaintiffs and each action was subsequently consolidated by the Court under the caption *In re Network Engines, Inc. Securities Litigation*, Civil Action No. 03-12529-JLT.

On March 17, 2004, the Court appointed Wing Kam Yu, Blake Kunkel, and Thomas Cunningham as Lead Plaintiffs. The Court also approved the law firms of Milberg Weiss Bershad Hynes & Lerach LLP (now known as Milberg Weiss Bershad & Schulman LLP) as Lead Counsel for the Class and Moultan & Gans, P.C. as Liaison Counsel for the Class.

On June 4, 2004, Lead Plaintiffs filed an Amended Consolidated Complaint (the "Complaint"). On August 13, 2004, the Defendants filed a motion to dismiss the Complaint, which was denied by the Court in its Order filed November 22, 2004. On December 23, 2004, the Defendants served their Answer to the Complaint in which they denied all substantive allegations of wrongdoing and asserted a number of affirmative defenses.

On October 12, 2005, the parties submitted their dispute to private mediation before retired United States District Judge Nicholas H. Politan. At the conclusion of the mediation, the parties reached a preliminary agreement in principle on the terms of a settlement. That way, they avoid the risks, costs and delays of a trial, and the people affected will receive compensation. The Lead Plaintiffs and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the settlement? |
|---|---|

The Court directed, that for the purposes of the proposed settlement, that everyone who fits this description is a Class Member: *all persons who purchased or otherwise acquired the common stock of Network Engines between November 6, 2003 and December 10, 2003, inclusive.*

| 6. | Are there exceptions to being included? |
|---|---|

Excluded from the Class are the Defendants, the officers and directors of Network Engines, during the Class Period, members of their immediate families (parents, siblings, spouses and children) and their heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest at any time during the Class Period.

If one of your mutual funds purchased shares of Network Engines common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you directly purchased or otherwise acquired shares of Network Engines common stock during the Class Period. Check your investment records or contact your broker to see if you purchased or otherwise acquired Network Engines common stock during the Class Period.

If you **sold** Network Engines common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you **purchased or otherwise acquired** your shares during the Class Period.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can call 1-866-216-0252 or visit *www.networkenginessettlement.com* for more information. Or you can fill out and return the Proof of Claim form described on page [    ], in question 10, to see if you qualify.

8

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

| 8. | What does the settlement provide? |
|---|---|

In exchange for the Settlement and dismissal of the Action, the Defendants have agreed to create a $2,875,000 fund to be divided, after fees and expenses, among all Class Members who send in a valid Proof of Claim form.

| 9. | How much will my payment be? |
|---|---|

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, how many shares of Network Engines stock you bought or acquired, how much you paid for them, and when you bought or acquired your shares and whether or when you sold them, and if so for how much you sold them.

You can calculate your Recognized Claim in accordance with the formula shown below in the Plan of Allocation. It is unlikely that you will get a payment for all of your Recognized Claim. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claims. See the Plan of Allocation on page [____] for more information on your Recognized Claim.

**HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM**

| 10. | How can I get a payment? |
|---|---|

To qualify for a payment, you must send in a Proof of Claim form. A Proof of Claim form is being circulated with this Notice. You may also get a Proof of Claim form on the Internet at *www.networkenginessettlement.com*. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, 2006.

| 11. | When would I get my payment? |
|---|---|

The Court will hold a hearing on _____, 2006, to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

9

| 12. | What am I giving up to get a payment or stay in the Class? |
|---|---|

Unless you exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date," you will release all "Settled Claims" (as defined below).

