UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In Re:  NETWORK ENGINES INC.<br>SECURITIES LITIGATION | ) **CA NO. 03-12529-JLT**<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' COUNSEL'S
APPLICATION FOR AN AWARD OF ATTORNEYS' FEES
<u>AND REIMBURSEMENT OF EXPENSES</u>**

**MOULTON & GANS, P.C.**
Nancy Freeman Gans
BBO No. 184540
55 Cleveland Road
Wellesley, MA 02481
(781) 235-2246

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**
George A. Bauer III
Andrew Wilmar
One Pennsylvania Plaza
New York, NY  10119-0165
(212) 594-5300

**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
Samuel H. Rudman
David A. Rosenfeld
200 Broadhollow Road, Suite 406
Melville, NY 11747
(631) 367-7100

**BROWER PIVEN, A Professional Association**
Charles J. Piven
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
(410) 986-0036

Dated:  July 19, 2006

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. THE SERVICES PERFORMED AND BENEFIT ACHIEVED .........................................2

III. THE REQUESTED FEE AND EXPENSE AWARD IS FAIR AND
 REASONABLE ....................................................................................................................4

    A. The Common Fund Doctrine ................................................................................4

    B. The First Circuit Has Expressed a Preference for the Percentage of Fund
       Method in Awarding Fees in Common Fund Cases .................................................5

    C. The Requested One-Third Fee Award Is Well Within the Applicable
       Range of Percentage of Fund Awards ......................................................................7

    D. The Fee Request Is Also Fully Justified Under the Lodestar/Multiplier
       Approach ..................................................................................................................10

    E. The Expenses Incurred by Lead Plaintiffs' Counsel Were Reasonable .................11

IV. CONCLUSION ....................................................................................................................12

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Adams v. Standard Knitting Mills Inc.*,
   [1978 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶96,377 (E.D. Tenn. Jan. 6, 1978)..............9

*In re Ampicillin Antitrust Litig.*,
   526 F. Supp. 494 (D.D.C. 1981).........................................................................................9

*In re AremisSoft Corp. Sec. Litig.*,
   210 F.R.D. 109 (D.N.J. 2002).............................................................................................9

*Baron v. Com. & Indus. Bank of Memphis*,
   [1979-1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶97,132 (S.D.N.Y. Oct. 3, 1979)......9

*Bateman Eichler, Hill Richards, Inc. v. Berner*,
   472 U.S. 299 (1985).............................................................................................................4

*Beech Cinema, Inc. v. Twentieth Century Fox Film Corp.*,
   480 F. Supp. 1195 (S.D.N.Y. 1979), *aff'd*, 622 F.2d 1106 (2d Cir. 1980) ..............................9

*Blum v. Stenson*,
   465 U.S. 886 (1984)........................................................................................................5, 7

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980).............................................................................................................4

*In re Boston & Maine Corp.*,
   778 F.2d 890 (1st Cir. 1985)...............................................................................................11

*Camden I Condo. Ass'n v. Dunkle*,
   946 F.2d 768 (11th Cir. 1991).............................................................................................6

*City Nat'l Bank v. Am. Commonwealth Fin. Corp.*,
   657 F. Supp. 817 (W.D.N.C. 1987)...................................................................................9

*Conley v. Sears Roebuck & Co.*,
   222 B.R. 181 (D. Mass. 1998)...........................................................................................11

*In re Cont'l Ill. Sec. Litig.*,
   962 F.2d 566 (7th Cir. 1992).........................................................................................7, 12

*In re Crazy Eddie Sec. Litig.*,
   824 F. Supp. 320 (E.D.N.Y. 1993)......................................................................................9

*In re Employee Benefit Plans Sec. Litig.*,
 [1993 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶97,669 (D. Minn. Jun. 2, 1993)..................9

*In re Fidelity/Micron Sec. Litig.*,
 167 F.3d 735 (1st Cir. 1999)..............................................................................................12

*In re Franklin Nat'l Bank Sec. Litig.*,
 [1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶97,571 (E.D.N.Y. June 24, 1980) .............9

