## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

In Re: NETWORK ENGINES INC. ) **CASE NO. 03-12529-JLT**
SECURITIES LITIGATION   ) **Judge Tauro**

STATE OF MINNESOTA   }
         } ss.:
COUNTY OF RICE    }

## AFFIDAVIT OF KIM R. SCHMIDT RE: (A) MAILING OF THE NOTICE AND THE PROOF OF CLAIM, AND (B) REPORT ON RECEIPT OF EXCLUSION REQUESTS

Kim R. Schmidt, being duly sworn, deposes and says:

1. I am Senior Project Administrator for Rust Consulting, Inc. ("Rust Consulting"), which serves as the class action administrator for the settlement of the above-captioned action. I am responsible for supervising the court appointed class action administration services provided by Rust Consulting for the parties in the above-referenced action.

2. Rust Consulting was founded in 1976 and is a wholly-owned subsidiary of SOURCECORP. Rust Consulting provides a variety of services to clients including direct mail notification, published media campaigns, telephone support services, claim processing, and monetary distribution. Rust Consulting began its class action claims administration practice in 1989 and has provided claims administration services for over 400 class action settlements, including: In re Metropolitan Life Insurance Co., Misc. Docket No. 96-179, MDL No. 1091, Western District of Pennsylvania 1999 (life insurance sales practices); State of Connecticut v. Mylan Laboratories, Inc., M.D.L. 1290, Misc. No. 99-276 (antitrust); Cox v. Shell Oil Co., No. 18,844, Tenn. Ch. Obion Co. June 13, 1995 (polybutylene pipe settlement); Forbush v. J.C. Penney Co., Nos. 3:90-2719-X, 3:92-0109-X Northern Dist. of Texas (pension fund settlement); Garza v. Sporting Goods Properties, Inc., No. SA 93-CA-1082 Western Dist. of Texas (Remington shotgun settlement); Woosley v. State of California, No. CA 000499, California Sup. Court, Los Angeles County (motor vehicle licensing fees class action); Jordan v. State Farm

Life Insurance, No. 97 CH 11, Illinois Circuit Court, McLean County (life insurance sales practices settlement); and a variety of other class actions. Rust Consulting also served as the claims balloting agent for the bankruptcy case In re The Celotex Corp., Consolidated Case Nos. 90-10016-8B1 and 90-10017-8B1, Bankruptcy M.D. Florida.

3.      I submit this affidavit in order to provide the Court and the parties to the above-captioned litigation with information regarding the mailing of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and the Proof of Claim and Release (the "Proof of Claim") (collectively, "Notice Packet") to potential Class Members, regarding Website Information and Class Member Communications, and to report on any requests for exclusion from the Class received in this action.

4.      Except as otherwise stated, I am fully familiar with, and have personal knowledge of, the matters stated in this affidavit and am competent to testify about them if called upon to do so.

## MAILING OF THE NOTICE AND THE PROOF OF CLAIM

5.      On April 21, 2006, Rust Consulting caused the mailing, via first-class mail, of 277 Notice Packets to record transferees of Network Engines, Inc. ("Network Engines") common stock, between November 6, 2003 and December 10, 2003, inclusive (the "Class Period"). These record transferees consisted of individuals, brokerages, banks and other institutions which held shares in their name. The list of registered owners and their addresses was obtained from Computershare, the stock transfer agent for Network Engines. Additionally, 1,689 Notice Packets were mailed to members of Depository Trust Company (DTC) and 259 Notice Packets were mailed to persons and/or entities that have previously contacted Rust Consulting with a request to be mailed notices for any securities litigation we are administering.

6.      A true and correct copy of the Notice Packet is attached as Exhibit A.

7.     Rust Consulting has acted as a repository for inquiries and communications received in this action. In this regard, we have forwarded copies of the Notice Packet on request to all nominees who purchased or otherwise acquired the common stock of Network Engines for the beneficial interest of other persons, including nominees who contacted us, and requested copies of the Notice Packet or who were included in the DTC list and had a valid mailing address in the current DTC Directory.

8.     In response to 52 requests from nominees, who provided hard copy labels or electronic files containing client information or requested bulk delivery to nominee institutions who represented to Rust Consulting that they would forward the information to their clients, we have caused an additional 5,712 Notices Packets to be mailed. A complete listing of these requests from nominees is attached as Exhibit B. This listing includes the date of the request, the requestor, the number of forms requested, and the date fulfilled.

9.     In response to the one request received directly from an individual Class Member, Rust Consulting caused an additional Notice Packet to be mailed. The name and address of this individual is attached as Exhibit C.

10.     As of July 14, 2006, a total of 262 Notices Packets have been returned by the United States Postal Service as undeliverable. An address update search was performed on the 236 undeliverable Notice Packets that were originally addressed to individuals. Rust Consulting was able to obtain a different address for 83 of these individuals and Notices Packets were re-mailed to the updated addresses obtained. Rust Consulting continues to mail Notices Packets as they are requested, from forwarding addresses, and from new addresses obtained from traces.

11.     As of July 14, 2006 Rust Consulting has mailed or delivered an aggregate of 8,021 Notices Packets and continues to mail Notice Packets as they are requested and from new addresses obtained from address trace searches.

