UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In Re: NETWORK ENGINES INC.<br>SECURITIES LITIGATION | ) <br> ) <br> ) CA NO. 03-12529-JLT <br> ) <br> ) |

[PROPOSED] ORDER AND FINAL JUDGMENT

On the 25th day of July, 2006, a hearing (the "Settlement Fairness Hearing") having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 29, 2006 (the "Stipulation"), a copy of which is annexed hereto as Exhibit 1, are fair, reasonable and adequate for the settlement of all Settled Claims asserted or that could have been asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired the common stock of Network Engines, Inc. ("Network Engines") between November 6, 2003 and

2

December 10, 2003, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of Network Engines' transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of Investor's Business Daily pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Defendants.

2. The Court finds for purposes of the Settlement that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure this Court hereby finally certifies the Class for purposes of the Settlement on behalf of all Persons who purchased or otherwise acquired the common stock of Network Engines between November 6, 2003 and

December 10, 2003, inclusive. Excluded from the Class are the Defendants, the officers and directors of Network Engines, during the Class Period, members of their immediate families (parents, siblings, spouses and children) and their heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest at any time during the Class Period. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Settlement is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, and the Action and all actions consolidated into the Action, are hereby dismissed with prejudice and without costs.

7. Lead Plaintiffs and members of the Class, except for persons listed on Exhibit 2 who have properly requested exclusion from the Class, on behalf of themselves, their heirs, agents, executors, administrators, predecessors, successors and assigns, and their personal representatives, are hereby permanently barred, enjoined, and precluded from instituting, commencing or prosecuting any and all Settled Claims (as that term is defined in the Stipulation). The Settled Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. Expressly excluded from this Settlement and any release contained herein are any and all claims that have been asserted or could be asserted under the Securities Act of 1933, the Securities Exchange Act of 1934, the Sherman Act, New York General Business Law § 340 (or any similar law of any other state), or any other laws, for any conduct complained of in (i) *In re Network Engines, Inc. Initial Public Offering Securities Litigation*, 01 Civ. 10894 (SAS), as coordinated for pretrial purposes in *In re Initial Public Offering Securities Litigation*, Master File No. 21 MC 92 (SAS), pending in the United States District Court for the Southern District of New York, and (ii) *In re Initial Public Offering Antitrust Litigation* 01 Civ. 2014 (WHP), on appeal to the United States Court of Appeals for the Second Circuit as Case No. 03-9284(L), 03-9288 (CON).

8. The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all Settled Defendants' Claims. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any other litigation or proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation or proceeding, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant.

(c) offered or received against the Defendants as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

6

(e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

10. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

11. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Plaintiffs' Counsel are hereby awarded $958,300.00 of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $36,566.14 in reimbursement of expenses, which expenses shall be paid to Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

13. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $2,875,000 in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b) Over 8,000 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to one-third (33-1/3%) of the Gross Settlement Fund and for reimbursement of expenses in an amount of approximately $35,000 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The action involves complex factual and legal issues and was actively prosecuted over three years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(f) Plaintiffs' Counsel have devoted over 1,350 hours, with a lodestar value of $493,615.50, to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

8

14. If the Settlement does not become Final in accordance with the terms of the Stipulation, then this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered in connection therewith shall be vacated and rendered null and void. However, any appeal of the Plan of Allocation, attorneys' fees or costs and expenses shall not prevent the Settlement from becoming effective.

15. This judgment constitutes the final discharge of all obligations of Defendants to the Class arising out of the Action. The terms of the Settlement and of this Order and Final Judgment shall be forever binding on the Plaintiffs and members of the Class and shall have res judicata and other preclusive effect in all pending and future claims, litigation or other proceedings maintained by or on behalf of the Plaintiffs or any Class Member to the extent those claims, litigation or other proceedings involve any of the Settled Claims.

16. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

17. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Dated:       Boston, Massachusetts
             7/25/    , 2006

_____
Honorable Joseph L. Tauro
UNITED STATES DISTRICT JUDGE