**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In Re:  NETWORK ENGINES INC. SECURITIES LITIGATION | )<br>)<br>)   **CA NO. 03-12529-JLT**<br>)<br>) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND**

Lead Plaintiffs Wing Kam Yu, Blake Kunkel, and Thomas Cunningham on behalf of the Class through court-appointed Plaintiffs' Lead Counsel, Milberg Weiss & Bershad LLP (formerly known as Milberg Weiss Bershad & Schulman LLP), respectfully move the Court for an Order:  (i) approving the administrative determinations of Claims Administrator, Rust Consulting, Inc. ("Rust Consulting"), accepting and rejecting claims submitted herein; (ii) directing payment of $27,560.36 out of the Settlement Fund to Rust Consulting for the balance of its fees and expenses incurred and to be incurred in connection with its services performed and to be performed in giving notice to the Class, preparing the tax returns for the Settlement Fund, processing the Proofs of Claim, and administering and distributing the Settlement Fund; (iii) directing distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Class Members whose Proofs of Claim have been accepted; (iv) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund; and (v) for such other and further relief as this Court deems appropriate.

Lead Counsel submit this Motion pursuant to paragraph 9 of the Stipulation and Agreement of Settlement dated March 29, 2006 (the "Stipulation").  By Order and Final

Judgment dated July 25, 2006 (the "Final Order"), this Court approved the Settlement and directed the parties to consummate the Stipulation in accordance with its terms and provisions. Paragraph 9 of the Stipulation requires Plaintiffs' Counsel to apply to the Court, on notice to Defendants' Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Clams Administrator, and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

## BACKGROUND

On March 29, 2006, Lead Plaintiffs and Defendants Network Engines, Inc. ("Network Engines"), John Curtis, Douglas Bryant, and Lawrence Genovesi (the "Defendants"), entered into the Stipulation. The Stipulation provided for the settlement of this action on behalf of a Class consisting of all persons or entities who purchased or otherwise acquired Network Engines common stock during the period between November 6, 2003 and December 10, 2003, inclusive (the "Class Period").

A Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") was mailed to all Class Members pursuant to the Preliminary Order for Notice and Hearing in Connection with Settlement Proceedings, dated April 4, 2006 (the "Preliminary Order").

Pursuant to the Court's Preliminary Order, Lead Counsel retained Rust Consulting, a firm specializing in the administration of class action settlements located in Minneapolis, Minnesota, to print and mail copies of the Notice and a Proof of Claim form to the members of the Class, to prepare all required tax returns for the Settlement Fund, to process the Proof of Claim forms

submitted by Class Members, and to effectuate distribution of the Net Settlement Fund to the Class Members who submitted acceptable Proofs of Claim.

On July 25, 2006, the Court held a hearing to consider the proposed settlement, at which hearing the Court approved the proposed settlement as fair, reasonable, and adequate, and dismissed this action as against the Defendants.

## **CLAIMS ADMINISTRATION**

Under the terms of the Stipulation, a $2,875,000 Settlement Fund was established for the settlement of the Settled Claims asserted against the Defendants. Pursuant to the Stipulation and the Notice, all Class Members wishing to participate in the Settlement Fund were required to submit Proofs of Claims by mail, postmarked on or before August 18, 2006. As demonstrated by the accompanying Affidavit of Kim R. Schmidt in Support of Motion for Distribution of Class Settlement Fund (the "Schmidt Affidavit"), Rust Consulting received and reviewed all submitted claims and, to the extent that a claim was deficient in any regard, Rust Consulting notified the claimant of the deficiency and advised the claimant as to the possible ways to cure the deficiency. Where a claimant failed to cure a defective claim after notice, or where the claim showed that the claimant was not entitled to receive a share of the Net Settlement Fund, Rust Consulting notified the claimant of the rejection of the claim and provided the claimant with notice of the method for the claimant to request this Court's review of Rust Consulting's administrative determination rejecting the claim. Copies of sample deficiency and rejection letters are attached as exhibits to the Schmidt Affidavit. *See* Schmidt Affidavit at ¶¶ 6-9.

Pursuant to paragraph 15(e) of the Stipulation, all rejection letters specifically provided that a claimant had the right, within twenty days after the mailing of the rejection, to contest the

rejection and request a hearing before the Court. No claimants have outstanding requests for this Court's review of the rejection of their claims.

Approximately 48 otherwise eligible claims were received after the August 18, 2006 submission deadline. No claim has been rejected because it was received after the initial submission deadline and we believe no delay has resulted from the acceptance of these claims. It is our belief that when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the cut-off date, but while the claims were still being processed. Accordingly, it is respectfully requested that this Court approve the administrative determination not to reject claims submitted after the August 18, 2006 deadline because of lateness.

