# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

In Re: NETWORK ENGINES INC.
SECURITIES LITIGATION

)
)
) CA NO. 03-12529-JLT
)
)

## AFFIDAVIT OF KIM R. SCHMIDT
## IN SUPPORT OF MOTION FOR
## DISTRIBUTION OF CLASS SETTLEMENT FUND – PART 1

STATE OF MINNESOTA    )
                      ) SS
COUNTY OF RICE        )

KIM R. SCHMIDT, being first duly sworn, deposes and says:

1.    I am a Principal Consultant for Rust Consulting, Inc. ("Rust Consulting"), which

serves as the Claims Administrator for the settlement of the above-captioned class action. I am

responsible for supervising the services provided by Rust Consulting for the parties in the action.

With the approval of the Court, Plaintiffs' Lead Counsel retained Rust Consulting to act as the

Claims Administrator herein to mail copies of the Notice and Proof of Claim form to Class

Members, to file the tax returns for the Settlement Fund, to process all claims submitted by Class

Members in this action, and to distribute the Net Settlement Fund to the Class Members who

claims are accepted (the "Authorized Claimants"). I make this affidavit in support of Plaintiffs'

application for an Order: (a) approving the administrative action taken by Rust Consulting in

accepting and rejecting the claims submitted by claimants herein; (b) directing payment of

$27,560.36 to Rust Consulting for the balance of its fees and expenses in connection with the

services performed and to be performed in giving notice to the Class, in processing the Proofs of

Claim, in preparing the tax returns for the Settlement Fund, and in distributing the Net

Settlement Fund to the Class Members; (c) directing Rust Consulting to distribute the Net Settlement Fund to the Authorized Claimants based on their Recognized Claims in comparison to the total Recognized Claims of all Authorized Claimants; and (d) authorizing destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and authorizing destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund.

2.      The settlement of this action with Defendants Network Engines, Inc. ("Network Engines"), John Curtis, Douglas Bryant, and Lawrence Genovesi (the "Defendants"), for $2,875,000 in cash was proposed pursuant to the Stipulation and Agreement of Settlement dated March 29, 2006 (the "Stipulation"). This Court entered a Preliminary Order for Notice and Hearing in Connection with Settlement Proceedings (the "Preliminary Order") dated April 4, 2006, preliminarily approving the Stipulation and directing that notice of the proposed settlement be given to the Class. As more fully described in the Affidavit of Kim R. Schmidt dated July 14, 2006, previously filed herein, commencing on April 21, 2006 Rust Consulting distributed a total of 8,021 copies of the Court-approved Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and Proof of Claim form (together, the "Claim Packet") to all members of the Class that reasonably could be located. Since then, Rust Consulting has distributed 12 additional Claim Packets to potential Class Members.

3.      As scheduled in the Preliminary Order, a hearing was held on July 25, 2006, to consider the Settlement pursuant to the Stipulation. By Order and Final Judgment dated July 25, 2006, this Court approved the Settlement as fair, reasonable, and adequate, and directed the parties to consummate the Stipulation in accordance with its terms and provisions.

## I.     PROCEDURES FOLLOWED IN ACCEPTING AND REJECTING CLAIMS

4.     Under the terms of the Stipulation, Class Members were required to submit a

Proof of Claim form in order to obtain their share of the Net Settlement Fund (the $2,875,000

Cash Settlement Amount, plus interest earned thereon, less all taxes, approved attorneys' fees

and expenses, and administrative fees and costs).

5.     Rust Consulting used the following procedure to process the claims and

correspondence submitted in this matter to P.O. Box 1808, Faribault, MN 55201-1808:  (a)

envelopes received from the Post Office Box were opened and sorted into correspondence, such

as requests for claim forms, and actual Proof of Claim forms; (b) the correspondence received

was reviewed and responded to accordingly; (c) the claim forms were opened and all

documentation and/or electronic media submitted with a claim form was stapled or otherwise

attached to that claim form, and each claim form was assigned a document identification

number; (d) the information from each claim form, including the name, address, Employer I.D.

or Social Security Number of the claimant, and the purchase and sales transactions listed on the

claim were then entered into a computerized data base at which time a unique claim number was

assigned; (e) the documentation provided in support of each claim by the claimant was reviewed

to ascertain whether the claimant had in fact purchased or otherwise acquired Network Engines

common stock during the period between November 6, 2003 and December 10, 2003, inclusive

(the "Class Period").  Excluded from the Class are the Defendants, the officers and directors of

Network Engines, during the Class Period, members of their immediate families (parents,

siblings, spouses and children) and their heirs, successors or assigns, and any entity in which

Defendants have or had a controlling interest at any time during the Class Period.  The identities

of claimants were also reviewed against the list of persons that requested exclusion.

6.    Where a submitted claim lacked the required filing information or documentation to substantiate the Class Member's transactions during the Class Period, or was otherwise deficient, a Deficiency Letter was sent to the claimant advising him or her of the deficiency and requesting the submission of the appropriate documentary evidence or correction of the defect. The Deficiency Letters advised claimants that unless the indicated deficiency was corrected within twenty days, his, her or its claim would be accepted only to the extent of the documentation supplied.  If appropriate, deficiency letters advised that the claim would be entirely rejected if the claimant had not supplied the required documentation or information for any transactions.

7.    Claimants who submitted claims which showed that they were ineligible to participate in the Net Settlement Fund (for example, where their claim showed that they had suffered no Recognized Claim from their purchases of Network Engines common stock during the Class Period, or where their purchases were not made within the Class Period) were sent a Notice of Ineligibility Letter.  Claimants who submitted duplicate claims were also sent a Notice of Ineligibility Letter rejecting the duplicate claims.