"Settled Claims" means any and all direct, individual or class claims (including Unknown Claims, as defined in the Stipulation), debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for compensatory damages, punitive damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, liability or relief, monetary, injunctive, or otherwise), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and unknown, pleaded or unpleaded, suspected or unsuspected claims, (i) that have been asserted in this Action by the Lead Plaintiffs, Class Members or any of them against any of the Released Parties, (ii) that could have been, or could in the future be, asserted in any forum by the Lead Plaintiffs, Class Members or any of them against any of the Released Parties which arise out of or are based upon or relate in anyway to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, sale or acquisition of shares of the common stock of Network Engines by the Lead Plaintiffs, Class Members or any of them during the Class Period, or (iii) that arise out of or relate in any way to the defense or settlement of this Action (except for claims to enforce this Settlement). Expressly excluded from this Settlement and any release contained herein are any and all claims that have been asserted or could be asserted under the Securities Act of 1933, the Securities Exchange Act of 1934, the Sherman Act, New York General Business Law § 340 (or any similar law of any other state), or any other laws, for any conduct complained of in (i) In re Network Engines, Inc. Initial Public Offering Securities Litigation, 01 Civ. 10894 (SAS), as coordinated for pretrial purposes in In re Initial Public Offering Securities Litigation, Master File No. 21 MC 92 (SAS), pending in the United States District Court for the Southern District of New York, and (ii) In re Initial Public Offering Antitrust Litigation, 01 Civ. 2014 (WHP), on appeal to the United States Court of Appeals for the Second Circuit as Case No. 03-9284(L), 03-9288 (CON).

"Released Parties" means any and all of the Defendants, their past, present or future subsidiaries, parents, affiliates, predecessors, successors, assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, agents, employees, attorneys, auditors, accountants, underwriters, advisers, insurers, co-insurers, and re-insurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, predecessors, successors in interest or assigns of the Defendants and/or any members of the immediate family of any Defendant.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal.

10

If the Settlement is approved by the Court, all Settled Claims which have or could have been asserted in the Complaint in the Action will be dismissed with prejudice as to all Lead Plaintiffs and Class Members who shall be forever barred from prosecuting a Class Action or any other action raising Settled Claims.  The Settlement also provides that the Defendants or Insurer may withdraw from and terminate the Settlement in the event that Class Members who purchased in excess of a certain number of shares of Network Engines common stock on the open market during the Class Period exclude themselves from the Class.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## IF YOU DO NOTHING

| 13. | What happens if I do nothing at all? |
| --- | --- |

If you do nothing, you will get no money from this settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit about the Settled Claims in this case, ever again.  To share in the Net Settlement Fund you must submit a Proof of Claim form (see question 10 above).  To start, continue or be a part of any other lawsuit against Network Engines and the other Released Parties about the Settled Claims in this case you must exclude yourself from this Class (see question 21 below).

If you have a pending lawsuit speak to your lawyer in that case immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2006.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
| --- | --- |

The Court ordered that the law firm of Milberg Weiss Bershad & Schulman in New York, New York will represent all Class Members.  These lawyers are called Lead Counsel.  You will not be separately charged for these lawyers.  The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Gross Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

11

| 15. | How will the lawyers be paid? |
|-----|-------------------------------|

Lead Counsel are moving the Court to award attorneys' fees from the Gross Settlement Fund in an amount of one-third (33-1/3%) of the Gross Settlement Fund and for reimbursement of their expenses in the approximate amount of $35,000, plus interest on such expenses at the same rate as earned by the Settlement Fund. Lead Counsel, without further notice to the Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class and any proceedings subsequent to the Settlement Fairness Hearing.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 16. | How do I tell the Court that I do not like the proposed settlement? |
|-----|---------------------------------------------------------------------|

If you are a Class Member you can object to the Settlement or any of its terms, the proposed Plan of Allocation and/or the application by Lead Counsel for an award of fees and expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the Settlement terms or arrangements. The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed settlement in the Network Engines Securities Litigation. Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Network Engines common stock you made during the Class Period, and state the reasons why you object to the Settlement. Your objection must be filed with the Court and served on all the following counsel on or before _____, 2006 at the following addresses:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|-------|--------------|---------------------|
| Clerk of the Court<br>United States District Court for<br>the District of Massachusetts<br>John Joseph Moakley United<br>States Courthouse<br>1 Courthouse Way, Suite 2300<br>Boston, MA 02210 | Rachel S. Fleishman, Esq.<br>Milberg Weiss Bershad &<br>Schulman LLP<br>One Pennsylvania Plaza<br>New York, NY 10119-0165 | Daniel W. Halston, Esq.<br>Wilmer Cutler Pickering<br>Hale & Dorr LLP<br>60 State Street<br>Boston, MA 02109 |