*Furtado v. Bishop*,
 635 F.2d 915 (1st Cir. 1980)................................................................................................7

*J.I. Case Co. v. Borak*,
 377 U.S. 426 (1964)............................................................................................................4

*In re M.D.C. Holdings Sec. Litig.*,
 No. CV 89-0090 E (M), 1990 U.S. Dist. LEXIS 15488 (S.D. Cal. Aug. 30, 1990)..................9

*Malanka v. de Castro*,
 No. 85-2154-MC, 1990 U.S. Dist. LEXIS 18171 (D. Mass. Nov. 20, 1990)..........................8

*Maley v. Del Global Techs. Corp.*,
 186 F. Supp. 2d 358 (S.D.N.Y. 2002).....................................................................................9

*Mashburn v. Nat'l Healthcare, Inc.*,
 684 F. Supp. 679 (M.D. Ala. 1988) .......................................................................................4

*McKenzie Constr. Inc. v. Maynard*,
 758 F.2d 97 (3d Cir. 1985)...................................................................................................9

*Missouri v. Jenkins*,
 491 U.S. 274 (1989).......................................................................................................7, 10

*Nilsen v. York County*,
 400 F. Supp. 2d 266 (D. Me. 2005) ......................................................................................5

*In re Relafen Antitrust Litig.*,
 231 F.R.D. 52 (D. Mass. 2005)............................................................................................10

*Ressler v. Jacobson*,
 149 F.R.D. 651 (M.D. Fla. 1992).....................................................................................5, 12

*In re Sequoia System Sec. Litig.*,
 [1993-1994 Transfer Binder] Fed. Sec. L. Rep.
 (CCH) ¶98,089 (D. Mass. Sept. 10, 1993).......................................................................7, 12

*Swedish Hosp. Corp. v. Shalala*,
 1 F.3d 1261 (D.C. Cir. 1993)................................................................................................6

*In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*,
   56 F.3d 295 (1st Cir. 1995)..................................................................................5, 6, 7

*Trustees v. Greenough*,
   105 U.S. 527 (1882).......................................................................................................4

*In re Xcel Energy, Inc.*,
   364 F. Supp. 2d 980 (D. Minn. 2005)........................................................................10

## DOCKETED CASES

*In re Allaire Corp. Sec. Litig.*,
   No. 00-CV-11972 (WGY) (D. Mass. December 1, 2003)........................................11

*In re Bay Finance Corp. Sec. Litig.*,
   No. 89-2377-WD (D. Mass. Nov. 4, 1996) ..................................................................8

*In re CVS Corp. Sec. Litig.*,
   C.A. No. 01-11464 (JLT) (D. Mass. September 7, 2005).....................................8, 11

*Chalverus v. Pegasystems, Inc.*,
   No. 97-12570-WGY (D. Mass. Dec. 19, 2000)............................................................8

*Deckler v. Ionics, Inc., et al.*,
   No. 03-cv-10393-WGY (D. Mass Apr. 4, 2005) .........................................................8

*Hwang v. Smith Corona Corp.*,
   No. 89-cv-00450-TFGD (D. Conn. Mar. 12, 1992)....................................................9

*Margaret Hall Found., Inc., v. Atl. Fin. Mgmt., Inc.*,
   No. 82-2534-WJS (D. Mass. May 8, 1989) .................................................................8

*Morton v. Kurzweil Applied Intelligence, Inc.*,
   No. 94-10829-REK (D. Mass. Feb. 4, 1998) ..............................................................8

*In re NutraMax Prods. Sec. Litig.*,
   00-CV-10861 (RGS) (D. Mass. May 17, 2002).........................................................11

*In re Picturetel Corp. Sec. Litig.*,
   No. 97-12135-DPW (D. Mass. Nov. 4, 1999) .............................................................8

*In re Segue Software, Inc.*,
   No. 99-10891-RGS (D. Mass. July 31, 2001) .............................................................8

*Wilensky v. Digital Equip. Corp.*,
   No. 94-10752-JLT (D. Mass. July 11, 2001) ..............................................................8