## WEBSITE INFORMATION

12.    On April 26, 2006, an interactive website was established at the domain www.networkenginessettlement.com to enable potential Class Members to get complete information about the proposed settlement.  Documents that were available for viewing as downloadable Adobe® Acrobat® Reader® PDF files included the Notice and the Proof of Claim. For the period between April 26, 2006 and July 13, 2006, there have been 301 visitors to the website with the Notice and Proof of Claim being viewed 124 times.

14.    On April 20, 2006, DTC was provided a PDF of the Notice and Proof of Claim to place their Legal Notice System (LENS) at the domain www.dtcc.com accessible by DTC members.  Rust received posting confirmation on April 21, 2006.

## REPORT ON EXCLUSION REQUESTS RECEIVED

15.    The Notice Packet informed Class Members that written requests for exclusion from the Settlement Class were to be mailed by first class mail, addressed to Network Engines Securities Litigation Exclusions, c/o Rust Consulting, Inc., Claims Administrator, P.O. Box 1808, Faribault, MN 55021-1856, postmarked no later June 19, 2006.

16.    Rust Consulting has monitored all mail delivered to that post office box.  As of the date of this affidavit, Rust Consulting has received no requests for exclusion from the Class.

Further affiant sayeth naught.

_Kim R. Schmidt_
Kim R. Schmidt

Sworn to me this 14 day of July, 2006

_Virginia L. Sartor_
Notary Public



VIRGINIA L. SARTOR
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

4

## **CERTIFICATE OF SERVICE**

I, Nancy Freeman Gans, hereby certify that, on July 19, 2006, a true copy of the foregoing "Affidavit of Kim R. Schmidt re: (A) Mailing of the Notice and the Proof of Claim, and (B) Report on Receipt of Exclusion Requests" was served upon the attorneys of record for each party via ECF.

    /s/ Nancy Freeman Gans    
Nancy Freeman Gans

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| In Re: NETWORK ENGINES INC. SECURITIES LITIGATION | ) | CA NO. 03-12529-JLT |
| | ) | |

### NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING

**If you purchased or otherwise acquired the common stock of Network Engines,
Inc. ("Network Engines") between November 6, 2003 and December 10, 2003,
inclusive, then you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement will provide a $2,875,000 settlement fund for the benefit of investors who bought shares of Network Engines common stock during the period between November 6, 2003 and December 10, 2003 (the "Class Period").
- The settlement resolves a lawsuit against Network Engines and certain of its officers and directors about statements made during the Class Period about its then-current financial condition and future net income.
- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment from, and not be bound by, the settlement. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options - and the deadlines to exercise them - are explained in this notice.
- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

### SUMMARY NOTICE

**Statement of Plaintiff Recovery**

Pursuant to the settlement described herein, a Settlement Fund consisting of $2,875,000 in cash, plus interest, has been established. Plaintiffs estimate that there were approximately 8.7 million shares of Network Engines common stock traded during the Class Period which may have been damaged. Plaintiffs estimate that the average recovery per damaged share of Network Engines common stock under the settlement is 33.1¢ per damaged share before deduction of Court-awarded attorneys' fees and expenses. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims of all Class Members who submit acceptable Proofs of Claim. Depending on the number of claims submitted, when during the Class Period a Class Member purchased shares of Network Engines common stock, the purchase price paid, and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received, an individual Class Member may receive more or less than this average amount. *See* the Plan of Allocation on page 7 for more information on your Recognized Claim.

**Statement of Potential Outcome of Case**

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if plaintiffs were to have prevailed on each claim alleged. The issues on which the parties disagree include, among other things, the extent to which external factors, such as general market and industry conditions, influenced the trading price of Network Engines' common stock at various times during the Class Period and whether Defendants' public statements during the Class Period were actionable under the Federal Securities laws. The Defendants otherwise deny that they are liable to the plaintiffs or the Class and deny that plaintiffs or the Class have suffered any damages.

**Statement of Attorneys' Fees and Costs Sought**

Plaintiffs' Counsel are moving the Court to award attorneys' fees not to exceed one-third (33 1/3%) of the Gross Settlement Fund, and for reimbursement of expenses incurred in connection with the prosecution of this Action in the approximate amount of $35,000. The requested fees and expenses would amount to an average of 11.4¢ per damaged share in total for fees and expenses. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

**Further Information**

Further information regarding the Action and this Notice may be obtained by contacting Lead Counsel: Rachel S. Fleishman, Esq., Milberg Weiss Bershad & Schulman LLP, One Pennsylvania Plaza, New York, New York 10119-0165, Telephone (212) 594-5300.

**Reasons for the Settlement**

The principal reason for the settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