However, there must be a final cut-off date after which no more claims may be accepted in order that there may be a proportional distribution of the Net Settlement Fund. Acceptance of any claim received after preparation of this application would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that this Court enter an Order directing that no claim submitted after May 29, 2007, a date during the preparation of this application, be accepted for any reason whatsoever. *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 329 (3d Cir. 2001) ("There is no question that in the distribution of a large class settlement fund, 'a cutoff date is essential and at some point the matter must be terminated.'") (citations omitted).

It is respectfully requested that the Court approve the administrative determinations accepting and rejecting claims as set forth herein.

## FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

Pursuant to the Stipulation, and as described to members of the Settlement Class in the Notice, Plaintiffs reserved the right to apply for a supplemental award of fees and expenses

incurred in connection with the administration and distribution of the Settlement. In addition, in its Final Order, this Court retained exclusive jurisdiction "over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and [the] Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class."

Plaintiffs' Lead Counsel retained Rust Consulting after a competitive bidding process in which qualified claims administrators were invited to bid on this job. Rust Consulting's proposal was the lowest cost bid.

In accordance with Rust Consulting's agreement with Lead Counsel to act as the Claims Administrator herein, Rust Consulting was responsible for mailing notice to the Class, processing the claims, preparing the tax returns for the Settlement Fund, and distributing the Net Settlement Fund to accepted claimants. As set forth in the Schmidt Affidavit, Rust Consulting's fees and expenses for its work on behalf of the Class total $35,320.50. To date, Analytics has received interim payments totaling $7,760.14. Accordingly, there is a balance due to Rust Consulting of $27,560.36 and Plaintiffs respectfully request that the Court direct and authorize the payment of this balance.

## **DISTRIBUTION OF NET SETTLEMENT FUND**

It is also respectfully requested that the Court enter an Order directing and authorizing distribution of the balance of the Settlement Fund after the deduction of the fees and expenses previously awarded and requested herein (the "Net Settlement Fund") to the Class Members whose claims have been accepted as listed on the computer printout of accepted claims submitted with the Schmidt Affidavit in proportion to their Recognized Claims as shown therein. *See* Ex. B to Schmidt Affidavit.

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from any and all claims arising out of such involvement beyond the amount allocated to them.  Accordingly, it is respectfully requested that the Court bar any further claims against the Net Settlement Fund and release and discharge from any and all claims beyond the amount allocated to them arising out of the claims administration, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund.

### **DISPOSITION OF ANY UNCLAIMED/UNCASHED BALANCE**

It may be expected that not all of the payments to be distributed to accepted Class Members will be cashed promptly.  In order to encourage Class Members to promptly cash their distributions and to avoid or reduce future expenses relating to unpaid distributions, we propose that all the distribution drafts bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE]."

The Plan of Allocation for the Net Settlement Fund set forth in the Notice and approved by this Court provides that any balance that may remain in the Settlement Fund one year after the initial distribution, whether by reason of returned funds, tax refunds, interest, uncashed drafts, or otherwise, shall be re-distributed to Class Members who have cashed their payments and who would receive at least $10.00 from such re-distribution.  The Plan of Allocation further provides that after six months following such re-distribution any funds shall remain in the Net Settlement

Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Lead Counsel.

The proposed Class Distribution Order confirms the Plan of Allocation's provisions for such re-distribution of any residue of the Net Settlement Fund.

## THE ORDER FOR DISTRIBUTION OF CLASS SETTLEMENT FUND SHOULD BE APPROVED

Plaintiffs submit that the work performed by Rust Consulting, as explained above, was conducted fairly and in accordance with the terms and provisions of the Stipulation. Accordingly, Plaintiffs have moved for an Order: (i) approving the administrative determinations of Rust Consulting accepting and rejecting claims submitted herein; (ii) directing payment to Rust Consulting for the balance of its fees and expenses incurred and to be incurred in connection with the administration, taxation, and distribution of the Settlement Fund; (iii) directing distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Class Members whose Proofs of Claim have been accepted; (iv) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund; and (v) for such other and further relief as this Court deems appropriate.

## CONCLUSION

Plaintiffs' Motion for Distribution of Class Settlement Fund should be approved.

Dated:     June 12, 2007

                Respectfully Submitted,

                **MOULTON & GANS, PC**

                By:  /s/ Nancy Freeman Gans
                    Nancy Freeman Gans (BBO No. 184540)
                55 Cleveland Road
                Wellesley, MA 02481
                Telephone:  (781) 235-2246
                Facsimile:  (781) 239-0353

                **Liaison Counsel for the Class**

                George A. Bauer III
                **MILBERG WEISS & BERSHAD LLP**
                One Pennsylvania Plaza
                New York, New York  10119-0165
                Telephone:  (212) 594-5300
                Facsimile:  (212) 868-1229

                **Lead Counsel for the Class**

## CERTIFICATE OF SERVICE

    I, JOHN J. MILLS, hereby certify that, on June 12, 2007, a true copy of the foregoing "Plaintiffs' Memorandum of Law in Support of Motion for Distribution of Class Settlement Fund" was served upon the attorneys of record for each party via ECF or hand delivery.

                                      /s/ John J. Mills
                                      John J. Mills