8.    Claimants who were sent Deficiency Letters and/or Notice of Ineligibility Letters and who failed to provide additional information or did not adequately cure the deficient conditions in their claims, were sent a Final Notice of Ineligibility Letter advising the claimant of the final rejection of their claim.

9.    Attached hereto as Exhibit A are sample copies of the letters used to notify claimants of the deficiency in their claims or the rejection of their claims.  The Final Notice of Ineligibility advised the claimant of his, her or its right to request this Court's review of our administrative determination rejecting the claim.  The letter stated that the claimant could request

4

this Court's review of the rejection of their claim by filing a statement in writing setting forth the reason(s) why they believe that the claim was adequately submitted. No claimants have outstanding requests for this Court's review of the rejection of their claims.

## II.    PLAN OF ALLOCATION

10.    Claims which were properly submitted and supported with adequate documentary evidence were recognized on the basis of the following "Recognized Claim" formula as stated in the Plan of Allocation set forth in the Notice and approved by the Court:

(1)    If the shares purchased during the Class Period were sold at a loss on or before December 9, 2003 an Authorized Claimant's "Recognized Claim" from such shares shall mean 10% of the difference between the purchase price paid (including commissions, etc.) and the sales proceeds received (net of commissions, etc.)

(2)    If the shares purchased during the Class Period were sold at a loss on December 10, 2003 an Authorized Claimant's "Recognized Claim" shall mean the *lesser of: (a)* the difference between the purchase price paid (including commissions, etc.) and the sales proceeds received (net of commissions, etc.), *or (b)* $3.92 per share, the amount that the stock dropped upon the disclosure.

(3)    If the shares purchased during the Class Period were still held as of the close of trading on December 10, 2003 an Authorized Claimant's "Recognized Claim" shall mean the *lesser of: (a)* $3.92 per share, the amount that the stock dropped upon the disclosure, *or (b)* the purchase price (including commissions, etc.) less $6.10 per share, the value of the shares as of the close of trading on December 10, 2003.

## III.    LATE BUT OTHERWISE VALID CLAIMS

11.    There are 48 otherwise eligible claims that were postmarked or submitted later than August 18, 2006, the submission deadline stated in the Notice. All such claims were accepted subject to such other deficiencies as were determined to exist. We believe that no delay in the processing or distribution of the Settlement Fund resulted from the provisional acceptance of these claims due to the time required to process the large volume of timely submitted claims. Accordingly, it is respectfully requested that this Court approve the administrative determination

not to reject the 48 valid claims submitted after the August 18, 2006 deadline because of

lateness.  These claims are included in the list of accepted claimants.

12.     However, there must be a final cut-off date after which no more claims may be

accepted so that there may be a proportional distribution of the Net Settlement Fund.

Acceptance of any claim received after preparation of this application would necessarily require

a delay in the distribution.  Accordingly, it is also respectfully requested that this Court order that

no claim submitted after May 29, 2007, a date during the preparation of this application, be

accepted for any reason whatsoever.

**IV.    ACCEPTED AND REJECTED CLAIMS**

13.     Claims have been submitted on behalf of a total of 813 persons or entities herein,

of which a total of 572 have been accepted.

14.     A total of 241 claimants were rejected for the following reasons:

| No. of Claims | Reason for Rejection |
|---|---|
| 106 | NO OPEN MARKET PURCHASES OR ACQUISITIONS OF NETWORK ENGINES COMMON STOCK DURING THE CLASS PERIOD |
| 70 | NO RECOGNIZED CLAIM |
| 61 | DUPLICATE CLAIM |
| 4 | NO DOCUMENTATION OR TRANSACTION DATA PROVIDED |

15.     572 claims have been accepted representing a total Recognized Claim of

$14,442,190.67.

16.     Submitted herewith as Exhibit B is a computer printout listing all the claims

submitted herein.  The first portion of the printout alphabetically lists all the Authorized

Claimants and shows their Recognized Claim amounts. The next portion of the printout alphabetically lists all the rejected claimants and shows the code number corresponding to the reason why such claims were rejected.

17.    Rust Consulting has spent the time necessary to thoroughly process the claims and protect the interests of each Class Member submitting a claim. No claims were rejected out-of-hand and adequate time was spent communicating with Class Members and suggesting appropriate ways they could document their claims and participate in the settlement. Telephone calls and letters from claimants to Rust Consulting were courteously handled. Class Members were assisted to the fullest extent possible. The professional attitude and work product of Rust Consulting was of the highest quality.

18.    It is respectfully requested that the Court enter an Order approving the above determinations accepting and rejecting the claims submitted herein.

## V.    FEES AND DISBURSEMENTS

19.    Rust Consulting became the Claims Administrator of this case after a competitive bidding process held by Plaintiffs' Lead Counsel. In connection with this process and in response to a Request for Proposal, Rust Consulting submitted a highly competitive proposal and was selected after further negotiations over its terms and fee pricing with Plaintiffs' Lead Counsel. This Court's Preliminary Order approved the appointment of Rust Consulting as the Claims Administrator herein.

20.    Rust Consulting agreed with Plaintiffs' Lead Counsel to process the Claims herein in consideration of a fixed fee of $15,000, together with reimbursement of out-of-pocket expenses. Our actual out-of-pocket expenses incurred to date $16,825.77, and expected to be

incurred through the initial distribution $3,494.73, will total $20,320.50, as shown on the invoice summary annexed as Exhibit C.