12

You do not need to go to the Settlement Fairness Hearing to have your written objection considered by the Court. At the Settlement Fairness Hearing, any Class Member who has not previously submitted a request for exclusion from the Class and who has complied with the procedures set out in this question 16 and question 20 below for filing with the Court and providing to the counsel for Plaintiffs and Defendants a statement of an intention to appear at the Settlement Fairness Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Hearing.

| 17. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, see below, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed settlement? |
|---|---|

The Court will hold a Settlement Fairness Hearing at ___:_____ ___.m. on ____day, _____, 2006, at the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. At the Settlement Fairness Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and the application of Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions at question 16. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question 20 for more information about speaking at the hearing. The Court may also decide how much to pay to Plaintiffs' Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Fairness Hearing. Thus, if you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

| 19. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No. Plaintiffs' Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|-----|-----------------------------|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must include with your objection (see question 16 above) a statement stating that it is your "Notice of Intention to Appear in *In re Network Engines, Inc. Securities Litigation*, Civil Action No. 03-12529-JLT." Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. You cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Fairness Hearing by the deadline identified, and in accordance with the procedures described in questions 16 and 18 above.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep any right you may have to sue or continue to sue Network Engines and the other Released Parties, on your own, about the Settled Claims, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the settlement Class.

| 21. | How do I get out of the proposed settlement? |
|-----|----------------------------------------------|

To exclude yourself from the settlement Class, you must send a signed letter by mail stating that you "request exclusion from the Class in *In re Network Engines, Inc. Securities Litigation*, Civil Action No. 03-12529-JLT." Your letter should state the date(s), price(s), and number(s) of shares of all your purchases, acquisitions, and sales of Network Engines common stock during the Class Period. In addition, be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than _____, **2006** to:

14

Network Engines Securities Litigation Exclusions
c/o Rust Consulting, Claims Administrator
P.O. Box 1808
Faribault, MN 55201-1808

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

| | |
|---|---|
| **22.** | **If I do not exclude myself, can I sue Network Engines and the other Released Parties for the same thing later?** |

No. Unless you exclude yourself, you give up any rights to sue Network Engines and the other Released Parties for any and all Settled Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is _____, 2006.

| | |
|---|---|
| **23.** | **If I exclude myself, can I get money from the proposed settlement?** |

No. If you exclude yourself, you are not entitled to any payment from the Settlement and you may not send in a Proof of Claim form to ask for any money.

## GETTING MORE INFORMATION

| | |
|---|---|
| **24.** | **Are there more details about the proposed settlement?** |

This notice summarizes the proposed settlement. More details are in a Stipulation and Agreement of Settlement dated March ___, 2006 (the "Stipulation"). You can get a copy of the Stipulation by writing to Rachel S. Fleishman, Esq., Milberg Weiss Bershad & Schulman LLP, One Pennsylvania Plaza, New York, New York 10119-0165. You also can call the Claims Administrator at 1-866-216-0252 toll free; write to Network Engines Securities Litigation, c/o Rust Consulting, Claims Administrator, P.O. Box 1808, Faribault, MN 55201-1808; or visit the website at *www.networkenginessettlement.com*, where you will find answers to common questions about the settlement, a Proof of Claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

| | |
|---|---|
| **25.** | **How do I get more information?** |

For even more detailed information concerning the matters involved in this Action, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other

15

papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, during regular business hours.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The $2,875,000 Cash Settlement Amount and the interest earned thereon shall be the Gross Settlement Fund. The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The following proposed Plan of Allocation reflects Plaintiffs' proposition that the price of Network Engines common stock was inflated by reason of the allegedly false and misleading statements made by Defendants during the Class Period until December 10, 2003 when, upon the revelations made by Network Engines prior to the opening of trading, the price of Network Engines' common stock declined precipitously, reflecting the elimination of the artificial inflation that the Defendants' misrepresentations allegedly caused. On December 9, 2003 Network Engines' common stock closed at $10.02 per share. Following Network Engines' early morning announcement on December 10, 2003, Network Engines' common stock closed at $6.10 per share, a $3.92 drop. "Recognized Claims" will be calculated for purposes of the Settlement as follows:

(1)    If the shares purchased during the Class Period were sold at a loss on or before December 9, 2003 an Authorized Claimant's "Recognized Claim" from such shares shall mean 10%[1] of the difference between the purchase price paid (including commissions, etc.) and the sales proceeds received (net of commissions, etc.)