*Zeid v. Open Env't Corp.*,
   No. 96-12466-EFH (D. Mass. June 24, 1999)............................................................8

*Zoll Med. Corp. Sec. Litig.*,
   No. 94-11579-NG (D. Mass. Oct. 5, 1998) ..................................................................................8

**FEDERAL STATUTES**

Fed. R. Civ. P. 1 ..........................................................................................................................10

**OTHER AUTHORITIES**

*Court Awarded Attorney Fees*,
   108 F.R.D. 237 (1985) ............................................................................................................6

## I. INTRODUCTION

Plaintiffs' Counsel hereby submit this application for an award of attorneys' fees and reimbursement of expenses from the Gross Settlement Fund created by Plaintiffs' Counsel through the Settlement of this action. Plaintiffs' Counsel are the law firms of Milberg Weiss Bershad & Schulman LLP (previously known as Milberg Weiss Bershad Hynes & Lerach LLP), Lead Counsel for the Class; Lerach Coughlin Stoia Geller Rudman & Robbins LLP, counsel for Plaintiffs Sergio and Ricardo Guerrera; Moulton & Gans, P.C.; and Brower Piven, a Professional Association (previously known as the Law Offices of Charles J. Piven, P.A.). Plaintiffs' Counsel served as counsel to the Lead Plaintiffs and the Class in this action. Through their efforts, Plaintiffs' Counsel have obtained a $2,875,000 recovery for the Class herein. The proposed Settlement is embodied in the Stipulation and Agreement of Settlement dated March 29, 2006 (the "Stipulation"). As compensation for obtaining this common fund recovery for the Class, Plaintiffs' Counsel respectfully seek an award of attorneys' fees of one-third (33-1/3%) of the Gross Settlement Fund and reimbursement of their reasonable expenses incurred in the prosecution and settlement of this action, in the amount of $36,566.54. In light of the services performed, the risk undertaken, and the result obtained, these fees and expenses are fair and reasonable and should be approved by the Court.

In accordance with the Preliminary Order For Notice and Hearing in Connection with Settlement Proceedings, entered by this Court on April 4, 2006 (the "Preliminary Approval Order"), more than eight thousand copies of the Notice of Pendency of class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") have been distributed to potential Class Members, brokers, banks and other nominees. *See* Affidavit of Kim R. Schmidt Re: (A) Mailing of the Notice and Proof of Claim, and (B) Report

on Receipt of Exclusion Requests, submitted herewith (the "Schmidt Affidavit").[1] The Notice advised Class Members, among other things, that Plaintiffs' Counsel would apply for an award of attorneys' fees not to exceed one third of the Settlement Fund and reimbursement of expenses of approximately $35,000. The Notice further provided all Class Members could object to the requested fees or expenses merely by sending a letter to the Court and counsel. Class Members were also advised in the Notice that they did not need to go to the Settlement Fairness Hearing to have their written objection considered by the Court, although they could appear if they wanted to and included with their objection a statement indicating their intention to appear at the Settlement Hearing. Objections were required to be submitted by June 19, 2006.

As of the filing of this application, the objection deadline has passed, and no objections to either the proposed Settlement, the Plan of Allocation or to the fee and expense request have been received. The reaction of the Class thus strongly supports approval of the Settlement and the award of Plaintiffs' Counsel's requested fee and expense award.

## II.     THE SERVICES PERFORMED AND BENEFIT ACHIEVED

The history of the litigation, including Plaintiffs' Counsel's activities and accomplishments therein, the risks undertaken by Plaintiffs' Counsel, and the benefits conferred by the proposed Settlement, are set forth more fully in the accompanying Joint Declaration of Plaintiffs' Counsel in Support of the Proposed Class Action Settlement and Petition for an Award of Attorneys' Fees and Reimbursement of Expenses and Lead Plaintiffs' Memorandum of Law In Support of Final Approval of Class Action Settlement and Plan of Allocation.

---

[1]     In addition, a summary notice was disseminated on April 27, 2006, in the national edition of *Investor's Business Daily* as directed in the Preliminary Approval Order. *See* Affidavit of John J. Mills re Publication of the Summary Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing dated July 17, 2006 submitted herewith (the "Mills Affidavit").