[END OF COVER PAGE]
Page 1

## WHAT THIS NOTICE CONTAINS
### TABLE OF CONTENTS

| | Page |
|---|---|
| SUMMARY NOTICE | 1 |
| Statement of Plaintiff Recovery | 1 |
| Statement of Potential Outcome of Case | 1 |
| Statement of Attorneys' Fees and Costs Sought | 1 |
| Further Information | 1 |
| Reasons for the Settlement | 1 |
| BASIC INFORMATION | 2 |
| 1. Why did I get this notice package? | 2 |
| 2. What is this lawsuit about? | 3 |
| 3. Why is this a class action? | 3 |
| 4. Why is there a settlement? | 3 |
| WHO IS IN THE SETTLEMENT | 3 |
| 5. How do I know if I am part of the settlement? | 3 |
| 6. Are there exceptions to being included? | 3 |
| 7. What if I am still not sure if I am included? | 3 |
| THE SETTLEMENT BENEFITS -- WHAT YOU GET | 4 |
| 8. What does the settlement provide? | 4 |
| 9. How much will my payment be? | 4 |
| HOW YOU GET A PAYMENT -- SUBMITTING A PROOF OF CLAIM FORM | 4 |
| 10. How can I get a payment? | 4 |
| 11. When would I get my payment? | 4 |
| 12. What am I giving up to get a payment or stay in the Class? | 4 |
| IF YOU DO NOTHING | 5 |
| 13. What happens if I do nothing at all? | 5 |
| THE LAWYERS REPRESENTING YOU | 5 |
| 14. Do I have a lawyer in this case? | 5 |
| 15. How will the lawyers be paid? | 5 |
| OBJECTING TO THE SETTLEMENT | 5 |
| 16. How do I tell the Court that I do not like the proposed settlement? | 5 |
| 17. What is the difference between objecting and excluding? | 5 |
| THE COURT'S SETTLEMENT FAIRNESS HEARING | 5 |
| 18. When and where will the Court decide whether to approve the proposed settlement? | 5 |
| 19. Do I have to come to the hearing? | 6 |
| 20. May I speak at the hearing? | 6 |
| EXCLUDING YOURSELF FROM THE SETTLEMENT | 6 |
| 21. How do I get out of the proposed settlement? | 6 |
| 22. If I do not exclude myself, can I sue Network Engines and the other Released Parties for the same thing later? | 6 |
| 23. If I exclude myself, can I get money from the proposed settlement? | 6 |
| GETTING MORE INFORMATION | 6 |
| 24. Are there more details about the proposed settlement? | 6 |
| 25. How do I get more information? | 6 |
| PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS | 7 |
| SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES | 8 |
| PROOF OF CLAIM AND RELEASE | 9 |

## BASIC INFORMATION

### 1. Why did I get this notice package?

You or someone in your family may have purchased or otherwise acquired shares of Network Engines common stock during the period between November 6, 2003 and December 10, 2003, inclusive.

The Court directed that this notice be sent to Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Massachusetts, and the case is known as *In re Network Engines, Inc. Securities Litigation*, Civil Action No. 03-12529-JLT. This case was assigned to United States District Judge Joseph L. Tauro. The people who sued are called Plaintiffs, and the company and the individuals they sued, Network Engines and John Curtis (President and Chief Executive Officer of Network Engines), Douglas Bryant (Chief Financial Officer and Vice President of Finance and Administration of Network Engines) and Lawrence Genovesi (Founder and Chairman of the Board of Directors of Network Engines), are called the Defendants.

### 2.   What is this lawsuit about?

Network Engines develops and manufactures server appliance solutions that deliver data storage and network security applications on server appliances. Server appliances are pre-configured network infrastructure devices designed to optimally deliver specific software application functionality while facilitating ease of deployment, improved manageability and increased security of that software application in a customer's network. A server appliance deployment is intended to reduce the total cost of ownership associated with the deployment and ongoing maintenance of mission critical software applications within a customer's IT infrastructure.

The lawsuit claimed that the Defendants misled investors by failing to disclose materially adverse facts regarding Network Engines' relationship with its key strategic partner, EMC Corporation ("EMC"), and the resulting negative impact on Network Engines distribution business. The Plaintiffs allege that the Defendants failed to disclose to the investing public that EMC was expected to renegotiate its distribution contract with Network Engines and demand price concessions and other concessions that would impact Network Engines' gross profit and operating margins.

Plaintiffs further allege that investors purchased the common stock of Network Engines during the Class Period at prices artificially inflated as a result of the Defendant's failure to disclose material adverse facts regarding Network Engines in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder.

The Defendants deny that they did anything wrong, but desire to terminate the litigation in order to avoid the costs and uncertainty of litigation.

### 3.   Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Wing Kam Yu, Blake Kunkel, and Thomas Cunningham), sue on behalf of people who have similar claims. All these people are a Class or Class Members. Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4.   Why is there a settlement?

The litigation was commenced on December 17, 2003 with filing of the first complaint in the United States District Court for the District of Massachusetts. A number of other complaints were filed thereafter on behalf of different plaintiffs and each action was subsequently consolidated by the Court under the caption *In re Network Engines, Inc. Securities Litigation*, Civil Action No. 03-12529-JLT.

On March 17, 2004, the Court appointed Wing Kam Yu, Blake Kunkel, and Thomas Cunningham as Lead Plaintiffs. The Court also approved the law firms of Milberg Weiss Bershad Hynes & Lerach LLP (now known as Milberg Weiss Bershad & Schulman LLP) as Lead Counsel for the Class and Moulton & Gans, P.C. as Liaison Counsel for the Class.

On June 4, 2004, Lead Plaintiffs filed an Amended Consolidated Complaint (the "Complaint"). On August 13, 2004, the Defendants filed a motion to dismiss the Complaint, which was denied by the Court in its Order filed November 22, 2004. On December 23, 2004, the Defendants served their Answer to the Complaint in which they denied all substantive allegations of wrongdoing and asserted a number of affirmative defenses.