21.     Plaintiffs' Lead Counsel was billed on a regular basis and received regular reports of all of the work Rust Consulting performed with respect to the administration of this litigation. Rust Consulting has received interim payments totaling $7,760.14. Accordingly, there is a balance due of $27,560.36 and Rust Consulting respectfully requests the Court to authorize the payment of this balance, as shown on the invoice summary annexed as Exhibit C.

## VI.   *PRO RATA* DISTRIBUTION OF NET SETTLEMENT FUND

22.     It is also respectfully requested that the Court enter an Order authorizing distribution of the balance of the Settlement Fund after the deduction of the fees and expenses previously awarded and requested herein (the "Net Settlement Fund") to the Authorized Claimants based on their Recognized Claims in comparison to the total Recognized Claims of all Authorized Claimants.

23.     If the Court enters the Class Distribution Order, Rust Consulting will undertake the following tasks:  (i) calculate a *pro rata* allocation of the Net Settlement Fund by comparing the Authorized Claimants' Total Recognized Claims with the total dollar value of the Net Settlement Fund at the time of distribution; (ii) prepare checks and check registers for the Authorized Claimants; (iii) mail the cash payments by prepaid first class mail; (iv) issue replacement drafts upon request by payee; and (v) answer inquiries about claim calculations and cash payments.

## VII.   RECORDS RETENTION AND DESTRUCTION

24.     We further request that the Court enter an Order providing that one year after distribution of the Net Settlement Fund we are authorized to destroy the paper and electronically

submitted copies of the Proof of Claim forms, and three years after distribution of the Net Settlement Fund we are authorized to destroy electronic copies of claim records.

## VIII.  CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court enter an Order: (a) approving Rust Consulting's administrative determinations accepting and rejecting claims as herein set forth; (b) authorizing payment to Rust Consulting of a total of $27,560.36 for the balance of its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to administering the Settlement Fund; (c) authorizing distribution of the Net Settlement Fund to the Authorized Claimants based on their Recognized Claims in comparison to the total Recognized Claims of all Authorized Claimants; and (d) authorizing destruction of paper and electronically submitted copies of Proof of Claim forms and electronic copies of claim records after an appropriate time after the distribution of the Net Settlement Fund.

_Kim R. Schmidt_
KIM R. SCHMIDT

Sworn to before me this  8th
day of June __, 2007
_Nancy Burleson_
Notary Public

Nancy Burleson
Notary Public - Minnesota
Washington County
My Commission Expires 01-31-2012

9

# Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

October xx, 2006

**RESPONSE DUE DATE: NOVEMBER xx, 2006**

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013»  «compute_0014»

**REQUEST FOR ADDITIONAL INFORMATION *** Claim No: «clm_no»**

Dear Claimant:

You have filed a Proof of Claim and Release ("claim") in the Network Engines, Inc. Securities Litigation which did not contain any transactional information. Therefore, we are enclosing another Proof of Claim form for you to properly fill out. You should list all Purchase(s) or Acquisition(s), Sale(s), and Holdings of Network Engines, Inc. Common Stock during the Class Period (November 6, 2003 through December 10, 2003).

You must also provide documentation supporting all Purchase(s) or Acquisition(s), Sale(s), and Holdings of Network Engines, Inc. Common Stock during the Class Period (November 6, 2003 through December 10, 2003).

**Documentation should be in the form of brokerage confirmation(s), month-end account statement(s), applicable year-end statement(s), letter from your broker or notarized statement showing claimant name, trade date(s), purchase/sale quantity and price, and total amount paid (including brokers' commissions, transfer taxes or other fees). Failure to provide the required documentation may result in the rejection of your claim in whole or in part.**

To ensure you receive the correct distribution, if any, from the Settlement Fund, you must return the completed Proof of Claim and Release along with the appropriate documentation, and a copy of this letter, by the Response Due Date to the address listed above. If you have any questions, please call us toll-free at (866) 216-0252.

Sincerely yours,

Claims Administrator

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

October xx, 2006

**RESPONSE DUE DATE:  NOVEMBER xx, 2006**

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013» «compute_0014»

**REQUEST FOR ADDITIONAL INFORMATION *** Claim No: «clm_no»**

Dear Claimant:

We have received and processed the Proof of Claim and Release ("claim") that you filed in the Network Engines, Inc. Securities Litigation.  However, we noted one or more deficiencies in the claim you submitted as follows:

(CLMT)  The documentation you provided does not match the "Name of Beneficial Owner" as submitted on your Proof of Claim.  Please explain in a letter to us the reason for this discrepancy.

IF YOU PURCHASED THE STOCK JOINTLY, all owners must sign and must appear on the claim and documentation.  If the securities were transferred to or are currently owned by you, you must advise us of such circumstances.  If one of the beneficial owners is deceased, you must provide a copy of the death certificate or a notarized letter stating such.

IF YOU ARE A BANK OR OTHER NOMINEE and you have filed this claim on behalf of an eligible beneficial owner, please resubmit documentation to support transactions for Network Engines Common Stock for the beneficial owner, listed above.  It may be that the documentation you submitted, if any, does not match the account name for which you submitted the claim.  If you only provided an account number, please identify the name of the beneficial owner.  You must submit documentation for the beneficial owner listed above.