(2)    If the shares purchased during the Class Period were sold at a loss on December 10, 2003 an Authorized Claimant's "Recognized Claim" shall mean the *lesser of:* *(a)* the difference between the purchase price paid (including commissions, etc.) and the sales proceeds received (net of commissions, etc.), *or (b)* $3.92 per share, the amount that the stock dropped upon the disclosure.

(3)    If the shares purchased during the Class Period were still held as of the close of trading on December 10, 2003 an Authorized Claimant's "Recognized Claim" shall

---

[1]    This discount is intended to recognize the greater difficulty a class member who sold before the corrective disclosure would face in proving that the loss was caused by the Defendants alleged misstatements.

16

mean the *lesser of: (a)* $3.92 per share, the amount that the stock dropped upon the disclosure, *or (b)* the purchase price (including commissions, etc.) less $6.10 per share, the value of the shares as of the close of trading on December 10, 2003.

Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her or its Recognized Claim compared to the Total Recognized Claims of all accepted claimants.

In the event a Class Member has more than one purchase or sale of Network Engines common stock, all purchases and sales shall be matched on a First In First Out ("FIFO") basis, and Class Period sales will be matched first against any Network Engines shares held at the beginning of the Class Period and then against purchases in chronological order.  A purchase or sale of Network Engines common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, devise or operation of law of Network Engines common stock during the Class Period shall not be deemed a purchase or sale of Network Engines common stock for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment.

To the extent a Claimant had a gain from his, her or its overall transactions in Network Engines common stock during the Class Period, the value of the Recognized Claim will be zero.  To the extent that a Claimant suffered an overall loss on his, her or its overall transactions in Network Engines common stock during the Class Period, but that loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the actual loss.

For purposes of determining whether a Claimant had a gain from his, her or its overall transactions in Network Engines common stock during the Class Period or suffered a loss, the Claims Administrator shall:  (i) total the amount paid for all Network Engines common stock purchased during the Class Period by the claimant (the "Total Purchase Amount"); (ii) match any sales of Network Engines common stock during the Class Period first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for sales of the remaining shares of Network Engines common stock sold during the Class Period (the "Sales Proceeds"); and (iv) ascribe a $6.10 per share holding value for the number of shares of Network Engines common stock purchased during the Class Period and still held at the end of the Class Period ("Holding Value").  The difference between (x) the Total Purchase Amount ((i) above) and (y) the sum of the Sales Proceeds ((iii) above) and the Holding Value ((iv) above) will be deemed a Claimant's gain or loss on his, her or its overall transactions in Network Engines common stock during the Class Period.

Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.

Class Members who do not submit acceptable Proofs of Claim will not share in the settlement proceeds.  Class Members who do not either submit a request for exclusion or submit an

acceptable Proof of Claim will nevertheless be bound by the settlement and the Order and Final Judgment of the Court dismissing this Action.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel.

Plaintiffs, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired common stock of Network Engines during the period between November 6, 2003 and December 10, 2003, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired Network Engines common stock during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of that Network Engines common stock. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

Network Engines Securities Litigation Settlement Fund
c/o Rust Consulting, Claims Administrator
P.O. Box 1808
Faribault, MN 55201-1808
1-866-216-0252

All inquiries concerning this Notice or the Proof of Claim Form by Class Members should be made to the Claims Administrator.  No inquiries should be directed to the Court or the Clerk's Office.

Dated:          Boston, Massachusetts
                _____, 2006

                                        By Order of the Court
                                        CLERK OF THE COURT

# EXHIBIT 2

1.    I purchased or otherwise acquired the common stock of Network Engines between November 6, 2003 and December 10, 2003, inclusive. (Do not submit this Proof of Claim if you did not purchase or otherwise acquire Network Engines common stock during this period).

2.    By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), or am acting for such person; that I am not a Defendant in the Action or anyone excluded from the Class[1]; that I have read and understand the Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Notice; and that I have not submitted a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member (e.g., as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.    I consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I understand and agree that my claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my status as a Class Member and the validity and

---

[1]    Excluded from the Class are the Defendants, the officers and directors of Network Engines, during the Class Period, members of their immediate families (parents, siblings, spouses and children) and their heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest at any time during the Class Period.