During the course of this litigation, Plaintiffs' Counsel:

1. conducted a preliminary investigation on behalf of Lead Plaintiffs to determine whether there was a cause of action against Defendant Network Engines Inc. ("Network Engines") and certain of its officers and directors;

2. prepared and filed the initial complaints;

3. communicated with members of the Class concerning the initiation and prosecution of the class action;

4. drafted motions for consolidation and appointment of Lead Plaintiffs;

5. in preparation for filing an amended complaint, Plaintiffs' Counsel conducted further investigation, including the identification, location and interview of witnesses, in addition to examining publicly available records such as Network Engines' public statements and filings with the Securities and Exchange Commission, news stories and analysts' reports;

6. drafted and filed the highly detailed Amended Consolidated Complaint, which was filed on April 8, 2004 (hereafter, the "Complaint");

7. successfully opposed Defendants' motion to dismiss the Complaint;

8. reviewed approximately fifty thousand pages of key internal documents produced by Defendants;

9. responded to discovery propounded by Defendants;

10. prepared for and participated in a settlement mediation session before the Honorable Nicholas Politan (Ret.) that resulted in the Settlement; and

11. negotiated the detailed terms of the Stipulation and the exhibits thereto.

The requested fee of one-third of the Settlement Fund is comparable to customary contingent fee arrangements negotiated in non-class actions between attorneys and their clients.

It is also well within the range of fees that have been awarded in other class actions under similar circumstances.

### III.    THE REQUESTED FEE AND EXPENSE AWARD IS FAIR AND REASONABLE

#### A.    The Common Fund Doctrine

For over a century, the Supreme Court has recognized the "common fund" exception to the general rule that a litigant bears his or her own attorneys' fees. *Trustees v. Greenough*, 105 U.S. 527 (1882). The rationale for the common fund principle was explained in *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980), as follows:

> [T]his Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys' fee from the fund as a whole. . . . Jurisdiction over the fund involved in the litigation allows a court to prevent . . . inequity by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit.

The common fund doctrine both prevents unjust enrichment and encourages counsel to protect the rights of those who have very small claims. The Supreme Court has emphasized that private actions provide "'a most effective weapon in the enforcement' of the securities laws and are 'a necessary supplement to [Securities and Exchange] Commission action.'" *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310 (1985) (*quoting J.I. Case Co. v. Borak*, 377 U.S. 426, 432 (1964)).

The federal courts have therefore long recognized that fee awards encourage the prosecution of actions on behalf of individuals with valid claims, and thereby promote private enforcement of, and compliance with, important areas of federal and state law, including the federal securities laws. *See, e.g., Mashburn v. Nat'l Healthcare, Inc.*, 684 F. Supp. 679, 687 (M.D. Ala. 1988) ("[C]ourts also have acknowledged the economic reality that in order to encourage 'private attorney general' class actions brought to enforce the securities laws on

- 4 -

behalf of persons with small individual losses, a financial incentive is necessary to entice capable attorneys, who otherwise could be paid regularly by hourly-rate clients, to devote their time to complex, time-consuming cases for which they may never be paid."); *Ressler v. Jacobson*, 149 F.R.D. 651, 657 (M.D. Fla. 1992) ("Attorneys who bring class actions are acting as 'private attorneys general' and are vital to the enforcement of the securities laws.  Accordingly, public policy favors the granting of counsel fees sufficient to reward counsel for bringing these actions and to encourage them to bring additional such actions.").

In complex securities class actions, competent counsel for plaintiffs can be retained only on a contingent basis.  Consequently, a large segment of the public would be denied a remedy for violations of the securities laws if fees awarded by the courts did not fairly and adequately compensate counsel for the services provided, the serious risks undertaken, and the delay before any compensation is received.