On October 12, 2005, the parties submitted their dispute to private mediation before retired United States District Judge Nicholas H. Politan. At the conclusion of the mediation, the parties reached a preliminary agreement in principle on the terms of a settlement. That way, they avoid the risks, costs and delays of a trial, and the people affected will receive compensation. The Lead Plaintiffs and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

### 5.   How do I know if I am part of the settlement?

The Court directed that for the purposes of the proposed settlement everyone who fits this description is a Class Member: *all persons who purchased or otherwise acquired the common stock of Network Engines between November 6, 2003 and December 10, 2003, inclusive.*

### 6.   Are there exceptions to being included?

Excluded from the Class are the Defendants, the officers and directors of Network Engines, during the Class Period, members of their immediate families (parents, siblings, spouses and children) and their heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest at any time during the Class Period.

If one of your mutual funds purchased shares of Network Engines common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you directly purchased or otherwise acquired shares of Network Engines common stock during the Class Period. Check your investment records or contact your broker to see if you purchased or otherwise acquired Network Engines common stock during the Class Period.

If you sold Network Engines common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you **purchased or otherwise acquired** your shares during the Class Period.

### 7.   What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can call 1-866-216-0252 or visit *www.networkenginessettlement.com* for more information. Or you can fill out and return the Proof of Claim form described on page 4, in question 10, to see if you qualify.

**THE SETTLEMENT BENEFITS — WHAT YOU GET**

**8.  What does the settlement provide?**

In exchange for the settlement and dismissal of the Action, the Defendants have agreed to create a $2,875,000 fund to be divided, after fees and expenses, among all Class Members who send in a valid Proof of Claim form.

**9.  How much will my payment be?**

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, how many shares of Network Engines stock you bought or acquired, how much you paid for them, and when you bought or acquired your shares and whether or when you sold them, and if so for how much you sold them.

You can calculate your Recognized Claim in accordance with the formula shown below in the Plan of Allocation. It is unlikely that you will get a payment for all of your Recognized Claim. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claims. See the Plan of Allocation on page 7 for more information on your Recognized Claim.

**HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM**

**10.  How can I get a payment?**

To qualify for a payment, you must send in a Proof of Claim form. A Proof of Claim form is being circulated with this Notice. You may also get a Proof of Claim form on the Internet at *www.networkenginessettlement.com*. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than **August 18, 2006.**

**11.  When would I get my payment?**

The Court will hold a hearing on July 25, 2006, to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

**12.  What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date," you will release all "Settled Claims" (as defined below).

"Settled Claims" means any and all direct, individual or class claims (including Unknown Claims, as defined in the Stipulation), debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for compensatory damages, punitive damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, liability or relief, monetary, injunctive, or otherwise), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and unknown, pleaded or unpleaded, suspected or unsuspected claims, (i) that have been asserted in this Action by the Lead Plaintiffs, Class Members or any of them against any of the Released Parties, (ii) that could have been, or could in the future be, asserted in any forum by the Lead Plaintiffs, Class Members or any of them against any of the Released Parties which arise out of or are based upon or relate in anyway to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, sale or acquisition of shares of the common stock of Network Engines by the Lead Plaintiffs, Class Members or any of them during the Class Period, or (iii) that arise out of or relate in any way to the defense or settlement of this Action (except for claims to enforce this settlement). Expressly excluded from this settlement and any release contained herein are any and all claims that have been asserted or could be asserted under the Securities Act of 1933, the Securities Exchange Act of 1934, the Sherman Act, New York General Business Law § 340 (or any similar law of any other state), or any other laws, for any conduct complained of in (i) In re Network Engines, Inc. Initial Public Offering Securities Litigation, 01 Civ. 10894 (SAS), as coordinated for pretrial purposes in In re Initial Public Offering Securities Litigation, Master File No. 21 MC 92 (SAS), pending in the United States District Court for the Southern District of New York, and (ii) In re Initial Public Offering Antitrust Litigation, 01 Civ. 2014 (WHP), on appeal to the United States Court of Appeals for the Second Circuit as Case No. 03-9284(L), 03-9288 (CON).

"Released Parties" means any and all of the Defendants, their past, present or future subsidiaries, parents, affiliates, predecessors, successors, assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, agents, employees, attorneys, auditors, accountants, underwriters, advisers, insurers, co-insurers, and re-insurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, predecessors, successors in interest or assigns of the Defendants and/or any members of the immediate family of any Defendant.

The "Effective Date" will occur when an Order entered by the Court approving the settlement becomes final and not subject to appeal.

If the settlement is approved by the Court, all Settled Claims which have or could have been asserted in the Complaint in the Action will be dismissed with prejudice as to all Lead Plaintiffs and Class Members who shall be forever barred from prosecuting a Class Action or any other action raising Settled Claims. The settlement also provides that the Defendants or Insurer may withdraw from and terminate the settlement in the event that Class Members who purchased in excess of a certain number of shares of Network Engines common stock on the open market during the Class Period exclude themselves from the Class.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## IF YOU DO NOTHING

### 13. What happens if I do nothing at all?

If you do nothing, you will get no money from this settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit about the Settled Claims in this case, ever again. To share in the Net Settlement Fund you must submit a Proof of Claim form (see question 10 above). To start, continue or be a part of any other lawsuit against Network Engines and the other Released Parties about the Settled Claims in this case you must exclude yourself from this Class (see question 21 below).

If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is June 19, 2006.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Court ordered that the law firm of Milberg Weiss Bershad & Schulman LLP in New York, New York will represent all Class Members. These lawyers are called Lead Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Gross Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15. How will the lawyers be paid?