**Documentation should be in the form of brokerage confirmation(s), month-end account statement(s), applicable year-end statement(s), letter from your broker or notarized statement showing claimant name, trade date(s), purchase/sale quantity and price, and total amount paid (including brokers' commissions, transfer taxes or other fees). Failure to provide the required documentation may result in the rejection of your claim in whole or in part.**

To ensure you receive the correct distribution, if any, from the Settlement Fund, you must return the appropriate documentation, along with a copy of this letter, by the Response Due Date to the address listed above.  If you have any questions, please call us toll-free at (866) 216-0252.  You may receive additional letters if other deficient conditions are identified in this claim.

Sincerely yours,

Claims Administrator

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

October xx, 2006

**RESPONSE DUE DATE: NOVEMBER xx, 2006**

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013» «compute_0014»

**REQUEST FOR ADDITIONAL INFORMATION *** Claim No: «clm_no»**

Dear Claimant:

We have received and processed the Proof of Claim and Release ("claim") that you filed in the Network Engines, Inc. Securities Litigation. However, we noted your claim does not balance (COUB) for claimed transactions in the Class Period.

Typically, securities held on the close of business on November 5, 2003, combined with securities purchased and/or acquired from November 6, 2003 through and including December 10, 2003, SHOULD EQUAL securities sold from November 6, 2003 through and including December 10, 2003 combined with securities held on the close of trading on December 10, 2003. Therefore, we are missing pertinent information on your claim. The Stock Balancing Report on the reverse side of this letter outlines the imbalance.

You must correct this imbalance by providing documentation for missing:

a)    Holdings of Network Engines Common Stock at the close of business on November 5, 2003;

b)    Purchase(s) or Acquisition(s) of Network Engines Common Stock during the Class Period (November 6, 2003 through December 10, 2003, inclusive);

c)    Sale(s) of Network Engines Common Stock from November 6, 2003 through December 10, 2003, inclusive; and/or

d)    Holdings of Network Engines Common Stock at the close of trading on December 10, 2003.

**Documentation should be in the form of brokerage confirmation(s), month-end account statement(s), applicable year-end statement(s), letter from your broker or notarized statement showing claimant name, trade date(s), purchase/sale quantity and price, and total amount paid (including brokers' commissions, transfer taxes or other fees). Failure to provide the required documentation may result in the rejection of your claim in whole or in part.**

To ensure you receive the correct distribution, if any, from the Settlement Fund, you must return the appropriate documentation, along with a copy of this letter, by the Response Due Date to the address listed above. If you have any questions, please call us toll-free at (866) 216-0252. You may receive additional letters if other deficient conditions are identified in this claim.

Sincerely yours,

Claims Administrator

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

## STOCK BALANCING REPORT

**CLAIM NUMBER:**

Name Line 1
Address Line 1
Address Line 2
City, State, Zip Code

**DESCRIPTION**
**QUANTITY**
(B) TOTAL SHARES HELD AT CLOSE OF BUSINESS ON NOVEMBER 5, 2003
    0.00
(P) TOTAL SHARES PURCHASESD DURING THE CLASS PERIOD (NOVEMBER 6, 2003 THROUGH DECEMBER 10,
2003)   0.00
(S) TOTAL SHARES SOLD DURING THE CLASS PERIOD (NOVEMBER 6, 2003 THROUGH DECEMBER 10, 2003)
    0.00
(U) TOTAL SHARES HELD AT CLOSE OF BUSINESS ON DECEMBER 10, 2003
    0.00

DIFFERENCE
    0.00

A POSITIVE "DIFFERENCE" AMOUNT MEANS:
YOUR PURCHASES (P) PLUS YOUR HOLDINGS (B) AT THE CLOSE OF BUSINESS ON NOVEMBER 5, 2003
EXCEED YOUR SALES (S) PLUS YOUR HOLDINGS (U) AT THE CLOSE OF TRADING ON DECEMBER 10,
2003. PLEASE PROVIDE US WITH ADDITIONAL INFORMATION AND DOCUMENTATION SO THAT (B) +
(P) = (S) + (U).

A NEGATIVE "DIFFERENCE" AMOUNT MEANDS:
YOUR SALES (S) PLUS YOUR HOLDINGS (U) AT THE CLOSE OF TRADING ON DECEMBER 10, 2003
EXCEED YOUR PURCHASES (P) PLUS YOUR HOLDINGS (B) AT THE CLOSE OF BUSINESS ON
NOVEMBER 5, 2003. PLEASE PROVIDE US WITH ADDITIONAL INFORMATION AND DOCUMENTATION
SO THAT (B) + (P) = (S) + (U).

TO ENSURE YOU RECEIVE THE CORRECT DISTRIBUTION, IF ANY, FROM THE SETTLEMENT FUND,
YOU MUST CORRECT THIS DISCREPANT CONDITION.

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

October xx, 2006

### RESPONSE DUE DATE:  NOVEMBER xx, 2006

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013»  «compute_0014»

**NOTICE OF INELIGIBILITY *** Claim No: «clm_no»**

Dear Claimant:

We have received and processed more than one Proof of Claim and Release ("claim") that you filed (or was filed on your behalf) in the Network Engines, Inc. Securities Litigation.  The claim number listed above is considered duplicative of a previously filed claim and is therefore considered ineligible.  The original claim (Claim Number <<orig_clm_no>>) has been processed in accordance with the terms and conditions of the Stipulation and Agreement of Settlement approved by the Court.

IF YOU AGREE WITH THIS DETERMINATION, you <u>do not</u> need to take any further action.