2

amount of my claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

4.      I have set forth where requested below all relevant information with respect to each purchase or other acquisition of Network Engines common stock during the Class Period, and each sale, if any, of such securities.  I agree to furnish additional information (including transactions in other Network Engines securities) to the Claims Administrator to support this claim if requested to do so.

5.      I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, sale or retention of Network Engines common stock listed below in support of my claim.  (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.      I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification.  (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim.  In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as options.)

7.    Upon the occurrence of the Effective Date my signature hereto will constitute a full and complete release, remise and discharge by me and my heirs, agents, executors, administrators, predecessors, successors, and assigns, beneficiaries, and any persons I represent (or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of all "Settled Claims," as defined in the Notice.

8.    NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-866-216-0252 or visit their website at *www.networkenginessettlement.com* to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

9.    Statement of Claim

Name(s) of Beneficial Owner(s):

_____
Name

_____
Joint Owner's Name (if any)

Address of Beneficial Owner(s):

4

_____

Street No.

_____ ____

City        State    Zip Code

( )_____    ( )_____

Telephone No. (Day)        Telephone No. (Night)

_____

Taxpayer I.D. No. or Social Security No.

Check one:

\_\_\_ Individual        \_\_\_ Corporation
\_\_\_ Joint Owners      \_\_\_ IRA
\_\_\_ Estate            \_\_\_ Other _____ (specify)

10.     At the close of business on November 5, 2003, I owned _____ shares of Network Engines common stock (If none, write 0).

11.     I made the following purchases of Network Engines common stock during the period November 6, 2003 through December 10, 2003, inclusive (NOTE: If you acquired your Network Engines common stock during this period other than by an open market purchase, please provide a complete description of the terms of the acquisition on a separate page.):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| \_\_\_/\_\_/\_\_\_\_ | _____ | $_____ | $_____ |
| \_\_\_/\_\_/\_\_\_\_ | _____ | $_____ | $_____ |
| \_\_\_/\_\_/\_\_\_\_ | _____ | $_____ | $_____ |
| \_\_\_/\_\_/\_\_\_\_ | _____ | $_____ | $_____ |
| \_\_\_/\_\_/\_\_\_\_ | _____ | $_____ | $_____ |

12.     I made the following sales of Network Engines common stock during the period November 6, 2003 through December 10, 2003, inclusive:

5

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |

13.    At the close of trading on December 10, 2003, I owned _____ shares of

Network Engines common stock (If none, write 0).

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE
AND SIGN AND PRINT YOUR NAME ON EACH ADDITIONAL PAGE.

14.    Substitute Form W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most

individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.")

requires such taxpayer identification number.  If you fail to provide this information, your claim

may be rejected.

_____
Social Security Number (for individuals) or

_____
Taxpayer Identification Number
(for estates, trusts, corporations, etc.)

15.    Certification

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions

of Section 3406 (a)(1)(c) of the Internal Revenue Code because:  (a) I am (We are) exempt from

6

backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject

to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S.

has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:   If you have been notified by the I.R.S. that you are subject to backup withholding,

please strike out the language that you are not subject to backup withholding in the certification

above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE

INFORMATION PROVIDED ON THIS FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

_____

(Signature)

_____

(Signature)

_____

(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

Date: _____

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN _____,

2006, AND MUST BE MAILED TO:

> Network Engines Securities Litigation Settlement Fund
> c/o Rust Consulting, Claims Administrator
> P.O. Box 1808
> Faribault, MN 55201-1808

A Proof of Claim received by the Claims Administrator shall be deemed to have been

submitted when posted, if mailed by _____, 2006, and if a postmark is indicated on

the envelope and it is mailed first class, and addressed in accordance with the above instructions.

In all other cases, a Proof of Claim shall be deemed to have been submitted when actually

received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of

the Proofs of Claim and to administer the Settlement. This work will be completed as promptly

as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the

Claims Administrator of any change of address.

### REMINDER CHECKLIST

1.     ☐     Please be sure to sign this Proof of Claim on page [__]. If this Proof of Claim is
submitted on behalf of joint claimants, then both claimants must sign.