### B. The First Circuit Has Expressed a Preference for the Percentage of Fund Method in Awarding Fees in Common Fund Cases

Courts generally favor awarding fees from a common fund based upon the percentage-of-the-fund method.  *See Blum v. Stenson*, 465 U.S 886, 900 n.16 (1984) (stating that in common fund cases "a reasonable fee is based on a percentage of the fund bestowed on the class"); *In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 305 (1st Cir. 1995) ("*Thirteen Appeals*") (citing Federal Judicial Center, *Awarding Attorneys' Fees and Managing Fee Litigation*, 63-64 (1994)).  *See also Nilsen v. York County*, 400 F. Supp. 2d 266, 270 (D. Me. 2005) ("In the First Circuit, courts have discretion to award fees from a common fund 'either on a percentage of the fund basis or by fashioning a lodestar.'") (citation omitted).  "As between the two methods, the First Circuit has noted that the percentage-of-funds

method is the prevailing practice, and that it may have distinct advantages over the lodestar approach." *Id*. at 270-71.

The First Circuit's most recent pronouncement on the subject is *Thirteen Appeals*. There, the District Court awarded attorneys' fees of 31% of a $220 million settlement fund – *i.e.*, roughly $68 million. On appeal, the First Circuit held that "use of the [percentage of fund] method in common fund cases is the prevailing praxis" based upon the "distinct advantages that the [percentage of fund] method can bring to bear in such cases." *Thirteen Appeals*, 56 F.3d at 307.[2]

Among the advantages recognized by the court in *Thirteen Appeals*, was the fact that the percentage method is less burdensome to administer than the lodestar method, which "forc[es] the judge to review the time records of a multitude of attorneys in order to determine the necessity and reasonableness of every hour expended." *Thirteen Appeals*, 56 F.3d at 307. The court also acknowledged that the "shift in focus lessens the possibility of collateral disputes that might transform the fee proceeding into a second major litigation." *Id*. Moreover, the court recognized another important advantage of the percentage method, namely, that, unlike the lodestar method, it does not create a "'disincentive for the early settlement of cases.'" *Id*. (citation omitted).

Additionally, the First Circuit in *Thirteen Appeals* noted that the percentage approach promotes more efficient use of attorney time because it is result-oriented. In contrast, the

---

[2] The First Circuit noted that two Courts of Appeals had expressly **required** the use of percentage awards in common fund cases. *E.g., Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991); *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1271-72 (D.C. Cir. 1993). The Third Circuit has expressed a similar view. *See* Report of the Third Circuit Task Force, *Court Awarded Attorney Fees*, 108 F.R.D. 237, 255 (1985), cited in *Thirteen Appeals*, 56 F.3d at 306.

lodestar method, which is linked to time spent in obtaining a result, creates a disincentive for early settlement of cases and rewards unproductive behavior. The court recognized that the percentage method also better reflects the market value of counsel's services

> because the [percentage of fund] technique is result-oriented rather than process-oriented, it better approximates the workings of the marketplace. We think that Judge Posner captured the essence of this point when he wrote that "the market in fact pays not for the individual hours but for the ensemble of services rendered in a case of this character." *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 572 (7th Cir. 1992). In fine, the market pays for the result achieved.

*Id*.

Finally, percentage fee awards in such cases "ensure that those who are engaged in the plaintiff's side of securities litigation are not unduly discouraged from prompt resolution of these cases and full pursuit of the claims of plaintiffs who, absent such counsel, would be unlikely to have any vindication of the rights that they have in this setting." *In re Sequoia Sys. Sec. Litig.*, [1993-1994 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶98,089, at 98,730 (D. Mass. Sept. 10, 1993) (Woodlock, J.).

      C.    **The Requested One-Third Fee Award Is Well Within the Applicable Range of Percentage of Fund Awards**

In selecting an appropriate percentage award, both the United States Supreme Court and the First Circuit have recognized that an appropriate fee is intended to approximate what counsel would receive if they were bargaining for their services in the marketplace. *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989); *Thirteen Appeals*, 56 F.3d at 307; *see also In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992). The ordinary contingency fee arrangement is for one-third of the settlement fund. *See Furtado v. Bishop*, 635 F.2d 915, 917 (1st Cir. 1980); *accord Blum*, 465 U.S. at 903 * ("In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers.") (Brennan, J., concurring).