Lead Counsel are moving the Court to award attorneys' fees from the Gross Settlement Fund in an amount of one-third (33 1/3%) of the Gross Settlement Fund and for reimbursement of their expenses in the approximate amount of $35,000, plus interest on such expenses at the same rate as earned by the Settlement Fund. Lead Counsel, without further notice to the Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class and any proceedings subsequent to the Settlement Fairness Hearing.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 16. How do I tell the Court that I do not like the proposed settlement?

If you are a Class Member you can object to the settlement or any of its terms, the proposed Plan of Allocation and/or the application by Lead Counsel for an award of fees and expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the settlement terms or arrangements. The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed settlement in the Network Engines Securities Litigation. Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Network Engines common stock you made during the Class Period, and state the reasons why you object to the settlement. Your objection must be filed with the Court and served on all the following counsel on or before June 19, 2006 at the following addresses:

**COURT**
Clerk of the Court
United States District Court for the District of Massachusetts
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

**LEAD COUNSEL**
Rachel S. Fleishman, Esq.
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, NY 10119-0165

**DEFENDANTS' COUNSEL**
Daniel W. Halston, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109

You do not need to go to the Settlement Fairness Hearing to have your written objection considered by the Court. At the Settlement Fairness Hearing, any Class Member who has not previously submitted a request for exclusion from the Class and who has complied with the procedures set out in this question 16 and question 20 below for filing with the Court and providing to the counsel for Plaintiffs and Defendants a statement of an intention to appear at the Settlement Fairness Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Hearing.

### 17. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the proposed settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, see below, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you do not have to.

### 18. When and where will the Court decide whether to approve the proposed settlement?

The Court will hold a Settlement Fairness Hearing at 10:00 a.m. on July 25, 2006, at the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210. At this hearing the Court will consider whether

the settlement is fair, reasonable and adequate. At the Settlement Fairness Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the settlement and the application of Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions at question 16. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question 20 for more information about speaking at the hearing. The Court may also decide how much to pay to Plaintiffs' Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Fairness Hearing. Thus, if you want to come to the hearing, you should check with Lead Counsel before coming to be sure that the date and/or time has not changed.

### 19. Do I have to come to the hearing?

No. Plaintiffs' Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

### 20. May I speak at the hearing?

If you object to the settlement, you may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must include with your objection (see question 16 above) a statement stating that it is your "Notice of Intention to Appear in *In re Network Engines, Inc. Securities Litigation*, Civil Action No. 03-12529-JLT." Persons who intend to object to the settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. You cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Fairness Hearing by the deadline identified, and in accordance with the procedures described in questions 16 and 18 above.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep any right you may have to sue or continue to sue Network Engines and the other Released Parties, on your own, about the Settled Claims, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the settlement Class.

### 21. How do I get out of the proposed settlement?

To exclude yourself from the settlement Class, you must send a signed letter by mail stating that you "request exclusion from the Class in *In re Network Engines, Inc. Securities Litigation*, Civil Action No. 03-12529-JLT." Your letter should state the date(s), price(s), and number(s) of shares of all your purchases, acquisitions, and sales of Network Engines common stock during the Class Period. In addition, be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than **June 19, 2006** to:

Network Engines Securities Litigation Exclusions
c/o Rust Consulting, Claims Administrator
P.O. Box 1808
Faribault, MN 55021-1856

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

### 22. If I do not exclude myself, can I sue Network Engines and the other Released Parties for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue Network Engines and the other Released Parties for any and all Settled Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is **June 19, 2006**.

### 23. If I exclude myself, can I get money from the proposed settlement?

No. If you exclude yourself, you are not entitled to any payment from the settlement and you may not send in a Proof of Claim form to ask for any money.

## GETTING MORE INFORMATION

### 24. Are there more details about the proposed settlement?

This notice summarizes the proposed settlement. More details are in a Stipulation and Agreement of Settlement dated March 29, 2006 (the "Stipulation"). You can get a copy of the Stipulation by writing to Rachel S. Fleishman, Esq., of Milberg Weiss Bershad & Schulman LLP, One Pennsylvania Plaza, New York, New York 10119-0165. You also can call the Claims Administrator at 1-866-216-0252 toll free; write to Network Engines Securities Litigation, c/o Rust Consulting, Claims Administrator, P.O. Box 1808, Faribault, MN 55021-1856; or visit the website at **www.networkenginessettlement.com**, where you will find answers to common questions about the settlement, a Proof of Claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

### 25. How do I get more information?

For even more detailed information concerning the matters involved in this Action, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, during regular business hours.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The $2,875,000 Cash Settlement Amount and the interest earned thereon shall be the Gross Settlement Fund. The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The following proposed Plan of Allocation reflects Plaintiffs' proposition that the price of Network Engines common stock was inflated by reason of the allegedly false and misleading statements made by Defendants during the Class Period until December 10, 2003 when, upon the revelations made by Network Engines prior to the opening of trading, the price of Network Engines' common stock declined precipitously, reflecting the elimination of the artificial inflation that the Defendants' misrepresentations allegedly caused. On December 9, 2003 Network Engines' common stock closed at $10.02 per share. Following Network Engines' early morning announcement on December 10, 2003, Network Engines' common stock closed at $6.10 per share, a $3.92 drop. "Recognized Claims" will be calculated for purposes of the settlement as follows:

(1) If the shares purchased during the Class Period were sold at a loss on or before December 9, 2003 an Authorized Claimant's "Recognized Claim" from such shares shall mean 10%[1] of the difference between the purchase price paid (including commissions, etc.) and the sales proceeds received (net of commissions, etc.)