IF YOU DISAGREE WITH THIS DETERMINATION OF INELIGIBILITY, you must advise us in writing by the Response Due Date listed above.  Claimants whose claims have been rejected in whole or in part have the right to contest such rejection.  If contesting the rejection, you must, within twenty (20) days after the mailing of this notice, send us a notice and statement of reasons indicating your grounds for contesting the rejection, along with supporting documentation.  You must also request a review thereof by the Court.  If a dispute concerning this claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

Your response must include a copy of this letter, as well as documentation supporting your position. Documentation should be in the form of brokerage confirmation(s), month-end account statement(s), applicable year-end statement(s), letter from your broker or notarized statement showing claimant name, trade date(s), purchase/sale quantity and price, and total amount paid (including brokers' commissions, transfer taxes or other fees).

If you have any questions, please call us toll-free at (866) 216-0252.

Sincerely yours,

Claims Administrator

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

October  xx, 2006

**RESPONSE DUE DATE:  NOVEMBER xx, 2006**

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013»  «compute_0014»

**NOTICE OF INELIGIBLE TRANSACTION *** Claim No: «clm_no»**

Dear Claimant:

We have received and processed the Proof of Claim and Release ("claim") that you filed in the Network Engines, Inc. Securities Litigation.  The claim you submitted contained one or more transactions that are duplicative of other transactions filed in this claim or in a previously filed claim (LDUP). Therefore, the transactions listed on the reverse side of this letter are ineligible in accordance with the terms and conditions of the Stipulation and Agreement of Settlement approved by the Court.

IF YOU AGREE WITH THIS DETERMINATION, you <u>do not</u> need to take any further action.

IF YOU DISAGREE WITH THIS DETERMINATION OF INELIGIBILITY, you must advise us in writing by the Response Due Date listed above.  Claimants whose claims have been rejected in whole or in part have the right to contest such rejection.  If contesting the rejection, you must, within twenty (20) days after the mailing of this notice, send us a notice and statement of reasons indicating your grounds for contesting the rejection, along with supporting documentation.  You must also request a review thereof by the Court.  If a dispute concerning this claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

Your response must include a copy of this letter, as well as documentation supporting your position. Documentation should be in the form of brokerage confirmation(s), month-end account statement(s), applicable year-end statement(s), letter from your broker or notarized statement showing claimant name, trade date(s), purchase/sale quantity and price, and total amount paid (including brokers' commissions, transfer taxes or other fees).

If you have any questions, please call us toll-free at (866) 216-0252.

Sincerely yours,

Claims Administrator

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

## DUPLICATE TRANSACTIONS
## TRANSACTION LISTING
### CLAIM NUMBER:

| TRANSACTION TYPE | TRADE DATE | QUANTITY | PRICE | NET AMOUNT |
|---|---|---|---|---|
| section_cd | trade_dt | qty | price | net amt |

TOTAL NUMBER OF TRANSACTIONS:

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

October  xx, 2006

**RESPONSE DUE DATE:  NOVEMBER xx, 2006**

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013»  «compute_0014»

**NOTICE OF INELIGIBLE TRANSACTIONS*** Claim No: «clm_no»**

Dear Claimant:

We have received and processed the Proof of Claim and Release ("claim") that you filed in the Network Engines, Inc. Securities Litigation. The claim you submitted contained transactions for securities other than those that are eligible in accordance with the terms and conditions of the Stipulation and Agreement of Settlement approved by the Court.

Therefore, we have removed all transactions for ineligible securities from the claim submitted by you. The remainder of your claim will be calculated in accordance with the Plan of Allocation.

IF YOU AGREE WITH THIS DETERMINATION, you <u>do not</u> need to take any further action.

IF YOU DISAGREE WITH THIS DETERMINATION OF INELIGIBILITY, you must advise us in writing by the Response Due Date listed above. Claimants whose claims have been rejected in whole or in part have the right to contest such rejection. If contesting the rejection, you must, within twenty (20) days after the mailing of this notice, send us a notice and statement of reasons indicating your grounds for contesting the rejection, along with supporting documentation. You must also request a review thereof by the Court. If a dispute concerning this claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

Your response must include a copy of this letter, as well as documentation supporting your position. Documentation should be in the form of brokerage confirmation(s), month-end account statement(s), applicable year-end statement(s), letter from your broker or notarized statement showing claimant name, trade date(s), purchase/sale quantity and price, and total amount paid (including brokers' commissions, transfer taxes or other fees).

If you have any questions, please call us toll-free at (866) 216-0252.

Sincerely yours,

Claims Administrator

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

October xx, 2006

**RESPONSE DUE DATE:  NOVEMBER xx, 2006**

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013»  «compute_0014»

**NOTICE OF INELIGIBLE TRANSACTIONS *** Claim No: «clm_no»**

Dear Claimant:

We have received and processed the Proof of Claim and Release ("claim") that you filed in the Network Engines, Inc. Securities Litigation.  The claim you submitted contains transactions that are ineligible in accordance with the terms and conditions of the Stipulation and Agreement of Settlement approved by the Court for the following reason:

In order to be an eligible Class Member, you must have purchased or acquired Network Engines Common Stock during the Class Period (November 6, 2003 through December 10, 2003, inclusive).  In addition to purchases you claimed during the Class Period, the claim you submitted contained purchases or acquisitions and/or sales of Network Engines Common Stock outside the Class Period.  This may be due to the incorrect use of a settlement date rather than a trade date.  Please note: only transactions occurring during the Class Period will be used for the calculation of your claim in accordance with the Plan of Allocation.