2.     ☐     Please remember to attach supporting documents. Do NOT send any stock
certificates. Keep copies of everything you submit.

3.     ☐     Do NOT use highlighter on the Proof of Claim or any supporting documents.

4.     ☐     If you move after submitting this Proof of Claim, please notify the Claims
Administrator of the change in your address.

### NOTE:  RECEIPT ACKNOWLEDGMENT NEEDED

The Claims Administrator will send a written confirmation of its receipt of your Proof of

Claim. Do not assume your claim is submitted until you receive written confirmation of its

8

receipt.  Your claim is not deemed fully filed until the Claims Administrator sends you written

confirmation of its receipt of your Proof of Claim.  If you do not receive an acknowledgement

postcard within thirty (30) days of your mailing the Proof of Claim, then please call the Claims

Administrator toll free at 1-866-216-0252.

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In Re: NETWORK ENGINES INC.          )
SECURITIES LITIGATION                )
                                     )    CA NO. 03-12529-JLT
                                     )
                                     )

### SUMMARY NOTICE OF PENDENCY OF CLASS ACTION,
### PROPOSED SETTLEMENT AND SETTLEMENT HEARING

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE
       COMMON STOCK OF NETWORK ENGINES, INC. ("NETWORK ENGINES")
       DURING THE PERIOD BETWEEN NOVEMBER 6, 2003 AND DECEMBER 10,
       2003, INCLUSIVE (THE "CLASS").

       YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the Court, that the above-captioned action has been conditionally

certified as a class action and that a settlement for $2,875,000 has been proposed.  A hearing will

be held before the Honorable Joseph L. Tauro in the United States District Court for the District

of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite

2300, Boston, MA  02210, at ___:_____ __.m., on _____, 2006 to determine

whether the above action should be certified as a class action, whether the proposed settlement

should be approved by the Court as fair, reasonable, and adequate, and to consider the

application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses.

       IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS

WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT

FUND.  If you have not yet received the full printed Notice of Pendency of Class Action and

Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing and a Proof of

Claim form, you may obtain copies of these documents by contacting the Claims Administrator:

Network Engines Securities Litigation Settlement Fund
c/o Rust Consulting, Claims Administrator
P.O. Box 1808
Faribault, MN 55201-1808
1-866-216-0252
*www.networkenginessettlement.com*

Inquiries, other than requests for the forms of Notice and Proof of Claim, may be made to Lead

Counsel:

Rachel S. Fleishman, Esq.
MILBERG WEISS BERSHAD
& SCHULMAN LLP
One Pennsylvania Plaza
New York, NY 10119-0165
(212) 594-5300

To participate in the Settlement, you must submit a Proof of Claim no later than

_____, 2006. If you are a Class Member and do not exclude yourself from the Class

or do not submit a proper Proof of Claim you will not share in the settlement, but you will be

bound by the Order and Final Judgment of the Court. To exclude yourself from the Class, you

must submit a request for exclusion postmarked no later than _____, 2006. Any

objections to the Settlement must be filed by _____, 2006.

Further information may be obtained by contacting the Claims Administrator. Please do

not contact the Court or the Clerk's Office for information.

By Order of The Court

2

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In Re:  NETWORK ENGINES INC. <br> SECURITIES LITIGATION | ) <br> ) <br> )  **CA NO. 03-12529-JLT** <br> ) <br> ) |

## ORDER AND FINAL JUDGMENT

On the _____ day of _____, 2006, a hearing (the "Settlement Fairness Hearing") having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March ___, 2006 (the "Stipulation"), a copy of which is annexed hereto as Exhibit 1, are fair, reasonable and adequate for the settlement of all Settled Claims asserted or that could have been asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired the common stock of Network Engines, Inc. ("Network Engines") between November 6, 2003 and December 10, 2003, inclusive (the "Class Period"), except those persons or entities excluded

from the definition of the Class, as shown by the records of Network Engines' transfer agent, at

the respective addresses set forth in such records, and that a summary notice of the hearing

substantially in the form approved by the Court was published in the national edition of The

Investor's Business Daily pursuant to the specifications of the Court; and the Court having

considered and determined the fairness and reasonableness of the award of attorneys' fees and

expenses requested; and all capitalized terms used herein having the meanings as set forth and

defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, the Lead

Plaintiffs, all Class Members, and the Defendants.