This Court and other courts in this District and elsewhere frequently award attorneys' fees of thirty percent or more of the settlement fund in securities class actions that settle for amounts in the range of this Settlement[3]. *See, e.g.*, *Wilensky v. Digital Equip. Corp.*, No. 94-10752-JLT (D. Mass. July 11, 2001) (33-1/3% fee awarded on $5.2 million settlement fund); *Deckler v. Ionics, Inc., et al.*, No. 03-cv-10393-WGY (D. Mass Apr. 4, 2005) (30% of settlement proceeds), attached hereto; *In re Segue Software, Inc.*, No. 99-10891-RGS (D. Mass. July 31, 2001) (Woodlock, J.) (33% of settlement fund); *Chalverus v. Pegasystems, Inc.*, No. 97-12570-WGY (D. Mass. Dec. 19, 2000) (33% of $5.25 million awarded); *In re Zoll Med. Corp. Sec. Litig.*, No. 94-11579-NG (D. Mass. Oct. 5, 1998) (33-1/3% of settlement); *In re Copley Pharm., Inc. Sec. Litig.*, No. 94-11897-WGY (D. Mass. Feb. 8, 1996) (33-1/3% fee awarded on $6.3 million settlement fund); *In re Picturetel Corp. Sec. Litig.*, No. 97-12135-DPW (D. Mass. Nov. 4, 1999) (one-third of $12 million fund); *Zeid v. Open Env't Corp.*, No. 96-12466-EFH (D. Mass. June 24, 1999) (one-third of $6 million fund); *Morton v. Kurzweil Applied Intelligence, Inc.*, No. 94-10829-REK (D. Mass. Feb. 4, 1998) (one-third of settlement fund); *In re Bay Fin. Corp. Sec. Litig.*, No. 89-2377-WD (D. Mass. Nov. 4, 1996) (35% of settlement fund); *In re Gillette Sec. Litig.*, No. 88-1858-K (D. Mass. Mar. 30, 1994) (one-third of settlement fund); *Malanka v. de Castro*, No. 85-2154-MC, 1990 U.S. Dist. LEXIS 18171 (D. Mass. Nov. 20, 1990) (one-third of settlement fund); *Margaret Hall Found., Inc., v. Atl. Fin. Mgmt., Inc.*, No. 82-2534-WJS (D. Mass. May 8, 1989) (40% of settlement fund).[4]  Plaintiffs' Counsel's request

---

[3]   This Court in *In re CVS Corp. Sec. Litig.,* C.A. No. 01-11464 (JLT) (D. Mass. September 7, 2005) awarded a fee of 25% of a $110 million Settlement Fund.

[4]   *See also, e.g., In re Ampicillin Antitrust Litig.*, 526 F. Supp. 494 (D.D.C. 1981) (45% of settlement fund); *Beech Cinema, Inc. v. Twentieth Century Fox Film Corp.*, 480 F. Supp. 1195 (S.D.N.Y. 1979) (53.2% of settlement fund), *aff'd*, 622 F.2d 1106 (2d Cir. 1980). *In re Crazy*

for attorneys' fees of one-third of the $2,875,000 Settlement Fund here is therefore well within the range of numerous prior percentage awards made in this District and elsewhere.

The fee award sought here would also be consistent with public policy and judicial economy interests that support the expeditious settlement of cases. As noted in *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358 (S.D.N.Y. 2002):

> [E]fficient prosecution of plaintiffs' claims weighs in favor of a finding of the quality of Plaintiffs' Class Counsel's representation here . . . . "[A] prompt and efficient attorney who achieves a fair settlement without litigation serves both his client and the interests of justice." In the context of a complex class action, early settlement has far reaching benefits in the judicial system.