(2) If the shares purchased during the Class Period were sold at a loss on December 10, 2003 an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) the difference between the purchase price paid (including commissions, etc.) and the sales proceeds received (net of commissions, etc.), or (b) $3.92 per share, the amount that the stock dropped upon the disclosure.

(3) If the shares purchased during the Class Period were still held as of the close of trading on December 10, 2003 an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $3.92 per share, the amount that the stock dropped upon the disclosure, or (b) the purchase price (including commissions, etc.) less $6.10 per share, the value of the shares as of the close of trading on December 10, 2003.

Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her or its Recognized Claim compared to the Total Recognized Claims of all accepted claimants.

In the event a Class Member has more than one purchase or sale of Network Engines common stock, all purchases and sales shall be matched on a First In First Out ("FIFO") basis, and Class Period sales will be matched first against any Network Engines shares held at the beginning of the Class Period and then against purchases in chronological order. A purchase or sale of Network Engines common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, devise or operation of law of Network Engines common stock during the Class Period shall not be deemed a purchase or sale of Network Engines common stock for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment.

To the extent a Claimant had a gain from his, her or its overall transactions in Network Engines common stock during the Class Period, the value of the Recognized Claim will be zero. To the extent that a Claimant suffered an overall loss on his, her or its overall transactions in Network Engines common stock during the Class Period, but that loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the actual loss.

For purposes of determining whether a Claimant had a gain from his, her or its overall transactions in Network Engines common stock during the Class Period or suffered a loss, the Claims Administrator shall: (i) total the amount paid for all Network Engines common stock purchased during the Class Period by the claimant (the "Total Purchase Amount"); (ii) match any sales of Network Engines common stock during the Class Period first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for sales of the remaining shares of Network Engines common stock sold during the Class Period (the "Sales Proceeds"); and (iv) ascribe a $6.10 per share holding value for the number of shares of Network Engines common stock purchased during the Class Period and still held at the end of the Class Period ("Holding Value"). The difference between (x) the Total Purchase Amount ((i) above) and (y) the sum of the Sales Proceeds ((iii) above) and the Holding Value ((iv) above) will be deemed a Claimant's gain or loss on his, her or its overall transactions in Network Engines common stock during the Class Period.

Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.

Class Members who do not submit acceptable Proofs of Claim will not share in the settlement proceeds. Class Members who do not either submit a request for exclusion or submit an acceptable Proof of Claim will nevertheless be bound by the settlement and the Order and Final Judgment of the Court dismissing this Action.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel.

**Plaintiffs, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.**

---

[1] This discount is intended to recognize the greater difficulty a class member who sold before the corrective disclosure would face in proving that the loss was caused by the Defendants alleged misstatements.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired common stock of Network Engines during the period between November 6, 2003 and December 10, 2003, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired Network Engines common stock during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of that Network Engines common stock. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

Network Engines Securities Litigation Settlement Fund
c/o Rust Consulting, Claims Administrator
P.O. Box 1808
Faribault, MN 55021-1856
1-866-216-0252

All inquiries concerning this Notice or the Proof of Claim Form by Class Members should be made to the Claims Administrator. No inquiries should be directed to the Court or the Clerk's Office.

Dated:       Boston, Massachusetts
             April 21, 2006
                                                                                      By Order of the Court
                                                                                      CLERK OF THE COURT

## PROOF OF CLAIM AND RELEASE

### DEADLINE FOR SUBMISSION: AUGUST 18, 2006.

IF YOU PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF NETWORK ENGINES, INC. ("NETWORK ENGINES") BETWEEN NOVEMBER 6, 2003 AND DECEMBER 10, 2003, INCLUSIVE ("CLASS PERIOD"), YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. (EXCLUDED FROM THE CLASS ARE THE DEFENDANTS, THE OFFICERS AND DIRECTORS OF NETWORK ENGINES, DURING THE CLASS PERIOD, MEMBERS OF THEIR IMMEDIATE FAMILIES (PARENTS, SIBLINGS, SPOUSES AND CHILDREN) AND THEIR HEIRS, SUCCESSORS OR ASSIGNS, AND ANY ENTITY IN WHICH DEFENDANTS HAVE OR HAD A CONTROLLING INTEREST AT ANY TIME DURING THE CLASS PERIOD)

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN AUGUST 18, 2006 TO THE FOLLOWING ADDRESS:

Network Engines Securities Litigation Settlement Fund
c/o Rust Consulting, Claims Administrator
P.O. Box 1808
Faribault, MN 55021-1856

YOUR FAILURE TO SUBMIT YOUR CLAIM BY AUGUST 18, 2006 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

1.  I purchased or otherwise acquired the common stock of Network Engines between November 6, 2003 and December 10, 2003, inclusive. (Do not submit this Proof of Claim if you did not purchase or otherwise acquire Network Engines common stock during this period).

2.  By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), or am acting for such person; that I am not a Defendant in the Action or anyone excluded from the Class*; that I have read and understand the Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed settlement described in the Notice; and that I have not submitted a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member (e.g., as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.  I consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I understand and agree that my claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my status as a Class Member and the validity and amount of my claim. No discovery shall be allowed on the merits of the Action or settlement in connection with processing of the Proofs of Claim.