IF YOU AGREE WITH THIS DETERMINATION, you <u>do not</u> need to take any further action.

IF YOU DISAGREE WITH THIS DETERMINATION OF INELIGIBILITY, you must advise us in writing by the Response Due Date listed above.  Claimants whose claims have been rejected in whole or in part have the right to contest such rejection.  If contesting the rejection, you must, within twenty (20) days after the mailing of this notice, send us a notice and statement of reasons indicating your grounds for contesting the rejection, along with supporting documentation.  You must also request a review thereof by the Court.  If a dispute concerning this claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

Your response must include a copy of this letter, as well as documentation supporting your position. Documentation should be in the form of brokerage confirmation(s), month-end account statement(s), applicable year-end statement(s), letter from your broker or notarized statement showing claimant name, trade date(s), purchase/sale quantity and price, and total amount paid (including brokers' commissions, transfer taxes or other fees).

If you have any questions, please call us toll-free at (866) 216-0252.

Sincerely yours,

Claims Administrator

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

October xx, 2006

**RESPONSE DUE DATE: NOVEMBER xx, 2006**

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013» «compute_0014»

**NOTICE OF INELIGIBILITY *** Claim No: «clm_no»**

Dear Claimant:

We have received and processed the Proof of Claim and Release ("claim") that you filed in the Network Engines, Inc. Securities Litigation. The claim you submitted is ineligible in accordance with the terms and conditions of the Stipulation and Agreement of Settlement approved by the Court for the following reason:

In order to be an eligible Class Member, you must have purchased or acquired Network Engines Common Stock during the Class Period (November 6, 2003 through December 10, 2003, inclusive). The Proof of Claim you submitted did not contain any eligible purchases or acquisitions of Network Engines Common Stock during the Class Period.

IF YOU AGREE WITH THIS DETERMINATION, you <u>do not</u> need to take any further action.

IF YOU DISAGREE WITH THIS DETERMINATION OF INELIGIBILITY, you must advise us in writing by the Response Due Date listed above. Claimants whose claims have been rejected in whole or in part have the right to contest such rejection. If contesting the rejection, you must, within twenty (20) days after the mailing of this notice, send us a notice and statement of reasons indicating your grounds for contesting the rejection, along with supporting documentation. You must also request a review thereof by the Court. If a dispute concerning this claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

Your response must include a copy of this letter, as well as documentation supporting your position. Documentation should be in the form of brokerage confirmation(s), month-end account statement(s), applicable year-end statement(s), letter from your broker or notarized statement showing claimant name, trade date(s), purchase/sale quantity and price, and total amount paid (including brokers' commissions, transfer taxes or other fees).

If you have any questions, please call us toll-free at (866) 216-0252.

Sincerely yours,

Claims Administrator

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

October xx, 2006

### RESPONSE DUE DATE:  NOVEMBER xx, 2006

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013»  «compute_0014»

### REQUEST FOR ADDITIONAL INFORMATION *** Claim No: «clm_no»

Dear Claimant:

We have received and processed the Proof of Claim and Release ("claim") that you filed in the Network Engines, Inc. Securities Litigation.  However, we noted the following deficiency in the claim you submitted:

(SIGN)  Missing signature for Claimant and/or Joint Claimant; or missing authority and/or capacity of person who signed the Proof of Claim and Release form. Please sign, or have both Joint Claimants sign below, and return this form to us at the address listed above.  If you are signing as an agent, you must submit evidence of authority and/or capacity.  Your signature(s) below will be treated as an execution of your previously submitted claim.  FAILURE TO PROVIDE THE REQUIRED SIGNATURE(S) MAY RESULT IN THE REJECTION OF YOUR CLAIM.

You must return this letter by the Response Due Date to the address listed above.  If you have any questions, please call us at (866) 216-0252.  You may receive additional letters if other deficient conditions are identified in this claim.

Sincerely yours,

*Claims Administrator*

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____          _____
(Signature - Owner)              Date          (Signature - Joint Owner)          Date


_____          _____
(Print Name & Capacity of Person(s) signing,          (Joint owner printed name)
 e.g. beneficial purchaser(s), administrator,
 Executor, trustee, etc.)

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

October xx, 2006

## RESPONSE DUE DATE: NOVEMBER xx, 2006

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013» «compute_0014»

**REQUEST FOR ADDITIONAL INFORMATION *** Claim No: «clm_no»**

Dear Claimant:

We have received and processed the Proof of Claim and Release ("claim") that you filed in the Network Engines, Inc. Securities Litigation. However, we noted the following deficiency in the claim you submitted:

(TIN) Missing Social Security Number or Employer Identification Number (SSN/EIN). Please fill in your Taxpayer ID number below, sign the form, and return it to us at the address listed above.

You must return this letter by the Response Due Date to the address listed above. If you have any questions, please call us toll-free at (866) 216-0252. You may receive additional letters if other deficient conditions are identified in this claim.