2.      The Court finds for purposes of the Settlement that the prerequisites for a class

action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that:  (a)

the number of Class Members is so numerous that joinder of all members thereof is

impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the

Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class

Representatives have and will fairly and adequately represent the interests of the Class; (e) the

questions of law and fact common to the members of the Class predominate over any questions

affecting only individual members of the Class; and (f) a class action is superior to other

available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby

finally certifies the Class for purposes of the Settlement on behalf of all Persons who purchased

or otherwise acquired the common stock of Network Engines between November 6, 2003 and

December 10, 2003, inclusive.  Excluded from the Class are the Defendants, the officers and

directors of Network Engines, during the Class Period, members of their immediate families (parents, siblings, spouses and children) and their heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest at any time during the Class Period. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4.      Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5.      The Settlement is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6.      The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, and the Action and all actions consolidated into the Action, are hereby dismissed with prejudice and without costs.

7.      Lead Plaintiffs and members of the Class, except for persons listed on Exhibit 2 who have properly requested exclusion from the Class, on behalf of themselves, their heirs,

3

agents, executors, administrators, predecessors, successors and assigns, and their personal representatives, are hereby permanently barred, enjoined, and precluded from instituting, commencing or prosecuting any and all Settled Claims (as that term is defined in the Stipulation). The Settled Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. Expressly excluded from this Settlement and any release contained herein are any and all claims that have been asserted or could be asserted under the Securities Act of 1933, the Securities Exchange Act of 1934, the Sherman Act, New York General Business Law § 340 (or any similar law of any other state), or any other laws, for any conduct complained of in (i) *In re Network Engines, Inc. Initial Public Offering Securities Litigation*, 01 Civ. 10894 (SAS), as coordinated for pretrial purposes in *In re Initial Public Offering Securities Litigation*, Master File No. 21 MC 92 (SAS), pending in the United States District Court for the Southern District of New York, and (ii) *In re Initial Public Offering Antitrust Litigation*, 01 Civ. 2014 (WHP), on appeal to the United States Court of Appeals for the Second Circuit as Case No. 03-9284(L), 03-9288 (CON).

8.      The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all Settled Defendants' Claims. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9.      Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

4

      (a)     offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any other litigation or proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation or proceeding, or of any liability, negligence, fault, or wrongdoing of the Defendants;

      (b)     offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

      (c)     offered or received against the Defendants as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants may refer to it to effectuate the liability protection granted them hereunder;

      (d)     construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

      (e)     construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Class Members that any of their claims are

without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

10.     The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

11.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12.     Plaintiffs' Counsel are hereby awarded [_____% of the Gross Settlement Fund] [the sum of $_____] in fees, which sum the Court finds to be fair and reasonable, and $_____ in reimbursement of expenses, which [expenses] [amounts] shall be paid to Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.  The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

13.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a)     the Settlement has created a fund of $2,875,000 in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b)     Over _____ copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to _____% of the Gross Settlement Fund and for reimbursement of expenses in an amount of approximately $_____ and [_____] objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)     The action involves complex factual and legal issues and was actively prosecuted over _____ years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(f)     Plaintiffs' Counsel have devoted over _____ hours, with a lodestar value of $_____, to achieve the Settlement; and

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

14.     If the Settlement does not become Final in accordance with the terms of the Stipulation, then this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered in connection therewith shall be vacated and

7

rendered null and void.  However, any appeal of the Plan of Allocation, attorneys' fees or costs and expenses shall not prevent the Settlement from becoming effective.

15.    This judgment constitutes the final discharge of all obligations of Defendants to the Class arising out of the Action.  The terms of the Settlement and of this Order and Final Judgment shall be forever binding on the Plaintiffs and members of the Class and shall have res judicata and other preclusive effect in all pending and future claims, litigation or other proceedings maintained by or on behalf of the Plaintiffs or any Class Member to the extent those claims, litigation or other proceedings involve any of the Settled Claims.

16.    Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

17.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:        Boston, Massachusetts
              _____, 2006

8

Honorable Joseph L. Tauro
UNITED STATES DISTRICT JUDGE