*Id.* at 373 (quoting *McKenzie Constr. Inc. v. Maynard*, 758 F.2d 97, 101-02 (3d Cir. 1985)). *Accord In re AremisSoft Corp. Sec. Litig.*, 210 F.R.D. 109, 133 (D.N.J. 2002) ("Informal discovery leading to an early settlement that avoids such costs [of formal discovery] favors approval of the fee application."); *In re M.D.C. Holdings Sec. Litig.*, No. CV 89-0090 E (M), 1990 U.S. Dist. LEXIS 15488, at *21 (S.D. Cal. Aug. 30, 1990) ("Early settlements benefit everyone involved in the process and everything that can be done to encourage such settlements – especially in complex class action cases – should be done.").

---

*Eddie Sec. Litig.*, 824 F. Supp. 320, 325-26 (E.D.N.Y. 1993) (awarding 34% of a $42 million fund); *City Nat'l Bank v. Am. Commonwealth Fin. Corp.*, 657 F. Supp. 817 (W.D.N.C. 1987) (one-third of the recovery); *In re Franklin Nat'l Bank Sec. Litig.*, [1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶97,571 (E.D.N.Y. June 24, 1980) (34% of settlement fund); *Baron v. Com. & Indus. Bank of Memphis*, [1979-1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶97,132 (S.D.N.Y. October 3, 1979) (36.5% of settlement fund); *Adams v. Standard Knitting Mills Inc.*, [1978 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶96,377 (E.D. Tenn. Jan. 6, 1978) (35.15% of settlement fund); *Hwang v. Smith Corona Corp.*, B.89-450 (D. Conn. Mar. 12, 1992) (awarding one-third of $24 million fund), attached hereto; *In re Employee Benefit Plans Sec. Litig.*, [1993 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶97,669, at 97,097 (D. Minn. Jun. 2, 1993) (one-third of settlement fund).

Judge David S. Doty of the District of Minnesota recently observed, in *In re Xcel Energy, Inc.,* 364 F. Supp. 2d 980, 992 (D. Minn. 2005), that early settlements are consistent with the purposes of the Federal Rules of Civil Procedure, which "'shall be construed and administered to ensure the *just, speedy, and inexpensive determination* of every action.'" (quoting Fed. R. Civ. P. 1) (emphasis in original). "Under Rule 1, as officers of the court, attorneys share the responsibility with the court of ensuring that cases are 'resolved not only fairly, but without undue cost or delay.'" *Id.* (citing Fed. R. Civ. P. 1 Advisory Committee Notes, 1993 Amendments). Lead Plaintiffs' Counsel have likewise litigated this case efficiently, and, for their efforts, seek approval of a 331/3% fee.

### D. The Fee Request Is Also Fully Justified Under the Lodestar/Multiplier Approach

The First Circuit does not require a court to cross check the percentage of fund against the lodestar in its determination of the reasonableness of the requested fee. *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 81 (D. Mass. 2005). Nevertheless, the requested fee is quite reasonable under the lodestar method of analysis. As reflected in the accompanying affidavits, Plaintiffs' Counsel have devoted 1,357.15 hours and $493,615.50 in time charges, at current hourly rates,[5] to the prosecution and settlement of this complex litigation. The requested fee amounts to a reasonable multiple of counsel's lodestar.

The one-third fee requested or approximately $958,300 represents a multiplier of only 1.94 to the total lodestar of all Plaintiffs' Counsel. The multiplier reflected here falls at the lower end of the range of multipliers found reasonable for cross-check purposes by courts throughout

---

[5]   The Supreme Court has held that the use of current rates is proper because those rates more adequately compensate for inflation and loss of use of funds. *Jenkins*, 491 U.S. 274.

the country, and is fully justified here given the effort required, the risk faced and overcome and the results achieved. *See, e.g., In re Boston & Maine Corp.*, 778 F.2d 890, 894 (1st Cir. 1985) (awarding a multiplier of 6); *In re CVS Corp. Sec. Litig.,* C.A. No. 01-11464 (JLT) (D. Mass. September 7, 2005) (awarding fee of 25% of $110 million settlement fund representing a 3.27 multiplier); *In re Allaire Corp. Sec. Litig.*, Civil Action No. 00-CV-11972 (WGY) (D. Mass. December 1, 2003) (awarding one-third fee representing a 1.56 multiplier); *In re NutraMax Prods. Sec. Litig.,* 00-CV-10861 (RGS) (D. Mass. May 17, 2002) (awarding a multiplier of approximately 2 in a $2.8 million settlement); *Conley v. Sears Roebuck & Co.*, 222 B.R. 181 (D. Mass. 1998) (awarding multiplier of 8.9).