4.  I have set forth where requested below all relevant information with respect to each purchase or other acquisition of Network Engines common stock during the Class Period, and each sale, if any, of such securities. I agree to furnish additional information (including transactions in other Network Engines securities) to the Claims Administrator to support this claim if requested to do so.

5.  I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, sale or retention of Network Engines common stock listed below in support of my claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim. In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as options.)

7.  Upon the occurrence of the Effective Date my signature hereto will constitute a full and complete release, remise and discharge by me and my heirs, agents, executors, administrators, predecessors, successors, and assigns, beneficiaries, and any persons I represent (or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of all "Settled Claims," as defined in the Notice.

8.  NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-866-216-0252 or visit their website at *www.networkenginessettlement.com* to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

---

* Excluded from the Class are the Defendants, the officers and directors of Network Engines, during the Class Period, members of their immediate families (parents, siblings, spouses and children) and their heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest at any time during the Class Period.

9. **STATEMENT OF CLAIM**

NAME(S) OF BENEFICIAL OWNER(S):

_____        _____
Name                                            Joint Owner's Name (if any)

Address of Beneficial Owner(s):

_____
Street No.

_____        _____
City                                            State            Zip Code

( _____ ) _____ - _____           ( _____ ) _____ - _____
Telephone No. (Day)                             Telephone No. (Night)

_____ - _____                         _____ - _____
Social Security No.                        or   Taxpayer I.D. No.

Check one:

☐ Individual     ☐ Joint Owners     ☐ Estate     ☐ IRA     ☐ Corporation
☐ Other (specify): _____

10. At the close of business on November 5, 2003, I owned _____ shares of Network Engines common stock (If none, write 0).

11. I made the following purchases of Network Engines common stock during the period November 6, 2003 through December 10, 2003, inclusive (NOTE: If you acquired your Network Engines common stock during this period other than by an open market purchase, please provide a complete description of the terms of the acquisition on a separate page.):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) | For Office Use Only |
|---|---|---|---|---|
| ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐ | $☐☐☐☐ | $☐☐☐☐☐☐☐☐ | |
| ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐ | $☐☐☐☐ | $☐☐☐☐☐☐☐☐ | |
| ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐ | $☐☐☐☐ | $☐☐☐☐☐☐☐☐ | |
| ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐ | $☐☐☐☐ | $☐☐☐☐☐☐☐☐ | |
| ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐ | $☐☐☐☐ | $☐☐☐☐☐☐☐☐ | |
| **TOTAL:** | ☐☐☐☐☐ | | $☐☐☐☐☐☐☐☐ | |

12. I made the following sales of Network Engines common stock during the period November 6, 2003 through December 10, 2003, inclusive:

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) | For Office Use Only |
|---|---|---|---|---|
| ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐ | $☐☐☐☐ | $☐☐☐☐☐☐☐☐☐ | |
| ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐ | $☐☐☐☐ | $☐☐☐☐☐☐☐☐☐ | |
| ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐ | $☐☐☐☐ | $☐☐☐☐☐☐☐☐☐ | |
| ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐ | $☐☐☐☐ | $☐☐☐☐☐☐☐☐☐ | |
| ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐ | $☐☐☐☐ | $☐☐☐☐☐☐☐☐☐ | |
| **TOTAL:** | ☐☐☐☐☐ | | $☐☐☐☐☐☐☐☐ | |

13. At the close of trading on December 10, 2003, I owned _____ shares of Network Engines common stock (If none, write 0).

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS
PHOTOCOPY THIS PAGE AND SIGN AND PRINT YOUR NAME ON EACH ADDITIONAL PAGE.**

**14. SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

Social Security Number (for individuals):        ~ or ~        Taxpayer Identification Number (for estates, trusts, corprations, etc.):

☐☐ - ☐☐ - ☐☐☐☐                ☐☐ - ☐☐☐☐☐☐☐

**15. CERTIFICATION**

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:    If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____          _____
(Signature)                                (Signature)

_____          _____
(Printed name)                             (Joint owner printed name)

_____          Date: _____
(Capacity of person(s) signing, e.g. beneficial purchaser(s),
executor, administrator, trustee, etc.)

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN **AUGUST 18, 2006**, AND MUST BE MAILED TO:

Network Engines Securities Litigation Settlement Fund
c/o Rust Consulting, Claims Administrator
P.O. Box 1808
Faribault, MN 55021-1856

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by **August 18, 2006**, and if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

1. ☐  Please be sure to sign this Proof of Claim on page 11. If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

2. ☐  Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

3. ☐  Do NOT use highlighter on the Proof of Claim or any supporting documents.

4. ☐  If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

**NOTE: RECEIPT ACKNOWLEDGMENT NEEDED**

The Claims Administrator will send a written confirmation of its receipt of your Proof of Claim. Do not assume your claim is submitted until you receive written confirmation of its receipt. Your claim is not deemed fully filed until the Claims Administrator sends you written confirmation of its receipt of your Proof of Claim. If you do not receive an acknowledgement postcard within thirty (30) days of your mailing the Proof of Claim, then please call the Claims Administrator toll free at 1-866-216-0252.