Sincerely yours,

Claims Administrator

_____          _____
Signature of Claimant                                    Taxpayer ID Number

_____          _____
Signature of Joint Claimant, if any                 Taxpayer ID Number

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

December    , 2006

**RESPONSE DUE DATE:  JANUARY    , 2007**

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013»  «compute_0014»

**SECOND REQUEST** FOR ADDITIONAL INFORMATION *** Claim No. «clm_no»

Dear Claimant:

We have received and processed the Proof of Claim and Release ("claim") that you filed in the Network Engines, Inc. Securities Litigation.  However, we noted one or more deficiencies in the claim you submitted as follows:

You failed to provide adequate documentation supporting your Holdings of Network Engines, Inc. Common Stock AT THE CLOSE OF TRADING on December 10, 2003 as listed on the reverse side of this page, and either did not respond to our previous request for additional information, or did not provide documentation to cure the deficient condition regarding your holding position within your Proof of Claim and Release. THE "UNSOLD" LINE INDICATES YOUR HOLDING POSITION AS OF DECEMBER 10, 2003 WHICH REMAINS UNDOCUMENTED. UNLESS PROPERLY DOCUMENTED, ALL CORRESPONDING PURCHASE(S) DURING THE CLASS PERIOD CAN NOT BE CALCULATED, AND THEREFORE WILL NOT BE PAID.

**Documentation should be in the form of any of the following: month-end account statement(s) (a December 2003 statement is preferred); applicable year-end statement(s); brokerage confirmation(s) indicating liquidation of shares after December 10, 2003; a letter from your broker; or a notarized statement showing claimant name and stock position at the close of trading on December 10, 2003.  Failure to provide the required documentation will result in the rejection of your claim in whole or in part.**

To ensure you receive the correct distribution, if any, from the Settlement Fund, you must return the appropriate documentation, along with a copy of this letter, by the Response Due Date to the address listed above.  You may receive additional letters if other deficient conditions are identified in this claim.

If you have any questions, please call us toll-free at (866) 216-0252.

Sincerely yours,

Claims Administrator

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

## DOCUMENTATION MISSING
## TRANSACTION LISTING
### CLAIM NUMBER:

| TRANSACTION TYPE | QUANTITY |
|---|---|
| section_cd | qty |

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

December , 2006

**RESPONSE DUE DATE: December      , 2006**

Dear Madam or Sir:

We have received and processed the Proof of Claim and Release Form ("claim") and/or the electronic data that you submitted in the Network Engines, Inc. Securities Litigation. The enclosed CD includes the <u>Electronic Data Submission – Deficiency Report</u> which contains claims that you filed electronically on behalf of your accounts or your clients, and the original electronic data that you submitted in the Network Engines, Inc. Securities Litigation.

The Deficiency Report contains <u>all</u> transactional information that you submitted for potentially eligible securities during the Class Period (November 6, 2003 through December 10, 2003, inclusive). Please note, there may be claims or transactions that are not eligible (e.g., does not meet eligibility requirements, or is duplicative of previously filed information, etc.). In addition, there may be claims or transactions that are currently deficient (e.g., missing information or documentation to support eligibility, etc.).

We suggest you review your internal records against all claim data including the deficient or ineligible conditions (in whole or in part) that are noted on this report. We have indicated such conditions (by the use of "flags", deficient/ineligible annotations, and transactions appearing in bold) on the respective claim records listed on the report. The enclosed "LEGEND" provides an explanation of these "flags" (which may affect the calculation of your claim) to assist in your review.

**PLEASE DO NOT RESEND ELECTRONIC FILES AS REPLACEMENT FILES AS THEY WILL NOT BE ACCEPTED.**

**Be sure to mail your response, if any, so that it is received no later than December      , 2006. Failure to respond to deficient conditions WILL result in disallowance of your claim or the portions of it that remain deficient. THIS IS THE ONLY NOTICE YOU WILL BE SENT IN THIS MATTER.**

If your claim (in whole or in part) has been deemed ineligible and IF YOU DISAGREE WITH THIS DETERMINATION OF INELIGIBILITY, you must advise us in writing by the Response Due Date listed above. Claimants whose claims have been rejected in whole or in part have the right to contest such rejection. If contesting the rejection, you must, within twenty (20) days after the date of mailing of this notice, send us a notice and statement of reasons indicating your grounds for contesting the rejection, along with supporting documentation. You must also request a review thereof by the Court. If a dispute concerning this claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

If you have any questions, please call us toll-free at (866) 216-0252.

Sincerely yours,

Claims Administrator

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

# LEGEND

*If the claim has been flagged with any of these codes, you must to do the following to fix it:*

| | |
|---|---|
| **COBD** | Purchases (P) plus Holdings on November 5, 2003 (B) do not equal Sales (S) plus Holdings on December 10, 2003 (U).  Please correct this imbalance by providing documentation for missing:<br><br>a)    (B) Holdings of Network Engines Common Stock at the close of business on November 5, 2003;<br>b)    (P) Purchase(s) or Acquisition(s) of Network Engines Common Stock during the Class Period (November 6, 2003 through December 10, 2003, inclusive);<br>c)    (S) Sale(s) of Network Engines Common Stock from November 6, 2003 through December 10, 2003, inclusive; and/or<br>d)    (U) Holdings of Network Engines Common Stock at the close of trading on December 10, 2003. |
| **PORD** | Price per share out of range by more than $0.75 for the trade date indicated.  Please provide hard copy documentation to support the transaction(s) or correct the supplied information. |
| **TIND** | Please provide the Social Security Number or Employer Identification Number (SSN/EIN) for this claim. |

*Claims with these codes are fully ineligible:*

| | |
|---|---|
| **DUPD** | Duplicate claim.  This claim has been deemed duplicative of a previously filed claim. |
| **OMNI** | Claim's transactions being claimed in an Omnibus account |
| **OUTD** | Your claim did not include any eligible securities purchased during the Class Period. |

*These transactions are ineligible; other portions of the claim may be eligible, if applicable:*

| | |
|---|---|
| **DELV** | Free Delivery Transaction – Loaded as Sale |
| **RECT** | Free Receipt Transaction – Loaded as Purchase |