The very nature of contingent fees means that counsel are taking considerable risks in prosecuting cases on a contingent fee basis. The advent of the PSLRA and other legislation has made it more difficult to successfully bring a securities class action. In some cases, counsel are not successful and receive no fee for their efforts. In other cases, counsel receive a fee that is either less than, or approximately equal to their regular time charges, or lodestar.

Finally, the favorable reaction of the Class Members also supports the reasonableness of the fee request. The Notice advised potential Class Members that Lead Plaintiffs' Counsel would apply to the Court for attorneys fees not to exceed one-third of the Settlement Fund and reimbursement of expenses of approximately $35,000. No member of the Class has objected to the fee or expense request. This response of the Class further supports the requested fee award. *See, e.g., Sequoia Sys.*, ¶98,089, at 98,729; *Ressler*, 149 F.R.D. at 656 (a lack of objections is "strong evidence of the propriety and acceptability" of the fee request).

### E.     The Expenses Incurred by Lead Plaintiffs' Counsel Were Reasonable

As demonstrated in the Declarations of Plaintiffs' Counsel submitted filed herewith, Plaintiffs' Counsel have incurred unreimbursed out-of-pocket expenses of $36,566.54 in

successfully prosecuting this action. These expenses included costs for, among other things, filing fees, service of process, travel, legal research, and copying. The expenses for which reimbursement is sought herein are the type of expenses for which "the paying, arms' length market" reimburses attorneys, and they are properly chargeable to the settlement fund. *See, e.g., Cont'l Ill.*, 962 F.2d at 570. They are reasonable and necessary within the parameters set by this Circuit. *See In re Fidelity/Micron Sec. Litig.*, 167 F.3d 735, 737 (1st Cir. 1999) (class counsel creating a common fund is entitled to recover "expenses, reasonable in amount, that were necessary to bring the action to a climax").

As noted above, no Class Member has objected to the amount of expenses being sought by Plaintiffs' Counsel. The positive reaction of the Class further supports the requested expense award. *See, e.g., Sequoia Sys.*, ¶98,089, at 98,729.

## IV.   CONCLUSION

For all of the foregoing reasons, Plaintiffs' Counsel respectfully request that the Court award: (i) attorneys' fees of one-third of the Settlement Fund; and (ii) reimbursement of expenses, in the amount of $36,566.54.

Dated:  July 19, 2006                               Respectfully submitted,

**MOULTON & GANS, P.C.**

  /s/ Nancy Freeman Gans
Nancy Freeman Gans
BBO No. 184540
55 Cleveland Road
Wellesley, MA 02481
(781) 235-2246

**Liaison Counsel To Lead Plaintiff and the Class**

**MILBERG WEISS BERSHAD
& SCHULMAN LLP**

  /s/ George A. Bauer III
George A. Bauer III
Andrew Wilmar
One Pennsylvania Plaza
New York, NY  10119-0165
(212) 594-5300

**Lead Counsel for Plaintiffs and the Class**

**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
Samuel H. Rudman
David A. Rosenfeld
200 Broadhollow Road, Suite 406
Melville, NY 11747
(631) 367-7100

**Attorneys for Plaintiffs Sergio and Ricardo Guerrera**

**BROWER PIVEN, A Professional Association**
Charles J. Piven
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
(410) 986-0036

**Plaintiffs' Counsel**

## CERTIFICATE OF SERVICE

I, Nancy Freeman Gans, hereby certify that, on July 19, 2006, a true copy of the foregoing "Memorandum of Law in Support of Plaintiffs' Counsel's Application for an Award of Attorneys' Fees and Reimbursement of Expenses" was served upon the attorneys of record via ECF.

  /s/ Nancy Freeman Gans
Nancy Freeman Gans