NETWORK ENGINES SECURITIES LITIGATION SETTLEMENT FUND
C/O RUST CONSULTING, CLAIMS ADMINISTRATOR
PO BOX 1808
FARIBAULT, MN 55021-1856

# EXHIBIT B

| | NETWORK ENGINES | | | |
|---|---|---|---|---|
| | **BROKER REQUESTS** | | | |
| | | | | |
| | Total Shares 52 | Est. Cost $218 | Size | Processing |
| | | | | |
| 5/1/2006 | SOUTHEASTERN ASSET MANAGEMENT | 0 | no holders | letter |
| 5/8/2006 | BUTLER WICK | 0 | no holders | letter |
| 5/8/2006 | WILLIAM BLAIR & CO | 0 | no holders | letter |
| 5/8/2006 | SCOTT & STRINGFELLOW | 0 | no holders | letter |
| 5/15/2006 | OPPENHEIMER | 0 | no holders | letter |
| 6/13/2006 | LEHMAN BROTHERS | 37 | labels | labels |
| 6/9/2006 | UBS FINANCIAL SERVICES | 195 | list | list |
| 6/19/2006 | NATIONAL FINANCIAL SERVICES | 899 | list | list |
| 5/5/2006 | A G EDWARDS & SON | 82 | bulk | bulk |
| 5/24/2006 | ABN AMRO INC | 0 | list | letter |
| 5/18/2006 | ADP | 70 | bulk | bulk |
| 5/22/2006 | AMERIPRISE | 0 | bulk | bulk |
| 5/1/2006 | ASSENT LLC | 1 | list | letter |
| 5/1/2006 | MORGAN KEEGAN | 17 | labels | labels |
| 5/9/2006 | BANK OF AMERICA | 11 | bulk | bulk |
| 4/28/2006 | BEAR STEARNS | 142 | labels | labels |
| 5/8/2006 | BMO-NESBITT BURNS INC | 30 | bulk | bulk |
| 5/8/2006 | BROWN CO LLC | 225 | bulk | bulk |
| 5/1/2006 | CAULEY BOWMAN | 89 | bulk | bulk |
| 5/4/2006 | CIBC WORLD MARKETS | 2 | bulk | bulk |
| 5/11/2006 | CITIGROUP | 156 | bulk | bulk |
| 4/21/2006 | COMPLETE CLAIM SOULUTIONS INC | 700 | bulk | bulk |
| 4/28/2006 | COMPLIANCE DEPARTMENT | 29 | bulk | bulk |
| 5/1/2006 | CROWELL WEEDON & CO | 6 | labels | labels |
| 4/28/2006 | EDWARD JONES | 6 | labels | labels |
| 5/12/2006 | FIRST CLEARING | 433 | bulk | bulk |
| 5/15/2006 | GOLDMAN SACHS EXECUTION & CLEARIN | 93 | bulk | bulk |
| 5/15/2006 | H & R BLOCK | 10 | bulk | bulk |
| 4/26/2006 | INSTITUTIONAL SHAREHOLDERS SERVIC | 0 | bulk | bulk |
| 5/10/2006 | JJB HILLIARD WL LYONS INC | 8 | bulk | bulk |
| 5/24/2006 | JPMORGAN CHASE | 0 | bulk | bulk |
| 5/4/2006 | LPL FINANCIAL | 7 | bulk | bulk |
| 5/12/2006 | ML STERN & CO | 13 | bulk | bulk |
| 5/3/2006 | MLPT | 200 | bulk | bulk |
| 5/3/2006 | MORGAN STANLEY | 187 | bulk | bulk |
| 5/1/2006 | NEWBURGER BERMAN LDC | 100 | bulk | bulk |
| 5/1/2006 | OPPENHEIMER & CO | 24 | labels | labels |
| 5/10/2006 | PERSHING LLC | 396 | bulk | bulk |
| 5/8/2006 | PIPER JAFFRAY | 5 | bulk | bulk |
| 5/19/2006 | PRIME VEST FINANCIAL SERVICES | 1 | bulk | bulk |
| 5/8/2006 | RAYMOND JAMES & ASSOCIATES | 40 | bulk | bulk |
| 5/4/2006 | RBC DAIN RAUSCHER INC | 80 | bulk | bulk |
| 5/26/2006 | SCHIFFRIN & BARROWAY, LLP | 0 | bulk | bulk |
| 5/3/2006 | SCHWAB | 1325 | bulk | bulk |

| | | | | |
|---|---|---|---|---|
| 5/1/2006 | SHAREBUILDER CORP | 23 | labels | labels |
| 4/28/2006 | STIFEL NICOLAUS AND CO INC | 16 | labels | labels |
| 5/3/2006 | STOCKCROSS FINANCIAL SERVICES INC | 2 | labels | labels |
| 5/5/2006 | USAA INVESTMENT MANAGEMENT CO | 36 | bulk | bulk |
| 5/26/2006 | WEDBUSH MORGAN SECURITIES, INC | 0 | bulk | bulk |
| 6/26/2006 | WAYNE HUMMER INVESTMENTS | 3 | labels | Rust |
| 6/26/2006 | CREDIT SUISSE | 11 | labels | Rust |
| 7/5/2006 | DA Davidson & CO | 2 | labels | mail |

# EXHIBIT C

| | 4/28/2006 | REQ | TERRY HARGRA | BROWN BROTHERS HARRIMAN | | | | | | Internet | | 1 | 1 | 4/28/2006 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Network Engines
Individual Request