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

February   , 2007

**RESPONSE DUE DATE:  MARCH   , 2007**

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013»  «compute_0014»

**FINAL NOTICE OF INELIGIBILITY *** Claim No: «clm_no»**

Dear Claimant:

We have received and processed the Proof of Claim and Release ("claim") that you filed in the Network Engines, Inc. Securities Litigation.  The claim you submitted is ineligible in accordance with the terms and conditions of the Stipulation and Agreement of Settlement approved by the Court for the following reason:

You failed to provide adequate documentation supporting your Holdings, Purchase(s) or Acquisition(s), and/or Sale(s) of Network Engines Common Stock during the Class Period (November 6, 2003 through December 10, 2003, inclusive), and either did not respond to our previous request for additional information, or did not adequately cure the deficient condition which exists within your Proof of Claim and Release.

Claimants whose claims have been rejected in whole or in part have the right to contest such rejection.  If contesting the rejection, you must, within twenty (20) days after the date of this notice, send us a notice and statement of reasons indicating your grounds for contesting the rejection, along with supporting documentation and a copy of this letter.  You must also request a review thereof by the Court.  If a dispute concerning this claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

If you have any questions, please call us toll-free at (866) 216-0252.

Sincerely yours,

Claims Administrator

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

February , 2007

## RESPONSE DUE DATE: MARCH , 2007

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013» «compute_0014»

**FINAL NOTICE OF INELIGIBILITY *** Claim No: «clm_no»**

Dear Claimant:

You have filed a Proof of Claim and Release ("claim") in the Network Engines, Inc. Securities Litigation which did not contain any transactional information, and you have failed to respond to our earlier letter regarding this deficiency. Therefore, the claim you submitted is ineligible in accordance with the terms and conditions of the Stipulation and Agreement of Settlement approved by the Court.

Claimants whose claims have been rejected in whole or in part have the right to contest such rejection. If contesting the rejection, you must, within twenty (20) days after the date of this notice, send us a notice and statement of reasons indicating your grounds for contesting the rejection, along with supporting documentation and a copy of this letter. You must also request a review thereof by the Court. If a dispute concerning this claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

If you have any questions, please call us toll-free at (866) 216-0252.

Sincerely yours,

Claims Administrator

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

February  , 2007

## RESPONSE DUE DATE: MARCH  , 2007

«compute_0007»
«compute_0008»
«compute_0009»«compute_0010»
«compute_0011»
«compute_0012», «compute_0013» «compute_0014»

**FINAL NOTICE OF INELIGIBLE TRANSACTIONS *** Claim No: «clm_no»**

Dear Claimant:

We have received and processed the Proof of Claim and Release ("claim") that you filed in the Network Engines, Inc. Securities Litigation.   The claim you submitted contains ineligible transactions in accordance with the terms and conditions of the Stipulation and Agreement of Settlement approved by the Court for the following reason:

You failed to provide adequate documentation supporting your Holdings, Purchase(s) or Acquisition(s), and/or Sale(s) of Network Engines, Inc. Common Stock, as listed on the reverse side of this page, during the Class Period (November 6, 2003 through December 10, 2003, inclusive) and either did not respond to our previous request for additional information, or did not cure the deficiency condition which exists within your Proof of Claim and Release.  As a result of this deficient condition, your claim is being rejected in whole or in part.

Claimants whose claims have been rejected in whole or in part have the right to contest such rejection.  If contesting the rejection, you must, within twenty (20) days after the date of this notice, send us a notice and statement of reasons indicating your grounds for contesting the rejection, along with supporting documentation and a copy of this letter. You must also request a review thereof by the Court.  If a dispute concerning this claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

If you have any questions, please call us toll-free at (866) 216-0252.

Sincerely yours,

Claims Administrator

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

## DOCUMENTATION MISSING
## TRANSACTION LISTING
### CLAIM NUMBER:

| TRANSACTION TYPE | TRADE DATE | QUANTITY | PRICE | NET AMOUNT |
|---|---|---|---|---|
| section_cd | trade_dt | qty | price | net amt |

TOTAL NUMBER OF TRANSACTIONS:

Exhibit A



In Re: Network Engines, Inc. Securities Litigation
c/o Rust Consulting, Inc., Claims Administrator
P.O. Box 8005
Huntington Station, NY 11746-8005
Phone: (866) 216-0252

April  , 2007

«compute_0007» «compute_0008»
«compute_0010»
«compute_0011»
«compute_0012», «compute_0013»  «compute_0014»

## FINAL DISPOSITION NOTICE *** Claim No.  «clm_no»

Dear Claimant:

We have received and processed the Proof of Claim that you filed in the Network Engines, Inc. Securities Litigation.  In accordance with the Plan of Allocation, approved by the United States District Court, District of Massachusetts, your Recognized Claim, as described more fully in the Notice previously sent to you, calculates to zero.

Therefore, you will not be entitled to receive any distribution from the Net Settlement Fund.

If you have any questions, please call us at (866) 216-0252.

Sincerely yours,

Claims Administrator

Exhibit A

## CERTIFICATE OF SERVICE

I, JOHN J. MILLS, hereby certify that, on June 12, 2007, a true copy of the foregoing "Affidavit of Kim R. Schmidt in Support of Motion for Distribution of Class Settlement Fund - Part 1" was served upon the attorneys of record for each party via ECF or hand delivery.

  /s/ John J. Mills    
John J. Mills
